## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation, and GOOGLE INC., a Delaware corporation,<br><br>            Plaintiffs,<br><br>   v.<br><br>GEOTAG, INC., a Delaware corporation,<br><br>            Defendant. | Civil Action No. |

### COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs Microsoft Corporation ("Microsoft") and Google Inc. ("Google") allege as follows:

### NATURE OF THE CASE

1. Plaintiffs seek a declaratory judgment that U.S. Patent No. 5,930,474 ("the '474 Patent") is invalid and is not infringed by the use of Plaintiffs' web mapping services. The relief is necessary because Defendant ("GeoTag") has sued more than 300 entities, claiming that they infringe the '474 Patent by using web mapping services, usually to show their store locations. Many of the defendants sued by GeoTag are customers of Plaintiffs. The suits have placed a cloud on Plaintiffs' web mapping services, have caused customers to seek relief from Plaintiffs, and have created a justiciable controversy between Plaintiffs and GeoTag.

### PARTIES

2. Plaintiff Microsoft Corporation is a Washington corporation, with its principal place of business located at One Microsoft Way, Redmond, WA 98052.

3. Plaintiff Google Inc. is a Delaware corporation, with its principal place of business located at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

4. On information and belief, Defendant GeoTag, Inc. ("Defendant") is a Delaware corporation with a place of business located at 555 Republic Drive, Suite 200, Plano, TX 75074.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 2201, 1331 and 1338(a) because this action arises under the patent laws, and seeks relief under the Federal Declaratory Judgment Act.

6. Venue is proper in this district pursuant to Title 28 U.S.C. §§ 1391 (b) and (c) because GeoTag is a Delaware corporation.

## HISTORY OF THE '474 PATENT

7. The '474 Patent issued to Z Land LLC of Santa Ana, California on July 27, 1999. The '474 Patent identifies the inventors as Peter D. Dunworth, John W. Veenstra and Joan Nagelkirk, all of California. On information and belief, John W. Veenstra was Chairman of the Board, Chief Executive Officer, and a director for Z Land LLC.

8. The '474 Patent has changed ownership at least 5 times. Assignees of the '474 Patent have included entities based in Liechtenstein, Switzerland, the West Indies, and the British Virgin Islands. On information and belief, John W. Veenstra has been involved with each transfer of the '474 Patent.

9. All on information and belief: An entity called Z Land, Inc. purported to be a successor in interest to the '474 Patent from Z Land LLC. Z Land, Inc. assigned the '474 Patent to Cityhub.com, Inc. of Aliso Viejo, California on or about August, 24, 1999. John W. Veenstra was President and Chief Executive Officer of Cityhub.com.

10. All on information and belief: Cityhub.com, Inc. assigned the '474 Patent to Labranza Est, a Liechtenstein trust, located in Schann, Liechtenstein on or about January 28, 2003. John W. Veenstra was associated with Labranza Est.

11. On information and belief: John W. Veenstra and Jason Galanis were involved in forming Yellowone Investments, an English Wales Corporation, with an office in Lugano-Agno, Switzerland, at least for the purpose of monetizing the '474 Patent.

12. On information and belief, Labranza Est assigned the '474 patent to Yellowone Investments on or about June 15, 2006.

13. All on information and belief: Yellowone Investments changed its name to Geomas (International) Limited in or about January 2007. John W. Veenstra was named Managing Director and Chief Innovation Officer for Geomas (International) Limited in or about February 2007.

14. All on information and belief: John W. Veenstra was Chief Executive Officer of GeoTag Management Group LLC, which was a licensee of the '474 Patent. GeoTag Management Group LLC sublicensed the '474 Patent to M2 International, Ltd. on or about July 1, 2008. M2 International, Ltd. sublicensed the '474 Patent to Zland America, Inc. Zland America, Inc. was a subsidiary of GeoTag Management Group LLC.

15. All on information and belief: Geomas (International) Limited assigned the '474 patent to M2 Global Ltd. of St. John's, Antigua on or about February 29, 2009. M2 International, Ltd. and M2 Global Ltd. were related entities. M2 Global Ltd. paid GeoMas an aggregate consideration of nearly $119M for the '474 Patent and some other intellectual property.

16. On information and belief, M2 Global, Ltd. changed its name to Ubixo Ltd. in or about April, 2010.

17. All on information and belief: Ubixo Inc. was formed as a British Virgin Islands subsidiary of Ubixo Ltd. on or about July 1, 2010. Ubixo Inc. was spun off from Ubixo Ltd. as a standalone, independent operating entity on or about July 12, 2010.

18. On information and belief, Ubixo Ltd. assigned the '474 patent to Ubixo Inc. on or about July 12, 2010.

19. On information and belief, Ubixo Inc. reincorporated as a Delaware corporation on or about July 16, 2010 and changed its name to GeoTag Inc.

20. On information and belief, John W. Veenstra became Chief Executive Officer of GeoTag in December 2010.

## GEOTAG'S BUSINESS

21. GeoTag has filed a Form S-1 Registration Statement with the Securities and Exchange Commission ("SEC") in preparation for offering shares in the company in an initial public offering.

22. GeoTag has filed a document entitled "Amendment No. 2 to Form S-1 Registration Statement" ("Amendment No. 2") with the SEC. In Amendment No. 2, GeoTag represents that it is "focused on licensing opportunities with companies whose web sites contain a geography-specific locator function (also known as a product locator, dealer locator or store locator). The companies whose websites utilize this function span a variety of industrial sectors. This function allows visitors of a company's website to conveniently find the closest location at which they can buy the company's particular products or services. The locator function may be found on the websites of manufacturers, wholesalers, retailers and service providers."

23. Further, in Amendment No. 2, GeoTag describes that "[o]ur primary business strategy is to license and enforce our patented technology."

**GEOTAG'S SUITS AGAINST MICROSOFT AND GOOGLE CUSTOMERS**

24. Plaintiffs Microsoft and Google each provide web-based mapping services to customers. Microsoft provides Bing Maps, and Google provides Google Maps (hereinafter "Mapping Services"). These Mapping Services allow customers to create customized maps for display on their websites. Many of Plaintiffs' customers use Mapping Services to display the locations of their retail stores or places of business.

25. GeoTag alleges to own the '474 Patent, entitled "Internet Organizer for Accessing Geographically and Topically Based Information." A copy of the '474 Patent is attached hereto as Exhibit A.

26. The '474 Patent relates generally to systems and methods that allow users to search a remote database that links varied "topics" to various geographic areas.

27. GeoTag has sued more than 300 entities, many of whom are Plaintiffs' customers, in ten separate complaints filed in the U.S. District Court for the Eastern District of Texas, Marshall Division (hereinafter the "Texas Actions"), including, but not limited to, civil action numbers 2:2010-cv-00569, 2:2010-cv-00570, 2:2010-cv-00571, 2:2010-cv-00572, 2:2010-cv-00573, 2:2010-cv-00574, 2:2010-cv-00575, 2:2010-cv-00587.

28. In the Texas Actions, GeoTag alleges infringement of the '474 Patent based on the named entities' websites "associating on-line information with geographic areas."

29. More specifically, GeoTag alleges infringement of the '474 Patent based on the use of Mapping Services to create store locators and similar locator services on websites.

30. Customers of Plaintiffs that are named as defendants in the Texas Actions have sought indemnity and defense from Plaintiffs relating to the Texas Actions.

31. Plaintiffs also face potentially new demands from additional customers who are currently being sued, or will be sued in the future, by GeoTag.

32. There is an actual controversy between Plaintiffs and GeoTag regarding whether customers infringe the '474 Patent by use of Microsoft's Bing Maps and Google's Google Maps for the purposes of store locator services, or other similar uses, and whether the '474 Patent is valid.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment of Patent Invalidity – 35 U.S.C. §§ 101 *et seq.*)

33. Plaintiffs reallege and incorporate paragraphs 1 to 32 as if fully set forth herein.

34. The '474 Patent is invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, one or more of §§ 101, 102, 103, and 112.

35. The '474 Patent is invalid because, among other things, there is prior art, not considered by the U.S. Patent and Trademark Office in issuing the patent, that anticipates the claims.

36. Plaintiffs seek and are entitled to a declaratory judgment that all claims in the '474 Patent are invalid.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment of Non-Infringement)

37. Plaintiffs reallege and incorporate paragraphs 1 to 36 as if fully set forth herein.

38. Plaintiffs provide Mapping Services to customers.

39. Defendant has asserted that customers of Plaintiffs' Mapping Services who create store locators and other locators on websites infringe the '474 Patent.

40. Such customers do not infringe any valid claim of the '474 Patent.

41.     Plaintiffs seek and are entitled to a declaratory judgment that customers of Plaintiffs' Mapping Services to provide store locators and the like do not infringe any valid claim of the '474 Patent.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the Court to enter judgment in their favor and against GeoTag as follows:

A.      For judgment that the '474 Patent, and each of the claims therein, are invalid;

B.      For judgment that customers of Microsoft's Bing Maps service, including the customers sued in the Texas Actions, do not infringe any valid claim of the '474 Patent;

C.      For judgment that customers of Google's Google Maps service, including the customers sued in the Texas Actions, do not infringe any valid claim of the '474 Patent;

D.      For a preliminary and permanent injunction precluding GeoTag, its officers, directors, employees, agents and all other persons acting in concert or participation with them from suing for infringement or otherwise asserting infringement of the '474 Patent against customers of Plaintiffs' Mapping Services for store locators or other locators on websites;

E.      For costs and reasonable attorneys' fees incurred in connection with this action; and

F.      For such other and further relief as the Court deems just.

| | |
|---|---|
| Dated: March 1, 2011 | By: */s/ Arthur G. Connolly, III* |

                                        Arthur G. Connolly, III (#2667)
                                        AConnollyIII@cblh.com
                                        Thatcher A. Rahmeier (#5222)
                                        TRahmeier@cblh.com
                                        CONNOLLY BOVE LODGE & HUTZ LLP
                                        The Nemours Building
                                        1007 North Orange Street
                                        P.O. Box 2207
                                        Wilmington, DE 19899-2207
                                        Tel: (302) 658-9141/Fax: (302) 658-5614

                                        Counsel for Plaintiffs
                                        MICROSOFT CORPORATION and
                                        GOOGLE, INC.

                                        Of Counsel:

                                        Ramsey M. Al-Salam
                                        RAlsalam@perkinscoie.com
                                        Christopher Kao
                                        CKao@perkinscoie.com
                                        Stevan Stark
                                        SStark@perkinscoie.com
                                        PERKINS COIE LLP
                                        1201 Third Avenue, Suite 4800
                                        Seattle, WA  98101-3099
                                        Tel:  (206) 359-8000/Fax:  (206) 359-9000