**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MICROSOFT CORPORATION and GOOGLE INC., <br><br> Plaintiffs, <br><br> - vs. - <br><br> GEOTAG, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) C.A. No. 1:11-cv-00175-RGA ) ) ) ) ) |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Defendant GeoTag, Inc. ("GeoTag") files this response to the Supplemental Memorandum in Opposition to Defendant's Motion to Dismiss filed by Plaintiffs Microsoft Corporation and Google Inc. ("Plaintiffs"). The "new facts" and "intervening legal authority" identified by Plaintiffs add nothing to the record already before the Court and do not support Plaintiffs' opposition to GeoTag's motion.

Plaintiffs point out that GeoTag recently has filed additional lawsuits accusing third parties of infringing United States Patent No. 5,930,474. The filing of these new lawsuits against new defendants, however, does not add anything material to the merits of GeoTag's pending motion to dismiss. Plaintiffs' unsubstantiated assertion that "[m]ost of the defendants use Google's and Microsoft's mapping services for their store and/or job locators" is no different from Plaintiffs' previous unsubstantiated assertions made in opposition to GeoTag's motion to dismiss.[1] An increase in the number of defendants sued by GeoTag which Plaintiffs assert use

---

[1] Plaintiffs have not submitted any evidence regarding which new defendants allegedly use their mapping services, or how such use makes this case eligible for the "customer suit exception."

**DEFENDANT'S RESPONSE TO PLAINTIFFS'
SUPPLEMENTAL MEMORANDUM IN
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**                                                                 Page 1

their mapping services adds nothing to Plaintiffs' arguments in opposition to GeoTag's motion to dismiss.

Plaintiffs fail to explain how the recent enactment of the Leahy-Smith America Invents Act restricting the joinder of defendants in patent infringement lawsuits "supports Google's and Microsoft's position that judicial efficiency is accomplished by allowing the instant case to proceed." Dkt. No. 25 at 2. The experience of the courts in the Eastern District of Texas with multi-defendant patent infringement cases has been just the opposite of what Plaintiffs contend. In *Parallel Networks, LLC v. Abercrombie & Fitch*, Civil Action No.6:10cv111 at 17 (E.D. Tex. August 12, 2011), involving a case with over 100 defendants, the court observed that, "[b]y all Defendants remaining in one case in one District, the Court was able to resolve the controversy in the most judicially economic manner sparing many other courts from repetitive work, and at the same time saving the parties very significant sums of money in attorneys fees.") Similarly, in *Uniloc USA, Inc. v. Sony Corporation of America*, Civil Action No. 6:10-CV-373 (E.D. Tex. Nov. 3, 2011), another case involving more than 100 defendants, the court emphasized that:

> The Court notes that despite the very vocal criticism of large multiple-defendant cases, this case in particular demonstrates that with willing parties, the Court can fashion a litigation process that attempts to successfully address the myriad concerns of all parties. As a result, this leads to efficient and economical resolution of these cases with regard to many Defendants without the need for expensive discovery. The Court can imagine the expense that each party may have borne had these cases been filed serially in far-flung venues across the nation. Not to mention—had these cases been filed serially across the nation—the concept of any *judicial* economy would have been severely undermined. The Court has also observed that many Defendants in these multiple party suits save significantly by sharing costs for, among other things, experts and third-party discovery vendors.

*Id*. at 6-7. Moreover, the judge presiding over the GeoTag litigation in Texas recently denied (without prejudice) a motion to stay the Texas litigation in deference to this litigation filed by

defendants claiming to use Microsoft and Google mapping services. *See* Exhibit A attached hereto. As GeoTag has previously pointed out, and as these recent decisions confirm, judicial efficiency will be enhanced by a dismissal or transfer of this action to allow the Texas GeoTag litigation, involving all of the defendants and the full scope of GeoTag's claims against them, to proceed in a single, consolidated proceeding.

As for Plaintiffs' "intervening legal authority," the Federal Circuit's decision in *Powertech Technology Inc. v. Tessera Inc.*, No. 2010-1489, 2011 WL 4526038, 100 U.S.P.Q.2d 1365 (Fed. Cir. Sept. 30, 2011) is simply a standard application of the "customer suit exception" involving facts clearly distinguishable from this litigation. In *Powertech*, the patentee Tessera sued various defendants for patent infringement based upon their importation and sale of certain semiconductor chips manufactured by the declaratory judgment plaintiff PTI pursuant to a license granted to it by Tessera. The defendants sued by Tessera were mere resellers of the accused product manufactured by PTI. The customer suit action exception was found applicable to such a reseller scenario when the first suit is filed against a customer who is a mere reseller of the accused goods, while the second suit is a declaratory action brought by the manufacturer of the accused goods. *SeeAir Products and Chems.Inc.v. MG Nitrogen Servs, Inc.*, 133 F. Supp. 2d 354, 357 (D. Del. 2001). The GeoTag litigation does not involve a reseller scenario. GeoTag has not sued defendants on the basis that they have infringed the `474 patent by reselling a product manufactured by Plaintiffs.

Thus, because Plaintiffs' supplemental memorandum does not present any new, material information regarding GeoTag's motion to dismiss, the Court should grant the Defendant's motion to dismiss (D.I. 10).

Dated:  December 2, 2011             Respectfully submitted,

**MORRIS JAMES LLP**

By:  */s/ Kenneth L. Dorsney*
Kenneth L. Dorsney (#3726)
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801
(302) 888-6800
kdorsney@morrisjames.com

**BUETHER JOE & CARPENTER, LLC**

Christopher M. Joe
State Bar No. 00787770
Chris.Joe@BJCIPLaw.com
Eric W. Buether
State Bar No. 03316880
Eric.Buether@BJCIPLaw.com
Brian A. Carpenter
State Bar No. 03840600
Brian.Carpenter@BJCIPLaw.com
Mark D. Perantie
State Bar No. 24053647
Mark.Perantie@BJCIPLaw.com
Niky Bukovcan
WA State Bar No. 39403
Niky.Bukovcan@BJCIPLaw.com

1700 Pacific Avenue
Suite 2390
Dallas, Texas 75201
Telephone:     (214) 466-1272
Facsimile:      (214) 635-1828

**ATTORNEYS FOR DEFENDANT GEOTAG, INC.**

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GEOTAG, INC., <br>    Plaintiff, <br><br> v. <br><br> GEORGIO ARMANI S.P.A., et al., <br>    Defendants. | § § § § § § § § | CIVIL ACTION NO. 2:10-CV-569 |
| GEOTAG, INC., <br>    Plaintiff, <br><br> v. <br><br> AROMATIQUE, INC., et al., <br>    Defendants. | § § § § § § § § | CIVIL ACTION NO. 2:10-CV-570 |
| GEOTAG, INC., <br>    Plaintiff, <br><br> v. <br><br> GUCCI AMERICA, INC., et al., <br>    Defendants. | § § § § § § § § | CIVIL ACTION NO. 2:10-CV-571 |
| GEOTAG, INC., <br>    Plaintiff, <br><br> v. <br><br> STARBUCKS CORP., et al., <br>    Defendants. | § § § § § § § § § § § § | CIVIL ACTION NO. 2:10-CV-572 |

1

| | | |
|---|---|---|
| GEOTAG, INC., <br> Plaintiff, <br><br> v. <br><br> RENT-A-CENTER, INC., et al., <br> Defendants. | § § § § § § § § § § § § § | CIVIL ACTION NO. 2:10-CV-573 |
| GEOTAG, INC., <br> Plaintiff, <br><br> v. <br><br> THE WESTERN UNION CO., et al., <br> Defendants. | § § § § § § § § § § § § § | CIVIL ACTION NO. 2:10-CV-574 |
| GEOTAG, INC., <br> Plaintiff, <br><br> v. <br><br> ROYAL PURPLE, INC., et al., <br> Defendants. | § § § § § § § § § § § § § | CIVIL ACTION NO. 2:10-CV-575 |
| GEOTAG, INC., <br> Plaintiff, <br><br> v. <br><br> YAKIRA, LLC, et al., <br> Defendants. | § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 2:10-CV-587 |

| | | |
|---|---|---|
| GEOTAG, INC., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:11-CV-175 |
| | § | |
| WHERE 2 GET IT, INC., et al., | § | |
|     Defendants. | § | |

**O R D E R**

Before the Court is the Moving Defendants' ("Movants'") Joint Motion to Stay, filed by the defendants set forth in Appendix I to the motion. No. 2:10-cv-569, Dkt. No. 48;[1] No. 2:10-cv-570, Dkt. No. 269; No. 2:10-cv-571, Dkt. No. 232; No. 2:10-cv-572, Dkt. No. 228; No. 2:10-cv-573, Dkt. No. 163; No. 2:10-cv-574, Dkt. No. 302; No. 2:10-cv-575, Dkt. No. 330; No. 2:10-cv-587, Dkt. No. 162; No. 2:11-cv-175, Dkt. No. 135. Also before the Court are Plaintiff GeoTag, Inc's ("GeoTag's") response and Movants' reply. The Court held a hearing on November 9, 2011. Having considered the briefing, oral arguments of counsel, and all relevant papers and pleadings, the Court finds that Movants' motion to stay should be DENIED WITHOUT PREJUDICE.

**I. DISCUSSION**

GeoTag has filed suit in the Eastern District of Texas asserting U.S. Patent No. 5,930,474 ("the '474 Patent") in multiple civil actions against more than 500 defendants. The nine above-captioned cases are among them. The '474 Patent relates to a "software interface" that may provide a "map of a selected geographical area" such that "information which is associated with particular geographic locations," such as "goods and services," "can be readily accessed." '474 Patent at Abstract. During oral argument, Movants' counsel represented that 81 defendants in

---

[1] References to docket numbers herein shall be to Civil Action No. 2:10-cv-569 unless otherwise indicated.

the above-captioned cases are urging the present motion.

Movants request a stay pursuant to the "customer suit exception" to the first-to-file rule. *See, e.g., Tegic Commc'ns Corp. v. Bd. of Regents of the Univ. of Tex. Sys.*, 458 F.3d 1335, 1343 (Fed. Cir. 2006). Movants submit their cases should be stayed pending the outcome of later-filed declaratory judgment actions, filed by Microsoft, Google, and Where 2 Get It, Inc. ("W2GI") in the District of Delaware, which Movants characterize as "manufacturer suits." Movants argue that because they merely license the relevant software from Microsoft, Google, or W2GI, the manufacturer suits may resolve the above-captioned cases, such as through findings of invalidity or unenforceability. Movants rely on declarations regarding the functionality of the systems at issue in the Delaware actions. *See, e.g.,* Dkt. No. 48 at Exs. C & D.

Movants urged during oral argument that a stay of the "customer" suits would address, as Movants put it, Plaintiff's "goal of leveraging these unmanageable [customer] lawsuits into cost-of-defense settlements." Finally, Movants cited the recent decision by the Court of Appeals for the Federal Circuit in *Spread Spectrum Screening LLC v. Eastman Kodak Co.* for the proposition that "the manufacturer's case need only have the potential to resolve the 'major issues' concerning the claims against the customer—not every issue—in order to justify a stay of the customer suits." 657 F.3d 1349, 1358 (Fed. Cir. 2011) (citation omitted).

GeoTag responds that Movants fail to provide evidence that they are "customers" of Google, Microsoft, or W2GI or that those entities have been "providers" of the accused methods and systems during the potential damages period. Dkt. No. 51 at 1. Movants purportedly admit that some of the named defendants in cases pending in this Court are "providers," and GeoTag argues "[i]t would make no sense to stay these cases under the 'customer exception' if the alleged

4

'Provider' is already a party to these cases." *Id.* at 5. In sum, GeoTag argues that "Movants make sweeping allegations without factual support." *Id.* at 6.

During oral argument, Plaintiff stated it is not accusing use of, for example, the products of Microsoft, Google, and W2GI. Instead, Plaintiff submitted, it accuses each defendant's specific implementation of a "locator" or "finder" database management system that involves "geographical hierarchies," a search engine, and results sorted according to the geographical hierarchies. Plaintiff urged that the customer suit exception is designed to apply to "mere resellers" of manufactured goods, not to the unique systems and methods of each putative "customer." Plaintiff also noted, as Movants stated during argument, that Microsoft will be indemnifying its customers and will therefore be involved in the above-captioned cases.

Movants reply that "GeoTag's response is based solely on the claimed lack of evidence provided by Movants." Dkt. No. 62 at 3. Movants emphasize the "survey conducted by Movants to show that 64% of the total number of Defendants across all the Texas actions are customers of the Providers [(Microsoft, Google, and W2GI)] and use the Providers' web-mapping and location-based services." *Id.* at 4. As to what is accused, Movants reply that "[n]owhere in GeoTag's pleadings in Texas or Delaware . . . does it allege that its infringement contentions may include more than the locator services on Defendants' websites. Tellingly, Geotag is thereafter silent on just *what else* is being accused." *Id.* at 5. Finally, Movants reiterate that "if the stay is granted, Movants agree to be bound by the final determination of validity or invalidity in the pending Declaratory Judgment Action" in Delaware. *Id.* at 9.

On balance, Movants' motion is premature, as evidenced by the parties' disagreement about the scope of GeoTag's infringement allegations. The Local Patent Rules provide for

5

infringement contentions as a mechanism to avoid or resolve this type of dispute. *See* P.R. 3-1 ("Disclosure of Asserted Claims and Infringement Contentions"). Because the above-captioned cases are at an early stage, GeoTag has not yet been required to serve infringement contentions.

Also, by contemporaneous Order, the Court is ordering all parties in the above-captioned cases (as well as two other cases filed by GeoTag) to further meet and confer regarding case management issues and to file a case management proposal (or competing proposals). The Court can better address a motion to stay after the parties file a case management proposal.

Movants' motion should therefore be DENIED WITHOUT PREJUDICE to re-filing, if desired, after Geotag has served infringement contentions for all of the above-captioned cases *and* the parties have submitted case management proposals.

## II. CONCLUSION

Movants' Joint Motion to Stay (No. 2:10-cv-569, Dkt. No. 48; No. 2:10-cv-570, Dkt. No. 269; No. 2:10-cv-571, Dkt. No. 232; No. 2:10-cv-572, Dkt. No. 228; No. 2:10-cv-573, Dkt. No. 163; No. 2:10-cv-574, Dkt. No. 302; No. 2:10-cv-575, Dkt. No. 330; No. 2:10-cv-587, Dkt. No. 162; No. 2:11-cv-175, Dkt. No. 135) is hereby **DENIED WITHOUT PREJUDICE** to re-filing, if desired, after Geotag has served infringement contentions for all of the above-captioned cases *and* the parties have submitted case management proposals.

**IT IS SO ORDERED.**

**SIGNED this 14th day of November, 2011.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE