IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICROSOFT CORPORATION, and GOOGLE INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 11-cv-175-RGA |
| GEOTAG, INC., | ) ) | JURY TRIAL DEMANDED |
| Defendant and Counterplaintiff. | ) ) ) | |

**DEFENDANT GEOTAG, INC.'S ANSWER AND COUNTERCLAIMS**

GeoTag, Inc. ("GeoTag") responds to the allegations in the Complaint filed by Plaintiffs Microsoft Corporation ("Microsoft") and Google, Inc. ("Google") (collectively "Plaintiffs") and alleges counterclaims as set forth below. Unless specifically admitted below, GeoTag denies each and every allegation set forth in the Amended Complaint.

**ANSWER**

GeoTag answers the Complaint on a paragraph by paragraph basis as follows:

1. GeoTag admits that Plaintiffs seek a declaratory judgment that U.S. Patent No. 5,930,474 (the "'474 Patent") is invalid and is not infringed by the use of Plaintiffs' web mapping services. GeoTag denies the remainder of the allegations of Paragraph 1 of the Complaint.

2. GeoTag admits the allegations contained in Paragraph 2 of the Complaint.

3. GeoTag admits the allegations contained in Paragraph 3 of the Complaint.

4. GeoTag admits that, at the time of the filing of the Complaint, the allegations contained in Paragraph 4 of the Complaint were true. GeoTag presently denies such allegations.

5. GeoTag denies the allegations contained in Paragraph 5 of the Complaint.

6. GeoTag denies the allegations contained in Paragraph 6 of the Complaint.

7. GeoTag admits the allegations contained in Paragraph 7 of the Complaint.

8. GeoTag admits the allegations contained in first two sentences of Paragraph 8 of the Complaint.  GeoTag denies the allegations contained in the third sentence of Paragraph 8.

9. GeoTag admits the allegations contained in Paragraph 9 of the Complaint.

10. GeoTag admits the allegations contained in the first sentence of Paragraph 10 of the Complaint.  GeoTag denies the allegation contained in the last sentence of Paragraph 10.

11. GeoTag denies the allegations contained in Paragraph 11 of the Complaint.

12. GeoTag admits the allegations contained in Paragraph 12 of the Complaint.

13. GeoTag admits the allegations contained in the first sentence of Paragraph 13 of the Complaint.  GeoTag denies the allegations contained in the last sentence of Paragraph 13.

14. GeoTag admits the allegations contained in the first sentence of Paragraph 14 of the Complaint.  GeoTag denies the allegations contained in the second, third, and last sentences of Paragraph 14.

15. GeoTag admits the allegations contained in Paragraph 15 of the Complaint.

16. GeoTag admits the allegations contained in Paragraph 16 of the Complaint.

17. GeoTag admits the allegations contained in Paragraph 17 of the Complaint.

18. GeoTag admits the allegations contained in Paragraph 18 of the Complaint.

19. GeoTag admits the allegations contained in Paragraph 19 of the Complaint.

20. GeoTag admits the allegations contained in Paragraph 20 of the Complaint.

21. GeoTag admits the allegations contained in Paragraph 21 of the Complaint.

22. GeoTag admits the allegations contained in Paragraph 22 of the Complaint.

23. GeoTag admits the allegations contained in Paragraph 23 of the Complaint.

24. GeoTag admits the allegations that "Plaintiffs Microsoft and Google each provide web-based mapping services to customers. Microsoft provides Bing Maps, and Google provides Google Maps." GeoTag does not have knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 24 of the Second Amended Complaint and, therefore, deny the same.

25. GeoTag admits the allegations contained in Paragraph 25 of the Complaint.

26. GeoTag denies the allegations contained in Paragraph 26 of the Complaint.

27. GeoTag admits that it has sued numerous entities for infringement of the '474 patent in several lawsuits, including the lawsuits identified in Paragraph 27 of the Complaint. GeoTag does not have knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 27 of the Second Amended Complaint and, therefore, deny the same.

28. GeoTag denies the allegations contained in Paragraph 28 of the Complaint.

29. GeoTag denies the allegations contained in Paragraph 29 of the Complaint.

30. GeoTag does not have knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 30 of the Second Amended Complaint and, therefore, deny the same.

31. GeoTag does not have knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations of Paragraph 31 of the Second Amended Complaint and, therefore, deny the same.

32. GeoTag denies the allegations contained in Paragraph 32 of the Complaint.

33. GeoTag incorporates and re-alleges its responses to paragraphs 1 through 32 of the Complaint.

34. GeoTag denies the allegations contained in Paragraph 34 of the Complaint.

35. GeoTag denies the allegations contained in Paragraph 35 of the Complaint.

36. GeoTag denies the allegations contained in Paragraph 36 of the Complaint.

37. GeoTag incorporates and re-alleges its responses to paragraphs 1 through 36 of the Complaint.

38. GeoTag denies the allegations contained in Paragraph 38 of the Complaint.

39. GeoTag denies the allegations contained in Paragraph 39 of the Complaint.

40. GeoTag denies the allegations contained in Paragraph 40 of the Complaint.

41. GeoTag denies the allegations contained in Paragraph 41 of the Complaint.

42. GeoTag denies that Plaintiffs are entitled to any of the relief sought in their Request for Relief.

## COUNTERCLAIMS AGAINST MICROSOFT

1. Counterplaintiff GeoTag, Inc. ("GeoTag") for its counterclaims against Counterdefendant Microsoft ("Microsoft") states as follows:

2. These counterclaims arise under the Patent Laws of the United States, Title 35 U.S.C. § 100 *et seq*. The Court's jurisdiction over the subject matter of these counterclaims is based on 28 U.S.C. § 1338.

3. Counterplaintiff GeoTag, Inc. is a Texas corporation with a place of business in Frisco, Texas.

4. On July 27, 1999, United States Patent No. 5,930,474 ("the '474 Patent") was duly and legally issued. The '474 is titled "Internet Organizer for Accessing Geographically and Topically Based Information" and is directed to a software interface which organizes information based on the geographical area of the resources about which the information is desired. A true

and correct copy of the '474 Patent is attached hereto as Exhibit "A" and incorporated herein by reference. Generally, the '474 Patent discloses systems and methods for integrating geographically organized data with topical data to help Internet users find information on the Internet quickly and efficiently. The invention also allows a seller to make his goods or services available upon a user-search predicated on varying geographic levels (*e.g.,* city, state, *etc.*).

5. By assignment, GeoTag owns all title, rights and interests in the '474 patent-in-suit, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '474 Patent.

6. Microsoft has alleged that customers of its "Mapping Services" have been sued by GeoTag for infringement of the '474 Patent "based on the use of Mapping Services to create store locators and similar locator services on websites." Microsoft has further alleged that some of these customers have "sought indemnity and defense" from it based upon such allegations and that there is an actual controversy between Microsoft and GeoTag regarding whether "customers infringe the '474 Patent by use of Microsoft's Bing Maps . . . for the purposes of store locator services, or other similar uses." To the extent that Microsoft has made internal use of the inventions claimed in the '474 Patent for the purposes of providing store locator services, such as, but not limited to, internal testing of any store locator services provided by it to any customers of its "Mapping Services," then Microsoft has infringed the '474 patent.

7. GeoTag's claim of infringement of the '474 Patent against Microsoft relating to the provision store locator services to any of its customers is based only upon Microsoft's internal use of the inventions claimed by the '474 patent and is not based upon Microsoft's sale or distribution of any store locator services to any third party, including any other person who has been sued by GeoTag for infringement of the '474 patent.

8.      Microsoft has been and now is directly infringing the '474 patent in violation of 35 U.S.C. § 271 by using in the United States systems and methods for integrating geographically organized data with topical data, including, but not limited to, the following systems and methods:

    (a)    the Bing geographic location search engine (http://www.bing.com/);

    (b)    the Bing images search engine (http://www.bing.com/images);

    (c)    the Bing local search engine (http://www.bing.com/local);

    (d)    the Bing news search engine (http://www.bing.com/news);

    (e)    the Bing maps search engine (http://www.bing.com/maps);

    (f)    the Bing local news search engine (http://www.bing.com/news/search?q=&p1=%5bNewsVertical+Category%3d%22rt_Local%22%5d&FORM=R5FD2);

    (g)    the Bing travel search engine (http://www.bing.com/travel);

    (h)    the Bing events search engine (http://www.bing.com/events);

    (i)    the Bing shopping search engine (http://www.bing.com/shopping);

    (j)    the Bing deals search engine (http://www.bing.com/shopping/deals);

    (k)    the Bing weekly ads search engine (http://www.bing.com/shopping/deals/circular);

    (l)    the Bing movies search engine (http://www.bing.com/movies);

    (m)    the Bing weather search engine (http://www.bing.com/weather);

    (n)    the Bing autos search engine (http://www.bing.com/autos);

    (o)    the Bing mobile ads search engine (https://adcenter.microsoft.com/Campaign/NewCampaign);

    (p)    the Bing web text ad search engine (https://adcenter.microsoft.com/Campaign/NewCampaign);

    (q)    the Bing TV search engine (http://www.bing/com/tv); and

(r)     the Microsoft careers feature (https://careers.microsoft.com).

9.     GeoTag has been damaged as a result of Microsoft's infringing conduct. Defendants are thus liable to GeoTag for damages in an amount that adequately compensates for Microsoft's infringement, *i.e.*, in an amount that by law cannot be less than would constitute a reasonable royalty for the use of the patented technology, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

10.    In addition, Microsoft's infringement has been willful thus entitling GeoTag to additional damages as authorized by 35 U.S.C. §284.

11.    Upon information and belief, Microsoft will continue its infringement of one or more claims of the '474 Patent unless enjoined by the Court. Microsoft's infringing conduct thus causes GeoTag irreparable harm and will continue to cause such harm without the issuance of an injunction.

## COUNTERCLAIMS AGAINST GOOGLE

12.    Counterplaintiff GeoTag for its counterclaims against Counterdefendant Google ("Google") states as follows:

13.    These counterclaims arise under the Patent Laws of the United States, Title 35 U.S.C. § 100 *et seq*. The Court's jurisdiction over the subject matter of these counterclaims is based on 28 U.S.C. § 1338.

14.    Plaintiff GeoTag is a Texas corporation with a place of business in Frisco, Texas.

15.    On July 27, 1999, United States Patent No. 5,930,474 ("the '474 Patent") was duly and legally issued. The '474 is titled "Internet Organizer for Accessing Geographically and Topically Based Information" and is directed to a software interface which organizes information based on the geographical area of the resources about which the information is desired. A true

and correct copy of the '474 Patent is attached hereto as Exhibit "A" and incorporated herein by reference.  Generally, the '474 Patent discloses systems and methods for integrating geographically organized data with topical data to help Internet users find information on the Internet quickly and efficiently.  The invention also allows a seller to make his goods or services available upon a user-search predicated on varying geographic levels (*e.g.,* city, state, *etc.*).

16. By assignment, GeoTag owns all title, rights and interests in the '474 patent-in-suit, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '474 Patent.

17. Google has alleged that customers of its "Mapping Services" have been sued by GeoTag for infringement of the '474 Patent "based on the use of Mapping Services to create store locators and similar locator services on websites."  Google has further alleged that some of these customers have "sought indemnity and defense" from it based upon such allegations and that there is an actual controversy between Google and GeoTag regarding whether "customers infringe the '474 Patent by use of "Google's 'Google Maps' service for the purposes of store locator services, or other similar uses."  To the extent that Google has made internal use of the inventions claimed in the '474 Patent for the purposes of providing store locator services, such as, but not limited to, internal testing of any store locator services provided by it to any customers of its "Mapping Services," then Google has infringed the '474 patent.

18. GeoTag's claim of infringement of the '474 Patent against Google relating to the provision store locator services to any of its customers is based only upon Google's internal use of the inventions claimed by the '474 patent and is not based upon Google's sale or distribution of any store locator services to any third party, including any other person who has been sued by GeoTag for infringement of the '474 patent.

19. Google has been and now is directly infringing the '474 patent in violation of 35 U.S.C. § 271 by using in the United States systems and methods for integrating geographically organized data with topical data, including, but not limited to, the following systems and methods:

(a) Google Ad Words (https://adwords.google.com);

(b) Google Adwords Express;

(c) Google Maps (http://www.google.com/maps);

(d) Google Places http://www.google.com/places/;

(e) Google Public Alerts (www.google.org/publicalerts);

(f) Google latitude (www.google.com/latitudes);

(g) Google Analytics (www.google.com/latitudes);

(h) Google Offers (http://www.google.com/offers);

(i) Google TV;

(j) Google + (https://plus.google.com);

(k) Google Search (www.google.com);

(l) Google News (www.google.com/news); and

(m) Panaramio (www.panaramio.com).

20. GeoTag has been damaged as a result of Google's infringing conduct. Google is thus liable to GeoTag for damages in an amount that adequately compensates for Google's infringement, *i.e.*, in an amount that by law cannot be less than would constitute a reasonable royalty for the use of the patented technology, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

21. In addition, Google's infringement has been willful thus entitling GeoTag to additional damages as authorized by 35 U.S.C. § 284.

22. Upon information and belief, Google will continue its infringement of one or more claims of the '474 Patent unless enjoined by the Court. Google's infringing conduct thus causes GeoTag irreparable harm and will continue to cause such harm without the issuance of an injunction.

## JURY DEMAND

GeoTag hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, GeoTag respectfully requests that the Court find in its favor and against Microsoft and Google, and that the Court grant GeoTag the following relief via entry of a final judgment that:

1. Microsoft and Google have infringed the patents-in-suit;

2. Microsoft and Google account for and pay to GeoTag all damages caused by their respective infringement of the patents-in-suit; and

3. GeoTag be granted pre-judgment and post-judgment interest on the damages caused to it by reason of one or more of Microsoft's and Google's patent infringement;

4. The Court declare this an exceptional case and that GeoTag be granted its reasonable attorneys' fees in accordance with 35 U.S.C. § 285;

5. Costs be awarded to GeoTag; and

6. GeoTag be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: February 13, 2012                    By:  */s/ Kenneth L. Dorsney*
                                                 Kenneth L. Dorsney (#3726)
                                                 MORRIS JAMES LLP
                                                 500 Delaware Avenue, Suite 1500
                                                 Wilmington, DE  19801
                                                 (302) 888-6800
                                                 kdorsney@morrisjames.com

                                                 *Attorneys for Defendant Geotag, Inc.*