```
 1                   UNITED STATES DISTRICT COURT

 2                   FOR THE DISTRICT OF DELAWARE

 3

 4    MICROSOFT CORORATION &         :    CA NO. 11-175-RGA

 5    GOOGLE INC                     :    FEBRUARY 23, 2012

 6                                   :

 7               Plaintiffs,         :    11:00 O'Clock

 8                                   :

 9    v.                             :

10                                   :

11    GEOTAG INC                     :

12                                   :

13               Defendant,         :

14    ............................

15

16

17              TRANSCRIPT OF RULE 16 CONFERENCE

18         BEFORE THE HONORABLE RICHARD G. ANDREWS

19              UNITED STATES DISTRICT JUDGE

20

21

22    APPEARANCES:

23

24    For Plaintiffs:    CONNOLLY, BOVE, LODGE & HUTZ

25                       BY: ARTHUR G. CONNOLLY, III, ESQ
```

```
 1                              -and-

 2                       PERKINS COIE, LLP

 3                       BY:  RAMSEY M. AL-SALAM, ESQ

 4

 5

 6   For Defendant:      MORRIS JAMES, LLP

 7                       BY:  MARY MATTERER, ESQ

 8                            -and-

 9                       BUETHER, JOE & CARPENTER

10                       BY:  CHRISTOPHER M. JOE, ESQ

11

12

13

14

15

16   Court Reporter:     LEONARD A. DIBBS

17                       Official Court Reporter

18

19

20

21

22

23

24

25
```

1

2                    P R O C E E D I N G S

3           THE COURT:  Good morning, this is Richard Andrews.

4           How are you all, today.

5           MR. CONNOLLY:  Fine.  Thank you.

6           THE COURT:  I gather we have some people on the line?

7           MS. MATTERER:  Yes, we do.

8           THE COURT:  This is the Rule 16 Conference for

9    Microsoft et al versus GeoTag, Civil Action 11-175.

10          Mr. Connolly, I gather you have Mr. Al-Salam whom I

11   met?  And is Mr. Kao on the line?

12          MR. CONNOLLY:  Actually, I thought Mr. Kao would be,

13   but he's not.  It is Just Ramsey Al-Salam who is on the line.

14          THE COURT:  Good morning, Al-Salam.

15          MR. AL-SALAM:  Good morning, your Honor.

16          MS. MATTERER:  This is Mary Matterer for the defendant,

17   GeoTag.  I have with me on the line Christopher Joe from

18   Buether, Joe and Carpenter in Texas.

19          THE COURT:  Good morning, Mr. Joe.  I've seen your

20   partner Mr. Buether before.

21          I don't think you were with him.

22          MR. JOE:  That's correct, your Honor.  Good morning.

23          Mr. Buether had to give a speech this morning at his

24   alumni at the University of Chicago.  I'm standing in his place.

25          THE COURT:  I'm sure you'll do a perfectly fine job.

1          In any event, it's good to have you on the line.

2          As I recall, Mr. Al-Salam, you're in Washington, D. C,

3     right.

4          MR. AL-SALAM:  No, your Honor.  Seattle, Washington.

5          THE COURT:  That's reason why its always good to ask.

6          I hope we didn't get you up too early.  I've got the

7     Rule 16 that you all have worked on.  I appreciate that you

8     worked on it.

9          I've got some ideas as to what I think about most of

10    the things that you have in dispute.  I thought it would be

11    worthwhile to first off just find out whether there's anything

12    going on in the Eastern District of Texas that either of you

13    think that I should know about my understanding of the status in

14    the Eastern District of Texas as in the locator cases.

15         Both GeoTag and the locator defendants have proposed

16    case management orders that don't fully agree, I believe.  I'll

17    let Mr. Joe characterize GeoTag's request.

18         As I understand it, the GeoTag request is that the case

19    proceeds against the customers of Microsoft and Google and be

20    stayed at least to some extent against the other defendants.

21         While the defendants have proposed in accordance with

22    what Judge Folsom had requested an expedite Markman and Summary

23    Judgment schedule, sometimes referred to as a mini-Markman, the

24    defendants have also moved to stay the litigation pending the

25    resolution of this case.

1          That's my broad understanding of the status.

2          THE COURT:  I was going to say, Mr. Joe, your comments?

3          MR. JOE:  Yes, your Honor.

4          I would say that Mr. Al-Salam's characterization is

5     largely correct.

6          There are pending motions for entry of docket control

7     orders in the locator cases.

8          Now, there are a couple of cases that are proceeding on

9     their own docket and control orders.  Those are the Yellow Pages

10    case and the Frontier case.

11         In that case, we do have Markman hearing scheduled for

12    December 5 and a trial setting for September 2013.

13         A Markman in December 2012 and a trial September 2013.

14         THE COURT:  They involve the same patent about but they

15    are essentially -- I don't mean this characterization to be

16    binding, but they are a pretty different concept at least in

17    terms of what the consumer of the service would see as to what

18    the infringing product is, is that fair?

19         MR. JOE:  I think that's partially fair.  The Yellow

20    Pages and Frontier cases deal with a Yellow Page type website as

21    opposed to a purist store locator fact website.

22         But I say partially accurate only because if you've

23    seen the counter-claims that GeoTag filed in your case, your

24    Honor.  We have now asserted counterclaims against a number of

25    Microsoft only and Google only products.

1              So our view is that the lawsuit that you are

2     overseeing, your Honor, is no longer limited to store locator

3     technology.

4              THE COURT:  Okay, I had seen an answered filed, but I

5     don't think I actually read it, so I appreciate that.

6              MR. JOE:  Your honor, just to clarify it, for it's

7     about 19 total products including story locator and for Google

8     14 total products.

9              THE COURT:  All right.  Thank you.

10             All right.  So you've got a trial in the locator

11    services in Texas in 2013.

12             MR. AL-SALAM:  Your Honor, it wasn't for the locator

13    cases.

14             THE COURT:  I'm sorry, it was for the other cases.

15             Okay.  All right.

16             The trial that you have set in September of 2013, Mr.

17    Joe, do you have -- is there an anticipated length of this

18    trial?

19             MR. JOE:  I don't think the parties have submitted an

20    anticipated length at this time, your Honor.  I probably

21    misspoke.  I say a trial.  It's scheduled for two trials -- two

22    different cases.

23             One, I believe, is on the 3rd.  For some reason I can't

24    find the docket control order for the Frontier case.  If memory

25    serves me correctly, it's on the 17th.  We have September 3rd.

1    There's a two week period there and the 17th.

2              It's not unusual for trials in the Eastern District to

3    be limited to five to seven days.  We're still a little bit up

4    in the air given the Judge situation in the Eastern District.

5              As you may know, Judge Folsom is retiring from the

6    bench.

7              THE COURT:  I thought he had already retired.

8              MR. JOE:  He retired from the bench.  And we've been

9    assigned to a Magistrate Judge.  At some point with we'll need

10   to be assigned to an Article III Judge.

11             THE COURT:  My understanding is that Judge Gilstrap

12   will not be handling the case.

13             MR. JOE:  That's correct.  He has recused himself from

14   a number of GeoTag's cases.  I think all of them.  There are so

15   many that I haven't go back to look.

16             THE COURT:  Okay.

17             It probably is of no actual relevance, but if it is

18   assigned to a different judge, it won't be in Marshall, it will

19   be Texarkana or some other place, right?

20             MR. JOE:  As far as the trial, it was not usual when

21   Judge Folsom on the bench to try the cases that he was assigned

22   to that were filed in Marshall, have them tried in Marshall.

23             But, honestly, as far as distance, they are only an

24   hour and a half from each other.  It's not really that big of a

25   deal.

1          THE COURT:  Okay.

2          All right.

3          Mr. Joe, I ask this because I am cognizant that

4   Microsoft and Google probably have unlimited resources whereas

5   I'm thinking that your client may not, your law firm, does it do

6   primarily patent work?

7          MR. JOE:  Yes, your Honor.

8          We have six total lawyers.  We do primarily patent

9   litigation.

10          We do dabble in some commercial litigation.  That is

11   Mr. Buether's and my background early on in our careers.  We

12   switched over to the patent litigation in the mid-90's.

13          THE COURT:  So if you had one or both of these trials,

14   Yellow Pages or Frontier in September of 2013, is that something

15   that every lawyer in your firm is engaged in, or three of you or

16   one of you or what?

17          MR. JOE:  For those two trials, I would imagine that we

18   would be preparing for trial.  Your Honor, probably at least

19   five of us would be getting ready for those two trials starting

20   in July.

21          And Yellow Pages, your Honor.  It's owned by AT&T.

22   It's another huge entity.

23          THE COURT:  Yes, I got you.

24          MR. JOE:  That's the reason we had suggested that a

25   trial date be sometime after that in 2014, to give us time to

1     take discovery in this case and get everything done in a orderly

2     fashion and give us time to breathe.

3          THE COURT:  I guess that does bring up one other thing

4     that I was thinking about.  It struck me as a general me that

5     discovery that might be contemplated in this case would have

6     some overlap, I don't know how much, with discovery that was

7     occurring in or scheduled to occur in other of the cases,

8     particularly -- do you have any comment either of you on that?

9          MR. JOE:  I would say your Honor that with respect to

10    the store locator products which is like I said just one of 19

11    for Microsoft and 14 for Google.  There's probably some overlap.

12          With respect to those defendants that Google and

13    Microsoft say that they are indemnifying in Texas, it's still

14    unclear to us exactly which defendants that Microsoft and Google

15    say they are indemnifying.  I'm not sure we've ever received a

16    comprehensive list.

17          There will be some partial overlap.  If it's ten

18    defendants in the Eastern District, those will go last.  Right

19    now there are 400 or so defendants in Texas.

20          THE COURT:  Okay.

21          Does GeoTag have any counsel beside -- any lead counsel

22    beside for your law firm, Mr. Joe?

23          MR. JOE:  We have -- Mr. Gordon's firm is certainly

24    going to be involved.  And Mary will be involved in the trial as

25    well when we try the case.

 1          MR. JOE:  To date, since the case is so early, we have

 2     not them asked to do a significant amount of work on the case.

 3     As the case progresses, we would expect them to do so.

 4          We have also partnered up with another small law firm,

 5     the Law Offices of Hao Ni.  He is a two man shop.

 6          The Delaware cases have not been his responsibility in

 7     all of these GeoTag cases.  He's been working primarily on the

 8     Texas cases.

 9          So, at this point, we had not planned on him getting

10     involved in the Delaware cases.  Certainly, if it looks like we

11     need the help, we'll ask him to help us.

12          THE COURT:  Okay.

13          All right.  I am trying to balance -- at least have in

14     my mind a number of different things, not only reasonableness

15     but also things you've mentioned like recognizing that if you

16     actually had these trials, and if you don't, then probably you

17     wouldn't be having a trial here either, but you never know.

18          I'm sorry, did I misunderstand you, do you have trials

19     in the Yellow Pages and Frontier, but you don't have District

20     Judge for them?

21          MR. JOE:  That is correct, your Honor.  The docket

22     control order was entered by, I believe, Judge Ward, or Judge

23     Everingham in both of those cases in Marshall.

24          And those were the first two cases that were filed by

25     GeoTag, at least for the now round of cases.

1    Those docket control orders were entered, you know,

2    last year and they've been proceeding.

3    MR. JOE:  Your Honor, if it helps, I did prepare a

4    calendar that Ms. Matterer would have copies of.  If you would

5    like to see how our dates laid out.  I did not circle the dates

6    for the Markman hearing and the trial in the Texas case.  You

7    can see how those are laid out on that calendar.  It would be

8    helpful.

9    THE COURT:  Mr. Connolly has a copy of it.  I imagine

10   Mr. Al-Salam, does not.

11   MR. JOE:  It lays out the dates that we had proposed in

12   our proposal, your Honor.

13   THE COURT:  I did go through it.  I had a pretty decent

14   idea of what the dates are because they are all in the order.

15   What's more difficult is trying to be reasonable in

16   light of whatever might be expected of you in Texas in this

17   case.  I assume you have other work beside GeoTag?

18   MR. JOE:  Right.

19   THE COURT:  Let me just tell you what I've been

20   thinking about.  I don't think it's going to work.

21   I've been thinking about trial here on October 7th

22   2013.  I don't think that's a realistic date to set in view of

23   what you've got scheduled on these other GeoTag cases.

24   MR. JOE:  I think that's a fair statement.

25   THE COURT:  I also don't want -- when I was penciling

1    it out, so to speak, I didn't think the Microsoft and Google --

2    I didn't really pencil it out so it could be done as quickly as

3    Microsoft and Google had asked.

4            So, let me just look at my calendar here.

5            MR. AL-SALAM:  May I just sort of comment on Microsoft

6    and Google's view on this?

7            THE COURT:  Sure, go ahead.

8            MR. AL-SALAM:  First of all, if there's a bandwidth

9    issue generally, that could be solved obviously by GeoTag

10    agreeing to a stay of the locator cases in Texas.

11           And the locator cases involving hundreds of defendants

12    will be much more time consuming than this case.

13           In terms of a trial date, Microsoft and Google are not

14    so concerned about the trial date.  We don't want to put things

15    off so much.

16           We are not trying necessarily to get ahead of it, for

17    example, the trial dates of the Frontier cases that are not

18    associated with locators.

19           Our obvious goal is to resolve the locator issues for

20    our locator customers in Texas.

21           So, our primary interest is having a relatively early

22    Markman because we believe that will be dispositive and that we

23    will never need to reach trial.

24           I understand there's a possibility there will still be

25    fact issues somewhere.  But that's our primary goal is to have a

1   relatively early claim construction such as that we can address

2   dispositive issues and dispositive motions.

3           Now, if the Court in Texas were to grant defendants --

4   locator defendants Motion to Stay, then there would not be as

5   much need to have an expedited schedule up here in Delaware.

6           We do not yet know what will happen there.

7           GeoTag has opposed that motion.  So they want to

8   proceed against all those defendants.  To us, that is simply

9   inefficient.

10          This case can be resolved at least on the locator

11  issues, all of the cases against an locator defendants in the

12  text and certainly against the Microsoft and Google customers.

13          THE COURT:  All right.  One of the things is, I think,

14  we do generally as a Court here, and certainly it's been my

15  practice so far to try to get everything scheduled out because

16  sometimes lawyers hopes for early dispositions don't happen.

17          Let me try to do that.  I hear you, Mr. Al-Salam.

18          And, actually, the way that I had it scheduled out -- I

19  think actually based on what Mr. Joe has said other than

20  changing the trial date and pretrial conference, I don't think

21  it's actually inconsistent to what he's said about when the

22  GeoTag cases and Frontier and Yellow Pages are scheduled.

23          So, let me suggest this:  How about a trial on December

24  9th, 2013?  That's a Monday.

25          And the pretrial conference would be November 15th, at

1    2:00 p.m. That's a Friday.  Then I think everything else would

2    be before that.  And let me then start.

3         And I tried to in doing this -- in taking what I got

4    from the parties counter proposals, starting on page two of the

5    order, plaintiff's initial discovery 3(a)(i)instead of March 2nd

6    or March 16th, March 9th.

7         3(a)(2), the plaintiffs' core technical documents,

8    March 21st.

9         MR. AL-SALAM:  Your honor, I do not mean to interrupt

10   you.  There have been some further communications with respect

11   to that date.  And we had actually turned and proposed different

12   times for some of these dates.  That was not submitted to the

13   Court yet for various reasons.

14        But given all of the products that have been thrown

15   into this counterclaim and we don't exactly understand what the

16   basis for all those claims are.

17        We had actually agreed to push that date out farther to

18   April 16th, 2012, which is closer to the date that GeoTag

19   originally proposed.

20        And we are hoping that before that date, would he will

21   get some further clarification as to how these other products

22   that are identified in the counterclaims could possibly

23   infringe, so we'll know what to produce.

24        THE COURT:  Mr. Joe, you're in agreement with that?

25        MR. JOE:  We're fine with pushing that out.

1          I think the date -- I can't remember what date

2    Microsoft and Google had suggested.

3          THE COURT:  They had suggested March 14th.  You had

4    suggested April 20th.

5          MR. JOE:  I'm okay with pushing that out in light of

6    the increase in the number of accused instrumentalities.

7          MR. AL-SALAM:  April 16th is what we were proposing

8    now.

9          THE COURT:  All right.  My thought was pretty clear

10   that for one reason or another Microsoft and Google want a

11   faster schedule than GeoTag.

12         So, to the extent that somebody was going to have to

13   push hard for it, it should be Microsoft and Google and not

14   GeoTag.  But if your request now is April 16th, I understand it

15   could take along time to produce core technical documents

16   relating to 19 of your products and 13 of Google's or whatever

17   the case maybe.

18         So, all right, April 16th.

19         MR. JOE:  Could I mention one other issue here?

20         THE COURT:  Yes.

21         MR. JOE:  We did have a slight dispute in the language

22   in talking about this again yesterday and into the evening.

23         I had asked Google and Microsoft to include source code

24   and flow charts in some of the examples in the core technical

25   documents.  And I've received, I guess, Google and Microsoft

1    were non-committal on that.

2           I do want to make a record that we do believe that this

3    is a source code case.  And we can't tell -- we will need the

4    source code to determine how all these products work behind the

5    scenes.  If we don't get the source code, we may hopefully not

6    be back in front of your Honor.

7           THE COURT:  Pretty clearly, I'm not going to edit the

8    language here based on this.  It would behoove everyone to get a

9    stipulated Confidentiality Order in.

10          I suspect that if you want the source code, you're

11   going to probably get the source code.

12          But clearly that's stuff that needs to be protected.

13          MR. JOE:  Yes, your Honor.

14          MR. AL-SALAM:  Just to be clear, Google and Microsoft,

15   and this is also responsive to some of these other dates the

16   Court is going to address.

17          Google and Microsoft are prepared essentially,

18   immediately, but certainly by the date we proposed to produce

19   the source code relating to the locator technology, which we

20   understood this case was about.

21          What's happened now, there's a huge number of products

22   that have as Mr. Joe pointed out, that suddenly have been

23   identified in the counterclaim as accused products without much

24   specification as to how they could infringe.

25          For example, the Google Add Words software is being

1    accused of infringement and a number of other products that

2    don't seem to us at first blush to have any connection.  There

3    doesn't seem to be any plausible basis for these to have the

4    database with areas with geographic hierarchy and with all the

5    other limitations of the claim.

6        We are certainly willing to produce whatever GeoTag

7    believes is necessary to understand any relevant aspects of any

8    of these accused products.

9        We just can't agree just overall to produce all the

10   source code for all these products when they don't seem to have

11   anything to do with geographic hierarchy or searching for

12   topics.

13       So what we are asking is, we're willing to cooperate

14   with GeoTag about trying to understand without having formal

15   infringement contentions, to try to understand more what they

16   need.

17       To the extent there's a genuine need for something

18   concerning those products that could somehow map to the patents,

19   we're going to work with GeoTag on that.

20       To the extent that code is necessary to be produced,

21   we'll do that.

22       So we're not trying to say that we won't produce code,

23   we do have to have some further clarification of exactly what

24   code would be required.  I'm certain not all of the code

25   relating to these products.

1          Now, one other thing.  Just so your Honor understands,

2     we weren't able to get these revised dates before the Court.

3       Google and Microsoft are willing to -- we're pushing this

4     date back.  But we also tried to expedite some other dates where

5     we don't think it could impact GeoTag or they wouldn't have any

6     reason to complain.

7          One of those areas which the Court will get to as it

8     goes down this order is our invalidity contentions.  We had

9     proposed earlier that we would need a month between the time of

10    GeoTag's infringement contentions and our invalidity

11    contentions.  We're now willing to shorten that to a week.  And

12    that would be the burden just on us.

13    THE COURT:  That's the kind of thing I was looking for,

14    things that are within your control.

15         You know, we can do faster, if that's what you want to

16    do.  That's not a problem.  I was trying to make sure that --

17    not to be putting GeoTag -- just because you've been doing it in

18    a week doesn't mean they can do it in a week and that sort of

19    thing.

20    MR. JOE:  That's true, your Honor.  Anywhere the Court

21    feels that we could do it quicker, we're willing to do it

22    quicker including the invalidity contentions.

23    THE COURT:  Okay.

24         So, in any event, to the extent that there is disputes

25    about whether all these products should actually be included, I

1    assume you'll meet-and-confer.  If you can't work it out, you'll

2    file some paper or do something.

3           All right.  The defendants producing the initial claim

4    chart.  I actually thought giving them about a month to do it

5    would be reasonable.  Presumably, they sort have done this

6    already internally because they filed naming all these products.

7           That would be May 14th.

8           And then the invalidity contentions would be May 21st.

9           The fact discovery cutoff would be December 14th.  I

10   thought the plaintiff's proposal was reasonable.

11          And the expert discovery, I had the date of -- in any

12   event, let me tell you the date I had, which is May 6th of 2013.

13          The document production shall be substantially complete

14   by October 5th of 2012.  We'll come back to the depositions.

15          The disclosure of expert testimony, based on --

16   actually let's skip that one for a minute.  We'll come back to

17   that one, too.

18          The claim construction, I thought somewhere in between

19   what the parties had suggested seemed reasonable.

20          So the exchange of list of claim terms, I said July

21   13th, 2012.

22          The joint claim construction chart August 3, 2012.

23          The claim construction briefing, I have simultaneous

24   opening briefs, initial briefs, September 14th, 2012.

25          And the answering responsive briefs as October 26th,

1    2012.

2         I have the hearing on the claim construction as being

3    November 20th at 1:30 p.m.  That's 2012.

4         Essentially, I picked that date which might not be the

5    ideal date.  It fits into my schedule pretty well.

6         And, so then based on those dates, allowing myself

7    sometime to decide the claim construction issues, I had in mind

8    for the expert testimony, this is back on page four, the opening

9    reports due on February 22nd, 2013.

10        The supplemental disclosures to contradict the rebut

11   evidence on March 22, 2013.  And the reply expert reports on

12   April 12th, 2013.

13        Then the only other date that would be needed was the

14   case dispositive motions which I had as June 3rd, 2013.  That's

15   paragraph 10.

16        Let me just go to the depositions.  As I gathered it

17   from the parties submissions, Microsoft and Google suggest ten

18   depositions of party witnesses and no limit to expert

19   depositions and depositions of third parties, is that right?

20        MR. AL-SALAM:  That's true, your Honor.  We're

21   certainly willing to discuss a limit.  But we had not put it

22   into our proposal.

23        THE COURT:  Okay.  I just want to make sure I

24   understood.

25        Mr. Joe, I understood the defendants proposal to be the

1      plaintiff gets a 150 hours of all the witnesses other than

2      experts and GeoTag gets a hundred fifty hours for each -- 300

3      hours, really.  Is that essentially your proposal?

4              MR. JOE:  That is our proposal, your Honor.

5              The reason for those hours were the number of products

6      that we have accused of infringement.  We don't know whether

7      Google and Microsoft are going to produce one witness for each

8      product or one witness for all products.

9              I would imagine this is how the various affiliates work

10     within the company.  It's going to require multiple witnesses.

11     In our view a limit of ten party witnesses wouldn't even let us

12     take discovery all the products accused.

13             THE COURT:  Hold on just one second.

14             Sorry, Ms. Matterer just had a cough.  Right now, she's

15     out of the room but Mr. Connolly is here.

16             I, at least on the surface, Mr. Joe, I have to agree

17     with you that ten depositions of party witnesses doesn't seem

18     like it's likely to be enough.

19             Of course, one of the things is when we're talking

20     about party witnesses, presumably GeoTag can't have more than

21     about two people who meet that definition.  It's Microsoft and

22     Google that we're really talking about.

23             So, I'm inclined to go along with Mr. Joe's request for

24     a number of reasons, not only which I think given the number of

25     products that have been named, the plaintiffs' limits on party

1    witnesses probably just aren't -- they don't seem to me to be

2    realistic.

3          And the other thing is that I want to make sure that

4    GeoTag has, you know, essentially a full opportunity to explore

5    their various theories or claims, the evidence to support them.

6          Mr. Al-Salam, unless there is something else you want

7    to say, I'm going to say that we should put in what GeoTag wants

8    here.

9          MR. AL-SALAM:  That's fine, your Honor.

10          It occurs to me that a 150 hours with each Google and

11    Microsoft, seems much more than necessary even with all the

12    accused products.  But I can understand the Court's concern that

13    ten depositions of both wouldn't be enough.

14          THE COURT:  All right.  Let's do this because I think,

15    GeoTag, which maybe I'm making an assumption is that is not

16    warranted.  I assume that -- what I assume is this:

17          If this turns into a war of attrition, they are going

18    to lose.  I think they have more incentive to not do

19    unnecessary -- I think there's a reason to believe that there

20    will be some self-restraint in terms of what they do.  At least

21    that's my operating theory.

22          So let's go with that.  If it turns out they don't need

23    all that time, I'm presuming they won't use it.

24          I would rather give them the time and not use it rather

25    give them 75 hours for each and then have to try to make sense

1      of tons of discovery and when they say they need more.

2              So that's what I'd like to have in the Scheduling

3      Order.

4              Is there any strong objections to anything that I've

5      said?

6              MR. AL-SALAM:  Not from Google or Microsoft, your

7      Honor.

8              MR. JOE:  I don't think so, your Honor.  Let me just

9      double check a couple of dates here.

10             I guess my only concern, your Honor is, it's been our

11     experience that sometimes we need to take some additional fact

12     discovery after the Court has issued its claim construction

13     ruling.  At least that's the way we typically handle the cases

14     here in Texas.

15             If we have a discovery cutoff 12-14-12 and the Court's

16     claim construction order does not issue until after that date,

17     then we may be able to need to reopen some fact discovery.

18             THE COURT:  So why don't we just note that you made

19     that point.

20             One of my colleagues here does the claims construction,

21     you know, a few weeks before trial.

22             There are lots of different ways you can approach this.

23     And for sure, unless you all agreed to all the claim

24     construction, which it seems unlikely, I'm not going to issue a

25     order based on an argument in late November before December

1    14th.

2         So the idea that there could be some topic or topics

3    come up are unanticipated and might require some discovery.  If

4    I do something that essentially approximates good cause, I'll

5    certainly allow whatever is needed to be fair, okay?

6         MR. JOE:  One additional issue, your Honor.  I

7    mentioned this to Microsoft and Google a couple of days ago.

8         Perhaps we can reach agreement on this later on, but I

9    just wanted to flag it.  That is, a realignment of the parties

10   given that GeoTag really is the manufacturer in this case and

11   not Microsoft and Google.

12        THE COURT:  When you say realignment of the parties,

13   you mean what?  I'm not sure exactly what you mean.

14        MR. JOE:  For purposes of trial.

15        I know that's way down the line.  If we actually try

16   this case, then we would like GeoTag to be the plaintiff so we

17   go first and last as opposed to Microsoft and Google who are DJ

18   plaintiffs to go first and last.

19        THE COURT:  That's something certainly the parties

20   could talk about.

21        I appreciate your bringing it up.  It's not something

22   in my limited experience that I had to contemplate before.

23        I appreciate that.  And, for sure, that's away down the

24   road kind of issue, I think.

25        MR. JOE:  Yes.

1          THE COURT:  Well then I'm going to ask Mr. Connolly to

2    hopefully got some good notes of what happened here to prepare

3    an order for my signature that has what we've discussed.

4          And I appreciate, Mr. Al-Salam, Mr. Joe, you're calling

5    in.  And that you are working try to narrow the issues that you

6    can actually agree to.  Thank you.  Okay.

7          MR. AL-SALAM:  Thank you, your Honor.

8          MR. JOE:  Thank you, your Honor.

9          THE COURT:  Have a good day.

10          MS. MATTERER:  Thank, your Honor.

11          MR. CONNOLLY:  Thank you, your Honor.

12    (At this time, the Rule 16 Conference concluded)

13

14

15

16

17

18

19

20

21

22

23

24

25