IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MICROSOFT CORPORATION and GOOGLE INC.,

    Plaintiffs,

- vs. -

GEOTAG, INC.,

    Defendant.

Case No. 1:11-cv-00175-RGA

## SCHEDULING ORDER

This 2 day of Feb, 2012, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1.     <u>Rule 26(a)(1) Initial Disclosures</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five days of the date of this Order.

2.     <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before June 1, 2012.

3. Discovery.

    a. Initial Discovery.

        i. On or before March 9, 2012, Defendant shall identify each accused apparatus, product, device, process, method, act or other instrumentality for each Plaintiff.

        ii. On or before April 16, 2012, each Plaintiff shall produce to the Defendant the core technical documents related to the accused products, including not limited to operation manuals, product literature, schematics, and specifications.

        iii. On or before May 14, 2012, Defendant shall produce to each Plaintiff an initial claim chart relating each accused product to the asserted claims each product allegedly infringes.

        iv. On or before May 21, 2012, each Plaintiff shall produce to the Defendant its initial invalidity contentions for each asserted claim, as well as the related invalidating references (e.g., publications, manuals and patents).

    b. Discovery Cut Off. All fact discovery in this case shall be initiated so that it will be completed on or before December 14, 2012. All expert discovery in this case shall be completed on or before May 6, 2013.

    c. Document Production. Document production shall be substantially complete by October 5, 2012.

    d. Requests for Admission. Plaintiffs are allowed a maximum of 10 common requests for admission to Defendant and each Plaintiff is allowed 10 individual requests for admission to Defendant. Defendant is allowed a maximum of 20 requests for admission directed to each Plaintiff. There shall be no limit, however, on the number of requests for admission the parties may serve directed solely to the authentication of documents and things. The parties are required to meet and confer in good faith prior to serving any requests for admission directed solely to the

authentication of documents and things to determine whether the requests are necessary and/or reasonable.

   e. <u>Interrogatories</u>. Plaintiffs are allowed a maximum of 10 common interrogatories to Defendant and each Plaintiff is allowed 15 individual interrogatories to Defendant. Defendant is allowed a maximum of 25 interrogatories directed to each Plaintiff.

   f. <u>Depositions</u>.

     i. <u>Limitation on Hours for Deposition Discovery</u>. Plaintiffs are limited to 150 hours of depositions upon oral examination of party witnesses (including 30(b)(6) witnesses) of Defendant and third party witnesses. Defendant is limited to 150 hours of depositions upon oral examination of party witnesses (including 30(b)(6) witnesses) of Microsoft and to 150 hours of depositions upon oral examination of party witnesses (including 30(b)(6) witnesses) of Google, and these limits shall apply to third party witnesses. This limit does not apply to expert depositions.

     ii. <u>Location of Depositions</u>. The parties agree that in this case the depositions of party witnesses shall occur where the witness's business office is located or at some other mutually agreeable location.

   g. <u>Disclosure of Expert Testimony</u>.

     i. <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before February 22, 2013. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before March 22, 2013. Reply expert reports from the party with the initial burden of proof are due on or before April 12, 2013. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with

the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

    ii. <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

   h. <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule a telephone conference. Unless otherwise ordered, by no later than forty-eight hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than twenty-four hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document(s).

  If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

  4. <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order.

Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(h) above.

Any proposed protective order must include the following paragraph:

Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. Papers Filed Under Seal. When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

6. Courtesy Copies. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

7. Claim Construction Issue Identification. On or before July 13, 2012, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than August 3, 2012. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted

with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

8. <u>Claim Construction Briefing</u>. The parties shall contemporaneously submit initial briefs on claim construction issues on September 14, 2012. The parties' answering/responsive briefs shall be contemporaneously submitted on October 26, 2012. No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court.

9. <u>Hearing on Claim Construction</u>. Beginning at 1:30 p.m. on November 20, 2012, the Court will hear argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which their answering claim construction briefs are due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

10. <u>Case Dispositive Motions</u>. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before June 3, 2013. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.

11. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

12. <u>Pretrial Conference</u>. On November 15, 2013 at 2:00 p.m., the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 9:30 a.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the third business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

13. *Motions in Limine*. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

14. Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5 p.m. on the third business day before the date of the final pretrial conference. The plaintiff should expect to submit to an email address to be designated each of the foregoing four documents in WordPerfect format.

15. Trial. This matter is scheduled for a 10-day jury trial beginning at 9:30 a.m. on December 9, 2013, with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

16. ~~ADR Process. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.~~ *[initialed]*

                                        _____
                                        UNITED STATES DISTRICT JUDGE

#4668371v1

- 8 -