## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICROSOFT CORPORATION and GOOGLE INC., | ) ) ) | |
| | ) | |
| Plaintiffs and Counterclaim Defendants, | ) ) ) | |
| | ) | Case No. 1:11-cv-00175-RGA |
| v. | ) ) | |
| GEOTAG, INC., | ) ) | |
| | ) | |
| Defendant and Counterclaim Plaintiff. | ) ) | |

### MICROSOFT'S ANSWER TO GEOTAG'S COUNTERCLAIMS

Plaintiff and Counterclaim Defendant Microsoft Corporation ("Microsoft") responds to Defendant and Counterclaim Plaintiff GeoTag, Inc.'s ("Geotag") Counterclaims as follows:

1.      Paragraph 1 of the Counterclaims asserts legal conclusions to which no response is required.

2.      Paragraph 2 of the Counterclaims asserts legal conclusions to which no response is required.

3.      Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Counterclaims and on that basis denies them.

4.      Microsoft admits that United States Patent No. 5,930,474 ("the '474 Patent") is titled "Internet Organized for Accessing Geographically and Topically Based Information" and issued on July 27, 1999.  Microsoft further admits that Exhibit "A" purports to be a copy of the '474 Patent.  Microsoft denies the remaining allegations of Paragraph 4 of the Counterclaims.

5.      Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Counterclaims, and on that basis denies them.

6.      Microsoft admits the allegations contained in the first two sentences of Paragraph 6 of the Counterclaims.  Microsoft denies the remaining allegations of Paragraph 6.

7.      Paragraph 7 of the Counterclaims asserts legal conclusions to which no response is required.

8.      Microsoft denies the allegations of Paragraph 8 of the Counterclaims.

9.      Microsoft denies the allegations of Paragraph 9 of the Counterclaims.

10.     Microsoft denies the allegations of Paragraph 10 of the Counterclaims.

11.     Microsoft denies the allegations of Paragraph 11 of the Counterclaims.

12.     Paragraph 12 of the Counterclaims pertains to Plaintiff Google, Inc. ("Google"), and therefore no response is required from Microsoft.

13.     Paragraph 13 of the Counterclaims pertains to Google, and therefore no response is required from Microsoft.

14.     Paragraph 14 of the Counterclaims pertains to Google, and therefore no response is required from Microsoft.

15.     Paragraph 15 of the Counterclaims pertains to Google, and therefore no response is required from Microsoft.

16.     Paragraph 16 of the Counterclaims pertains to Google, and therefore no response is required from Microsoft.

17.     Paragraph 17 of the Counterclaims pertains to Google, and therefore no response is required from Microsoft.

18.     Paragraph 18 of the Counterclaims pertains to Google, and therefore no response is required from Microsoft.

19.     Paragraph 19 of the Counterclaims pertains to Google, and therefore no response is required from Microsoft.

20.    Paragraph 20 of the Counterclaims pertains to Google, and therefore no response is required from Microsoft.

21.    Paragraph 21 of the Counterclaims pertains to Google, and therefore no response is required from Microsoft.

22.    Paragraph 22 of the Counterclaims pertains to Google, and therefore no response is required from Microsoft.

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses to all claims purported to be set forth against it in GeoTag's Counterclaims, including the Prayer for Relief therein, Microsoft alleges as follows:

### First Affirmative Defense

GeoTag's Counterclaims fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

Microsoft does not infringe and has not infringed, either directly or indirectly, any claim of U.S. Patent No. 5,930,474 ("the '474 Patent"), literally or under the doctrine of equivalents.

### Third Affirmative Defense

One or more claims of the '474 Patent is invalid because it fails to satisfy the conditions for patentability specified in 35 U.S.C. § 100 *et seq.,* including but not limited to §§ 101, 102, 103, and/or 112.

### Fourth Affirmative Defense

To the extent that GeoTag and its predecessors-in-interest, failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Microsoft's actions allegedly infringed the '474 Patent, Microsoft is not liable to GeoTag for the acts alleged to have been performed before Microsoft received actual notice that it was allegedly infringing the '474 Patent.

- 3 -

### Fifth Affirmative Defense

GeoTag's Counterclaims are barred in whole or in part by the doctrine of prosecution history estoppel and/or prosecution disclaimer.

### Sixth Affirmative Defense

GeoTag's Counterclaims are barred in whole or in part by the doctrines of estoppel, waiver and/or laches.

### Sixth Affirmative Defense

GeoTag's Counterclaims are barred in whole or in part by 28 U.S.C. §1498.

### Seventh Affirmative Defense

GeoTag's Counterclaims are barred in whole or in part by 35 U.S.C. § 286.

### Eighth Affirmative Defense

GeoTag is not entitled to injunctive relief because it has an adequate remedy at law for any claims it can prove.

### PRAYER FOR RELIEF

WHEREFORE, Microsoft respectfully requests the Court to enter judgment in its favor and against GeoTag as follows:

    A.      For judgment that the '474 Patent, and each of the claims therein, are invalid;

    B.      For judgment that Microsoft does not infringe the '474 Patent;

    C.      For costs and reasonable attorneys' fees incurred in connection with this action;

    D.      For such other and further relief as the Court deems just.

Dated:  March 8, 2012

By: /s/Arthur G. Connolly, III
    Arthur G. Connolly III (#2667)
    AConnollyIII@cblh.com
    CONNOLLY BOVE LODGE & HUTZ LLP
    1007 North Orange Street
    Post Office Box 2207
    Wilmington, DE  19899
    Tel: (302) 888-6318 / Fax: (302) 658-5614

Ramsey M. Al-Salam (*Pro Hac Vice*)
ralsalam@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Tel: (206) 359-8000 / Fax: (206) 359-9000

Attorneys for Plaintiff Microsoft Corporation