# Morris James LLP

Kenneth L. Dorsney
302.888.6855
kdorsney@morrisjames.com

April 3, 2012

**VIA ELECTRONIC FILING
AND HAND DELIVERY**
The Honorable Richard G. Andrews
J. Caleb Boggs Federal Building
844 N. King Street, Unit 9
Wilmington, DE 19801

> **Re:  *Microsoft Corporation and Google Inc. v. GeoTag Inc.*, D.Del.,
> C.A. No. 11-175 RGA**

Dear Judge Andrews:

On March 9, 2012, GeoTag provided Google and Microsoft with a list of the accused products (*see* D.I. 48) in accordance with the Scheduling Order (D.I. 42).  A copy of that list is attached to this letter as **Exhibit A**.  Google and Microsoft apparently need this Court's assistance because they do not know what core technical documents and information to provide GeoTag.

Although not under an obligation to do so, GeoTag identified for Google and Microsoft on March 27, 2012, the following core technical documents and information from Google and Microsoft:

**Database Information:**  **(1)** documents showing the physical location of the data centers where they store their respective geographical database(s) for each accused product; **(2)** documents sufficient to identify their respective geographical database(s) for each accused product; **(3)** documents showing the physical location of the data centers where they store their respective non-geographical database(s) containing content specific for each accused product; **(4)** documents sufficient to identify their respective non-geographical database(s) containing content specific for each accused product; **(5)** all database schematics related to the geographical database(s) for each respective accused product; and **(6)** all database schematics related to the non-geographical database(s) containing content specific for each respective accused product.

**Software Modules:**  **(1)** the source code module(s) for each accused product that link or join (define a relationship between) its respective geographical and non-geographical database(s); **(2)** the source code module(s) for each accused product used in determining a user's location or geographic area of interest; **(3)** the source code module(s)

Morris James LLP

The Honorable Richard G. Andrews
April 3, 2012
Page 2

for each accused product relating user input and/or query(ies) to applicable entries in the respective geographical and non-geographical database(s); **(4)** the source code module(s) for each accused product providing a response and/or serve query(ies) based on entries in the respective geographical and non-geographical database(s); and **(5)** the source code module(s) associating a response to user input and/or queries by one accused instrumentality to a response provided by other accused instrumentality(ies), where the response is based on entries in the geographical and non-geographical database(s).

> **Other Technical Documents:** **(1)** for each accused product, provide all requirements, specification documents used or relied on to design or develop each software module and database described above; **(2)** for each accused product, provide all data modeling documents used or relied on to design or develop each database described above; **(3)** for each accused product, provide all diagram documents; and **(4)** for each accused product, provide sample database records for each of the databases identified above.

GeoTag cannot be certain of the name (or other labels or associations) Google and Microsoft place on the database information, software modules, and other technical information identified above. However, these are the core technical documents and information GeoTag needs in order to prosecute its case. GeoTag maintains that it has narrowly tailored and focused the above list so that Google and Microsoft can provide these items for each of the accused products without undue burden, difficulty, or expense. A copy of the March 27th email correspondence requesting the above-referenced core technical documents and information is attached to this letter as **Exhibit B**.

Within minutes of receiving GeoTag's March 27th email, counsel for Google and Microsoft responded by characterizing the above list as – "[W]orthless to us. This doesn't provide us any guidance." **Exhibit B.** at p. 9. GeoTag disagrees. The list calls for specific documents and information comprising a narrow subset for each of the accused products. Based on the timing of receipt of the list and the response, there appears to have been no attempt by counsel for Google and Microsoft to identify the core technical documents and information corresponding thereto. There also has been no explanation as to whether producing these core technical documents and information is unduly burdensome, difficult, or expensive. GeoTag maintains that doing so would not be.

This Court's Scheduling Order (D.I. 42) calls for a specific ordering of production: (a) GeoTag produces a list of accused products – GeoTag did so on March 9 (*see* D.I. 48) by serving the list attached as **Exhibit A** to this letter; (b) Google and Microsoft produce core technical documents and information – the information identified in the list above and in the March 27th email attached as **Exhibit B** to this letter should suffice; (c) GeoTag produces its

Morris James LLP

The Honorable Richard G. Andrews
April 3, 2012
Page 3

initial infringement claim chart; and (d) Google and Microsoft produce their respective initial invalidity claim chart and references.

Google and Microsoft have produced no core technical documents and information to date. The documents and information needed are identified above and stated with further specificity in GeoTag's March 27th email. Accordingly, GeoTag request an order (in addition to this Court's Scheduling Order) directing Google and Microsoft to produce at least the core technical documents and information identified above and in GeoTag's March 27th email.

Respectfully submitted,

*/s/ Kenneth L. Dorsney*

Kenneth L. Dorsney (#3726)
kdorsney@morrisjames.com

# EXHIBIT   A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MICROSOFT CORPORATION and | ) | |
| GOOGLE INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-cv-175-RGA |
| | ) | |
| GEOTAG, INC., | ) | |
| | ) | |
| Defendant and | ) | |
| Counterplaintiff | ) | |

## NOTICE OF ACCUSED INSTRUMENTALITIES

Pursuant to the Court's Docket Control Order (Dk. 42) Defendant GeoTag, Inc. ("GeoTag") files this Notice of Accused Instrumentalities ("Notice") identifying each of Plaintiffs Microsoft Corporation's ("Microsoft") and Google Inc.'s ("Google") apparatuses, products, devices, processes, methods, acts, and/or other instrumentalities that infringe on United States Patent No. 5,930,474 ("the '474 Patent").

GeoTag provides this Notice based on currently available information. This Notice is preliminary and GeoTag reserves the right to further supplement, revise, correct, clarify, or otherwise amend the same after discovery has been obtained from the Plaintiffs, further investigation and analysis is conducted, and/or the Court has construed the terms of the claims of the '474 Patent. Subject to these reservation of rights, GeoTag provides the following:

**Microsoft's Accused Instrumentalities:**

GeoTag's claim of infringement of the '474 Patent against Microsoft relating to the provision store locator services to any of its customers is based only upon Microsoft's internal use of the inventions claimed by the '474 Patent and is not based upon Microsoft's sale or

---

distribution of any store locator services to any third party, including any other person or entity that has been sued by GeoTag for infringement of the '474 Patent.

Microsoft has been and now is directly infringing the '474 Patent in violation of 35 U.S.C. § 271 by using in the United States systems and methods for integrating geographically organized data with topical data, including, but not limited to, the following systems and methods:

| | Accused Instrumentality | Web Address |
|---|---|---|
| 1. | Bing geographic location search engine | http://www.bing.com |
| 2. | Bing images search engine | http://www.bing.com/images |
| 3. | Bing local search engine | http://www.bing.com/local |
| 4. | Bing news search engine | http://www.bing.com/news |
| 5. | Bing maps search engine | http://www.bing.com/maps |
| 6. | Bing local news search engine | http://www.bing.com/news/search?q=&p1=%5bNewsVertical+Category%3d%22rt_Local%22%5d&FORM=R5FD2 |
| 7. | Bing travel search engine | http://www.bing.com/travel |
| 8. | Bing events search engine | http://www.bing.com/events |
| 9. | Bing shopping search engine | http://www.bing.com/shopping |
| 10. | Bing deals search engine | http://www.bing.com/shopping/deals |
| 11. | Bing weekly ads search engine | http://www.bing.com/shopping/deals/circular |
| 12 | Bing movies search engine | http://www.bing.com/movies |
| 13. | Bing weather search engine | http://www.bing.com/weather |
| 14. | Bing autos search engine | http://www.bing.com/autos |

| 15. | Bing web text ad search engine | https://adcenter.microsoft.com/Campaign/NewCampaign |
| 16. | Bring mobile ad search engine | https://adcenter.microsoft.com/Campaign/NewCampaign |
| 17. | Bing TV search engine | http://www.bing/com/tv |
| 18. | Microsoft careers feature | https://careers.microsoft.com |

**Google's Accused Instrumentalities:**

GeoTag's claim of infringement of the '474 Patent against Google relating to the provision store locator services to any of its customers is based only upon Google's internal use of the inventions claimed by the '474 Patent and is not based upon Google's sale or distribution of any store locator services to any third party, including any other person or entity that has been sued by GeoTag for infringement of the '474 Patent.

Google has been and now is directly infringing the '474 Patent in violation of 35 U.S.C. § 271 by using in the United States systems and methods for integrating geographically organized data with topical data, including, but not limited to, the following systems and methods:

|  | Accused Instrumentality | Web Address |
|---|---|---|
| 1. | Google Ad Words | https://adwords.google.com |
| 2. | Google Adwords Express | |
| 3. | Google Maps | http://www.google.com/maps |
| 4. | Google Places | http://www.google.com/places |
| 5. | Google Public Alerts | www.google.org/publicalerts |
| 6. | Google Latitude | www.google.com/latitudes |
| 7. | Google Analytics | www.google.com/latitudes |

| | | |
|---|---|---|
| 8. | Google Offers | http://www.google.com/offers |
| 9. | Google TV - Ad Words Placement | |
| 10. | Google + | https://plus.google.com |
| 11. | Google Search | www.google.com |
| 12. | Google News | www.google.com/news |
| 13. | Panaramio | www.panaramio.com |
| 14. | iGoogle | http://www.google.com/ig |
| 15. | Google Groups | http://groups.google.com |
| 16. | Google Earth | http://earth.google.com |
| 17. | Google Voice | http://voice.google.com |

Dated:  March 9, 2012                  Respectfully submitted,

                                       **MORRIS JAMES LLP**

                                       By:   */s/ Kenneth L. Dorsney*
                                             Kenneth L. Dorsney (#3726)
                                             MORRIS JAMES LLP
                                             500 Delaware Avenue, Suite 1500
                                             Wilmington, DE  19801
                                             (302) 888-6800
                                             kdorsney@morrisjames.com


                                       **BUETHER JOE & CARPENTER, LLC**

                                             Christopher M. Joe
                                             State Bar No. 00787770
                                             Chris.Joe@BJCIPLaw.com
                                             Eric W. Buether
                                             State Bar No. 03316880
                                             Eric.Buether@BJCIPLaw.com
                                             Brian A. Carpenter
                                             State Bar No. 03840600
                                             Brian.Carpenter@BJCIPLaw.com
                                             Mark D. Perantie
                                             State Bar No. 24053647
                                             Mark.Perantie@BJCIPLaw.com
                                             Niky Bukovcan
                                             State Bar No. 24078287
                                             Niky.Bukovcan@BJCIPLaw.com

                                             1700 Pacific Avenue
                                             Suite 2390
                                             Dallas, Texas 75201
                                             Telephone:    (214) 466-1272
                                             Facsimile:    (214) 635-1828

                                       **ATTORNEYS FOR DEFENDANT
                                       GEOTAG, INC.**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICROSOFT CORPORATION and | ) | |
| GOOGLE INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 11-175 RGA |
| | ) | |
| GEOTAG, INC., | ) | |
| | ) | |
| Defendant and | ) | |
| Counterplaintiff | ) | |

### NOTICE OF SERVICE

The undersigned hereby certifies that copies of the following document, **NOTICE OF**

**ACCUSED INSTRUMENTALITIES,** were served upon the attorneys listed below as indicated

on March 9, 2012:

**VIA HAND DELIVERY AND EMAIL**
Arthur Connolly, III
Thatcher Rahmeier
CONNOLLY, BOVE, LODGE & HUTZ
1007 North Orange Street
Wilmington, Delaware 19899
aconnollyIII@cblh.com
trahmeier@cblh.com

**VIA EMAIL**
Christopher Kao
PERKINS COIE
3150 Porter Drive
Palo Alto, California 94304
ckao@perkinscoie.com

Ramsey Al-Salam
Sher Kung
Stevan Stark, Jr.
PERKINS COIE
1201 Third Avenue, Suite 4800
Seattle, Washington 98101
ralsalam@perkinscoie.com
skung@perkinscoie.com
sstark@perkinscoie.com

Dated: March 9, 2012

By:     */s/ Kenneth L. Dorsney*
        Kenneth L. Dorsney (#3726)
        MORRIS JAMES LLP
        500 Delaware Avenue, Suite 1500
        Wilmington, Delaware 19801-1494
        (302) 888-6800
        kdorsney@morrisjames.com

        *Attorneys for Defendant GeoTag*

## Discovery Documents

1:11-cv-00175-RGA Microsoft Corporation et al v. GeoTag Inc.

PATENT, VACANTJUDGESHIP

### U.S. District Court

### District of Delaware

**Notice of Electronic Filing**

The following transaction was entered by Dorsney, Kenneth on 3/9/2012 at 7:35 PM EST and filed on 3/9/2012

**Case Name:**          Microsoft Corporation et al v. GeoTag Inc.
**Case Number:**       1:11-cv-00175-RGA
**Filer:**                   GeoTag Inc.
**Document Number:** 48

**Docket Text:**
**NOTICE OF SERVICE of Notice of Accused Instrumentalities by GeoTag Inc..(Dorsney, Kenneth)**

**1:11-cv-00175-RGA Notice has been electronically mailed to:**

Arthur G. Connolly , III     aconnollyIII@cblh.com, dkt@cblh.com, telwell@cblh.com

Christopher Kao     ckao@perkinscoie.com, docketpa@perkinscoie.com

Christopher M. Joe     chris.joe@bjciplaw.com, scarlett.spradlin@bjciplaw.com

Eric W. Buether     eric.buether@bjciplaw.com, nina.scott@bjciplaw.com

Kenneth Laurence Dorsney     kdorsney@morrisjames.com, khunt@morrisjames.com, shadley@morrisjames.com, tsmiley@morrisjames.com

Mary Matterer     mmatterer@morrisjames.com, khunt@morrisjames.com, pvonstetten@morrisjames.com, shadley@morrisjames.com, thall@morrisjames.com

Ramsey M. Al-Salam     ralsalam@perkinscoie.com, alsalamdockets@perkinscoie.com

Sher S. Kung     SKung@perkinscoie.com, NBliss@perkinscoie.com

Stevan R. Stark , Jr     sstark@perkinscoie.com, nbliss@perkinscoie.com

Thatcher A. Rahmeier     trahmeier@cblh.com, aduplessis@cblh.com, lfuchs@cblh.com, stripler@cblh.com

**1:11-cv-00175-RGA Filer will deliver document by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=3/9/2012] [FileNumber=1431029-0]
[b0d62fdb02f16925ed519f636945308eb0b1d688cf894aeae73cf0cec19fe2e8567a
03d0b8bb75c713a1968052d145b7b0c0c3b7408911a701fbf2661e6da769]]

# EXHIBIT  B

## Dorsney, Kenneth L.

| | |
|---|---|
| **From:** | Dorsney, Kenneth L. |
| **Sent:** | Tuesday, March 27, 2012 8:02 PM |
| **To:** | 'Al-Salam, Ramsey M.  (Perkins Coie)' |
| **Cc:** | CConnolly@cblh.com; Eric Buether; Chris Joe (Chris.Joe@BJCIPLaw.com); Brian Carpenter (Brian.Carpenter@BJCIPLaw.com); Niky Bukovcan (Niky.Bukovcan@BJCIPLaw.com); Stark, Stevan R.  (Perkins Coie); Kao, Christopher (Perkins Coie); Bernstein, Matthew C.  (Perkins Coie); McBrayer, Ryan J.  (Perkins Coie) |
| **Subject:** | RE: Microsoft's and Google's - Core Technical Documents |
| **Attachments:** | Kenneth L Dorsney.vcf |

Ramsey,

I'm not confused at all.  We provided you with information so you can determine what documents and information to produce.  Your unwillingness to produce the requested information can only be perceived as a refusal to comply with your obligation to produce your core technical documents.  Please produce the information requested.  I don't see the difficulty.

Best,

Ken

Morris James LLP
Kenneth L. Dorsney
Attorney at Law
kdorsney@morrisjames.com
500 Delaware Ave., Ste. 1500 | Wilmington, DE 19801-1494 Mailing Address P.O. Box 2306 | Wilmington, DE 19899-2306 T 302.888.6855 F 302.571.1750 www.morrisjames.com

This communication may be subject to the attorney-client privilege or the attorney work product privilege or may be otherwise confidential.  Any dissemination, copying or use of this communication by or to anyone other than the designated and intended recipient(s) is unauthorized.  If you are not the intended recipient, please delete or destroy this communication immediately.

To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein.

-----Original Message-----
From: Al-Salam, Ramsey M. (Perkins Coie) [mailto:RAlsalam@perkinscoie.com]
Sent: Tuesday, March 27, 2012 7:52 PM
To: Dorsney, Kenneth L.
Cc: CConnolly@cblh.com; Eric Buether; Chris Joe (Chris.Joe@BJCIPLaw.com); Brian Carpenter (Brian.Carpenter@BJCIPLaw.com); Niky Bukovcan (Niky.Bukovcan@BJCIPLaw.com); Stark, Stevan R. (Perkins Coie); Kao, Christopher (Perkins Coie); Bernstein, Matthew C. (Perkins Coie); McBrayer, Ryan J. (Perkins Coie)
Subject: RE: Microsoft's and Google's - Core Technical Documents

Ken:

Just in case you are sincerely confused, I will say it once more -- we are not refusing to produce core technical documents and are not refusing to  "comply with our obligations." We want to understand what the accused functionalities are so we know what core technical documents to produce.  Thanks.

Ramsey M. Al-Salam

Perkins Coie LLP
1201 Third Ave. Ste. 4800
Seattle, WA 98101

Direct Dial: 206.359.6385
Direct Fax: 206.359.7385

-----Original Message-----
From: Dorsney, Kenneth L. [mailto:KDorsney@morrisjames.com]
Sent: Tuesday, March 27, 2012 4:45 PM
To: Al-Salam, Ramsey M. (Perkins Coie)
Cc: CConnolly@cblh.com; Eric Buether; Chris Joe (Chris.Joe@BJCIPLaw.com); Brian Carpenter
(Brian.Carpenter@BJCIPLaw.com); Niky Bukovcan (Niky.Bukovcan@BJCIPLaw.com); Stark, Stevan R. (Perkins Coie); Kao,
Christopher (Perkins Coie); Bernstein, Matthew C. (Perkins Coie)
Subject: RE: Microsoft's and Google's - Core Technical Documents

Ramsey,

I don't see our side going in circles but do agree that you continue to refuse to produce your core technical documents even though we worked to narrow the scope of the production for you.  I find it hard to believe that you are so unwilling to comply with your obligations.  It appears it is a rather straightforward exercise to respond to our requests by working with Microsoft and Google.  You didn't even make the attempt, hard to justify.

Best,

Ken

Morris James LLP
Kenneth L. Dorsney
Attorney at Law
kdorsney@morrisjames.com
500 Delaware Ave., Ste. 1500 | Wilmington, DE 19801-1494 Mailing Address P.O. Box 2306 | Wilmington, DE 19899-2306 T 302.888.6855 F 302.571.1750 www.morrisjames.com

This communication may be subject to the attorney-client privilege or the attorney work product privilege or may be otherwise confidential.  Any dissemination, copying or use of this communication by or to anyone other than the designated and intended recipient(s) is unauthorized.  If you are not the intended recipient, please delete or destroy this communication immediately.

To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein.

-----Original Message-----
From: Al-Salam, Ramsey M. (Perkins Coie) [mailto:RAlsalam@perkinscoie.com]
Sent: Tuesday, March 27, 2012 7:40 PM
To: Dorsney, Kenneth L.
Cc: CConnolly@cblh.com; Eric Buether; Chris Joe (Chris.Joe@BJCIPLaw.com); Brian Carpenter
(Brian.Carpenter@BJCIPLaw.com); Niky Bukovcan (Niky.Bukovcan@BJCIPLaw.com); Stark, Stevan R. (Perkins Coie); Kao,
Christopher (Perkins Coie); Bernstein, Matthew C. (Perkins Coie)
Subject: RE: Microsoft's and Google's - Core Technical Documents

Ken:

We are going in circles.

Ramsey M. Al-Salam

Perkins Coie LLP
1201 Third Ave. Ste. 4800
Seattle, WA 98101

Direct Dial: 206.359.6385
Direct Fax: 206.359.7385

-----Original Message-----
From: Dorsney, Kenneth L. [mailto:KDorsney@morrisjames.com]
Sent: Tuesday, March 27, 2012 4:38 PM
To: Al-Salam, Ramsey M. (Perkins Coie)
Cc: CConnolly@cblh.com; Eric Buether; Chris Joe (Chris.Joe@BJCIPLaw.com); Brian Carpenter
(Brian.Carpenter@BJCIPLaw.com); Niky Bukovcan (Niky.Bukovcan@BJCIPLaw.com); Stark, Stevan R. (Perkins Coie); Kao,
Christopher (Perkins Coie); Bernstein, Matthew C. (Perkins Coie)
Subject: RE: Microsoft's and Google's - Core Technical Documents

Ramsey,

Our informal requests significantly narrow your responses at this point.  You cannot seriously maintain that responses to
the narrow informal requests we sent would require you to produce " all core technical documents relating to Google
Search, Bing Search  and other products[.]"  You appear to be refusing to comply with your obligation under the
scheduling order even though in good faith we worked to narrow the scope of that obligation.  Please produce the
information requested and we will evaluate it and send our infringement contentions, as required by the Court's
Scheduling Order.  The only impasse appears to be your unwillingness to comply with your current obligation.

Best,

Ken

Morris James LLP
Kenneth L. Dorsney
Attorney at Law
kdorsney@morrisjames.com

500 Delaware Ave., Ste. 1500 | Wilmington, DE 19801-1494 Mailing Address P.O. Box 2306 | Wilmington, DE 19899-2306 T 302.888.6855 F 302.571.1750 www.morrisjames.com

This communication may be subject to the attorney-client privilege or the attorney work product privilege or may be otherwise confidential. Any dissemination, copying or use of this communication by or to anyone other than the designated and intended recipient(s) is unauthorized. If you are not the intended recipient, please delete or destroy this communication immediately.

To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein.

-----Original Message-----
From: Al-Salam, Ramsey M. (Perkins Coie) [mailto:RAlsalam@perkinscoie.com]
Sent: Tuesday, March 27, 2012 7:30 PM
To: Dorsney, Kenneth L.
Cc: CConnolly@cblh.com; Eric Buether; Chris Joe (Chris.Joe@BJCIPLaw.com); Brian Carpenter (Brian.Carpenter@BJCIPLaw.com); Niky Bukovcan (Niky.Bukovcan@BJCIPLaw.com); Stark, Stevan R. (Perkins Coie); Kao, Christopher (Perkins Coie); Bernstein, Matthew C. (Perkins Coie)
Subject: RE: Microsoft's and Google's - Core Technical Documents

Ken:

Not true -- we should not have to produce all core technical documents relating to Google Search, Bing Search and other products, when most of those core technical documents cannot possibly be relevant. That doesn't make sense and, at least to me, it doesn't' make sense you won't tell us what the accused functionalities are. We are not asking for infringement contentions or asking you to waive anything. Anyway, we have gone over this ad nauseum, and we are clearly at an impasse. I look forward to hearing what time we can get for the conference. Thanks.

Ramsey M. Al-Salam

Perkins Coie LLP
1201 Third Ave. Ste. 4800
Seattle, WA 98101

Direct Dial: 206.359.6385
Direct Fax: 206.359.7385

-----Original Message-----
From: Dorsney, Kenneth L. [mailto:KDorsney@morrisjames.com]
Sent: Tuesday, March 27, 2012 4:06 PM
To: Al-Salam, Ramsey M. (Perkins Coie)
Cc: CConnolly@cblh.com; Eric Buether; Chris Joe (Chris.Joe@BJCIPLaw.com); Brian Carpenter (Brian.Carpenter@BJCIPLaw.com); Niky Bukovcan (Niky.Bukovcan@BJCIPLaw.com); Stark, Stevan R. (Perkins Coie); Kao, Christopher (Perkins Coie); Bernstein, Matthew C. (Perkins Coie)
Subject: Re: Microsoft's and Google's - Core Technical Documents

Why don't you provide the information in response to our request, i.e, the core technical documents? We will then provide our infringement contentions - just like the scheduling order provides. We will all be on the sane page then.

You continue to complain but have done nothing and produced nothing in a good faith effort to resolve your asserted problem. It appears self imposed at this point.

Sent from my iPhone

On Mar 27, 2012, at 6:54 PM, "Al-Salam, Ramsey M. (Perkins Coie)" <RAlsalam@perkinscoie.com<mailto:RAlsalam@perkinscoie.com>> wrote:

Ken:

Our conversations are obviously privileged but, as I've told you before, we are trying to gather core technical documents.  As I've also told you, however, the accused products have numerous functionalities and we should not have to guess what functionality is accused or produce core technical documents for all functionalities when the vast majority cannot possibly be accused.

I have never understood why GeoTag refuses to tell us the accused functionalities -- is it a secret?  Doesn't GeoTag want us to focus on what it considers infringing?   Is it trying to make it more difficult for us?   Is there any explanation you can provide?

Oy, you make life hard.

Ramsey M. Al-Salam | Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
*: 206.359.6385
7: 206.359.7385
*: <mailto:ralsalam@perkinscoie.com> ralsalam@perkinscoie.com<mailto:ralsalam@perkinscoie.com>
From: Dorsney, Kenneth L. [mailto:KDorsney@morrisjames.com]
Sent: Tuesday, March 27, 2012 3:30 PM
To: Al-Salam, Ramsey M. (Perkins Coie); <mailto:CConnolly@cblh.com>
CConnolly@cblh.com<mailto:CConnolly@cblh.com>
Cc: Eric Buether; Chris Joe (Chris.Joe@BJCIPLaw.com<mailto:Chris.Joe@BJCIPLaw.com>); Brian Carpenter (Brian.Carpenter@BJCIPLaw.com<mailto:Brian.Carpenter@BJCIPLaw.com>); Niky Bukovcan (Niky.Bukovcan@BJCIPLaw.com<mailto:Niky.Bukovcan@BJCIPLaw.com>); Stark, Stevan R. (Perkins Coie); Kao, Christopher (Perkins Coie); Bernstein, Matthew C. (Perkins Coie)
Subject: RE: Microsoft's and Google's - Core Technical Documents

Ramsey,

I have hearings in the morning and a school function at 1:30 p.m. EST for my son.  I should be available late afternoon to touch base with Chip and call the Court.  I will then be out of the office for the remainder of the week.  In the meantime, please let me know whether you discussed our informal requests with the technical folks at Microsoft or Google and attempted to produced core technical documents in response.  I also ask that before we have a conference with the Court you provide us with a summary of your efforts to produce documents responsive to our requests.

Best,

Ken

Morris James LLP

Kenneth L. Dorsney

Attorney at Law

kdorsney@morrisjames.com<mailto:kdorsney@morrisjames.com>

500 Delaware Ave., Ste. 1500 | Wilmington, DE 19801-1494

Mailing Address P.O. Box 2306 | Wilmington, DE 19899-2306

T 302.888.6855

F 302.571.1750

www.morrisjames.com<http://www.morrisjames.com>

_____
This communication may be subject to the attorney-client privilege or the attorney work product privilege or may be otherwise confidential.  Any dissemination, copying or use of this communication by or to anyone other than the designated and intended recipient(s) is unauthorized.  If you are not the intended recipient, please delete or destroy this communication immediately.
_____
To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein.


From: Al-Salam, Ramsey M. (Perkins Coie) [mailto:RAlsalam@perkinscoie.com]
Sent: Tuesday, March 27, 2012 5:53 PM
To: Dorsney, Kenneth L.; <mailto:CConnolly@cblh.com> CConnolly@cblh.com<mailto:CConnolly@cblh.com>
Cc: Eric Buether; Chris Joe (Chris.Joe@BJCIPLaw.com<mailto:Chris.Joe@BJCIPLaw.com>); Brian Carpenter (Brian.Carpenter@BJCIPLaw.com<mailto:Brian.Carpenter@BJCIPLaw.com>); Niky Bukovcan (Niky.Bukovcan@BJCIPLaw.com<mailto:Niky.Bukovcan@BJCIPLaw.com>); Stark, Stevan R. (Perkins Coie); Kao, Christopher (Perkins Coie); Bernstein, Matthew C. (Perkins Coie)
Subject: RE: Microsoft's and Google's - Core Technical Documents

Ken:

We are not saying we will not produce documents but, as you well know, we are saying we can't understand what functionalities are accused.  I've been raising this issue since my February 29th email, so it's not like this is some surprise.  I was (mis)led to believe that you would be getting us more information -- that did not happen.

Under Judge Andrews' rules, we are supposed to schedule a conference with him and then get a letter to him in advance.  You will have a chance to respond to the letter.  Are you refusing to even schedule the conference?  I've been telling you for more than a week we need to do this and I'm leaving the country tomorrow.

I assume you will at least schedule the conference, regardless of your view on the merits.  That's all we're asking. Thanks.

Ramsey M. Al-Salam |  Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099

*: 206.359.6385

7: 206.359.7385

*: <mailto:ralsalam@perkinscoie.com> ralsalam@perkinscoie.com<mailto:ralsalam@perkinscoie.com>
From: Dorsney, Kenneth L. [mailto:KDorsney@morrisjames.com]<mailto:[mailto:KDorsney@morrisjames.com]>
Sent: Tuesday, March 27, 2012 2:47 PM
To: Al-Salam, Ramsey M. (Perkins Coie); <mailto:CConnolly@cblh.com>
CConnolly@cblh.com<mailto:CConnolly@cblh.com>
Cc: Eric Buether; Chris Joe
(<mailto:Chris.Joe@BJCIPLaw.com>Chris.Joe@BJCIPLaw.com<mailto:Chris.Joe@BJCIPLaw.com>); Brian Carpenter
(<mailto:Brian.Carpenter@BJCIPLaw.com>Brian.Carpenter@BJCIPLaw.com<mailto:Brian.Carpenter@BJCIPLaw.com>);
Niky Bukovcan
(<mailto:Niky.Bukovcan@BJCIPLaw.com>Niky.Bukovcan@BJCIPLaw.com<mailto:Niky.Bukovcan@BJCIPLaw.com>)
Subject: RE: Microsoft's and Google's - Core Technical Documents

Please direct us to any authority supporting your position that the list of the accused products we timely produced does
not comply with our obligations. Please also explain why you are refusing to produce core technical documents
responsive to our informal requests. We provided them at your request even though we had no obligation to do so. It
seems to me that the better solution would be for you to produce the information we requested and then we will
evaluate it. If for some reason we believe your production does not comply with your obligations under the scheduling
order, we will seek a meet and confer to discuss.

Best,

Ken

Morris James LLP

Kenneth L. Dorsney

Attorney at Law

<mailto:kdorsney@morrisjames.com>kdorsney@morrisjames.com<mailto:kdorsney@morrisjames.com>

500 Delaware Ave., Ste. 1500 | Wilmington, DE 19801-1494

Mailing Address P.O. Box 2306 | Wilmington, DE 19899-2306

T 302.888.6855

F 302.571.1750

<http://www.morrisjames.com>www.morrisjames.com<http://www.morrisjames.com>

_____

This communication may be subject to the attorney-client privilege or the attorney work product privilege or may be
otherwise confidential. Any dissemination, copying or use of this communication by or to anyone other than the
designated and intended recipient(s) is unauthorized. If you are not the intended recipient, please delete or destroy this
communication immediately.

_____

To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax
advice contained in this communication (including any attachments) is not intended or written to be used, and cannot

be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein.

From: Al-Salam, Ramsey M. (Perkins Coie)
[mailto:RAlsalam@perkinscoie.com]<mailto:[mailto:RAlsalam@perkinscoie.com]>
Sent: Tuesday, March 27, 2012 5:30 PM
To: Dorsney, Kenneth L.; <mailto:CConnolly@cblh.com> CConnolly@cblh.com<mailto:CConnolly@cblh.com>
Cc: Eric Buether; Chris Joe
(<mailto:Chris.Joe@BJCIPLaw.com>Chris.Joe@BJCIPLaw.com<mailto:Chris.Joe@BJCIPLaw.com>); Brian Carpenter
(<mailto:Brian.Carpenter@BJCIPLaw.com>Brian.Carpenter@BJCIPLaw.com<mailto:Brian.Carpenter@BJCIPLaw.com>);
Niky Bukovcan
(<mailto:Niky.Bukovcan@BJCIPLaw.com>Niky.Bukovcan@BJCIPLaw.com<mailto:Niky.Bukovcan@BJCIPLaw.com>)
Subject: RE: Microsoft's and Google's - Core Technical Documents

The issue is to discuss whether we are entitled to more specificity on the accused functionalities -- what we have been discussing since early March.

Ramsey M. Al-Salam | Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
*: 206.359.6385
7: 206.359.7385
*: <mailto:ralsalam@perkinscoie.com> ralsalam@perkinscoie.com<mailto:ralsalam@perkinscoie.com>
From: Dorsney, Kenneth L. [mailto:KDorsney@morrisjames.com]<mailto:[mailto:KDorsney@morrisjames.com]>
Sent: Tuesday, March 27, 2012 2:29 PM
To: Al-Salam, Ramsey M. (Perkins Coie); <mailto:CConnolly@cblh.com>
CConnolly@cblh.com<mailto:CConnolly@cblh.com>
Cc: Eric Buether; Chris Joe
(<mailto:Chris.Joe@BJCIPLaw.com>Chris.Joe@BJCIPLaw.com<mailto:Chris.Joe@BJCIPLaw.com>); Brian Carpenter
(<mailto:Brian.Carpenter@BJCIPLaw.com>Brian.Carpenter@BJCIPLaw.com<mailto:Brian.Carpenter@BJCIPLaw.com>);
Niky Bukovcan
(<mailto:Niky.Bukovcan@BJCIPLaw.com>Niky.Bukovcan@BJCIPLaw.com<mailto:Niky.Bukovcan@BJCIPLaw.com>)
Subject: RE: Microsoft's and Google's - Core Technical Documents

Chip - Please let me know the basis of a proposed call with the Court because I do not agree that the Court should be bothered.  You are the only party with outstanding discovery/scheduling order obligations.  Are you refusing to comply with the Court's scheduling order and produce your core technical documents?

Best,

Ken


Morris James LLP

Kenneth L. Dorsney

Attorney at Law

<mailto:kdorsney@morrisjames.com>kdorsney@morrisjames.com<mailto:kdorsney@morrisjames.com>

500 Delaware Ave., Ste. 1500 | Wilmington, DE 19801-1494

Mailing Address P.O. Box 2306 | Wilmington, DE 19899-2306

T 302.888.6855

F 302.571.1750

<http://www.morrisjames.com>www.morrisjames.com<http://www.morrisjames.com>

---

This communication may be subject to the attorney-client privilege or the attorney work product privilege or may be otherwise confidential.  Any dissemination, copying or use of this communication by or to anyone other than the designated and intended recipient(s) is unauthorized.  If you are not the intended recipient, please delete or destroy this communication immediately.

---

To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein.

From: Al-Salam, Ramsey M. (Perkins Coie)
[mailto:RAlsalam@perkinscoie.com]<mailto:[mailto:RAlsalam@perkinscoie.com]>
Sent: Tuesday, March 27, 2012 5:07 PM
To: Dorsney, Kenneth L.; <mailto:CConnolly@cblh.com> CConnolly@cblh.com<mailto:CConnolly@cblh.com>
Cc: Eric Buether; Chris Joe
(<mailto:Chris.Joe@BJCIPLaw.com>Chris.Joe@BJCIPLaw.com<mailto:Chris.Joe@BJCIPLaw.com>); Brian Carpenter
(<mailto:Brian.Carpenter@BJCIPLaw.com>Brian.Carpenter@BJCIPLaw.com<mailto:Brian.Carpenter@BJCIPLaw.com>);
Niky Bukovcan
(<mailto:Niky.Bukovcan@BJCIPLaw.com>Niky.Bukovcan@BJCIPLaw.com<mailto:Niky.Bukovcan@BJCIPLaw.com>)
Subject: RE: Microsoft's and Google's - Core Technical Documents

Ken:

This is worthless to us.  This doesn't provide us any guidance, and I wish we hadn't wasted weeks waiting for this.   We need to call the court to schedule a conference about this as soon as possible. I think the court is closed today, but would you be available tomorrow morning?  What time?  Again, this will be just to get a time for the conference call. Thanks.

Ramsey M. Al-Salam |  Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
*: 206.359.6385
7: 206.359.7385
*: <mailto:ralsalam@perkinscoie.com> ralsalam@perkinscoie.com<mailto:ralsalam@perkinscoie.com>
From: Dorsney, Kenneth L. [mailto:KDorsney@morrisjames.com]<mailto:[mailto:KDorsney@morrisjames.com]>
Sent: Tuesday, March 27, 2012 1:43 PM
To: Al-Salam, Ramsey M. (Perkins Coie); <mailto:CConnolly@cblh.com>
CConnolly@cblh.com<mailto:CConnolly@cblh.com>
Cc: Eric Buether; Chris Joe
(<mailto:Chris.Joe@BJCIPLaw.com>Chris.Joe@BJCIPLaw.com<mailto:Chris.Joe@BJCIPLaw.com>); Brian Carpenter

(<mailto:Brian.Carpenter@BJCIPLaw.com>Brian.Carpenter@BJCIPLaw.com<mailto:Brian.Carpenter@BJCIPLaw.com>);
Niky Bukovcan
(<mailto:Niky.Bukovcan@BJCIPLaw.com>Niky.Bukovcan@BJCIPLaw.com<mailto:Niky.Bukovcan@BJCIPLaw.com>)
Subject: Microsoft's and Google's - Core Technical Documents

Ramsey,

We understand that you requested additional information in order to comply with your April 16, 2012, production deadline. Although not required by the rules or the Court's scheduling order, we prepared the below list of informal document requests from GeoTag, Inc. to Plaintiffs and Counter-Defendants Microsoft Corporation and Google Inc to assist you. This list is not meant to be exhaustive and contains only preliminary requests for production in order to assist Plaintiffs identify their core technical documents for initial document production purposes. We look forward to receiving this information on or before April 16th.

DEFINITIONS

1.      The term "record" as used herein refers to a row in a database table containing all the information about a single entry.

2.      The term "field" as used herein refers to a single unit of data stored as part of a database record. Each record is made up of one or more fields, which corresponds to the columns in a database table.

3.      The term "key" as used herein refers an attribute utilized to sort and/or identify data in some manner. A key is used to cross-reference data between relational tables in the database. Each database table may have a "primary key" which uniquely identifies a record.

4.      The term "requirements specification" as used herein refers to documents describing the necessary design requirements, including, but not limited to, purpose, scope, performance and functionality, of the Accused Products.
INFORMAL REQUESTS
Database Information and Schematics:

1.      For each accused instrumentality, provide documents sufficient to show the physical location of your data centers that house your geographical database(s).

2.      For each accused instrumentality, provide documents sufficient to identify your geographical database(s).

3.      For each accused instrumentality, provide documents sufficient to show the physical location of your data centers that house your non-geographical database(s) that contain content specific to the accused instrumentality.

4.      For each accused instrumentality, provide documents sufficient to identify your non-geographical database(s) that contain content specific to the accused instrumentality

5.      For each accused instrumentality, provide all database schematics related to your geographical database(s), including all tables residing in that database(s), and for each table identify all data fields and indicate whether a field is a key. Your database schematics should include, but should not be limited to, schematics for any database indexes that are associated with your geographic database.

6.      For each accused instrumentality, provide all schematics related to your non-geographical database(s) that contain content specific to the accused instrumentality, which uses and/or is used to correlate, link, or otherwise join entries contained in the geographic database(s). The schematics should include all tables residing in that database(s), and for each table identify all data fields and indicate whether a field is a key. Your database schematics should further

include, but should not be limited to, schematics for any database indexes that are associated with your non-geographical database(s) that contain content specific to the accused instrumentality.

Software Modules:

1.      For each accused instrumentality, provide all source code modules that define relationships between, link, or otherwise join your geographical database(s) and non-geographical database(s) that contain content specific to the accused instrumentality.  All source code modules should be provided in native format.

2.      For each accused instrumentality, provide all source code modules used in determining a user's location or geographic area of interest, including but not limited to "auto-detection" and user provided input.  All source code modules should be provided in native format.

3.      For each accused instrumentality, provide all source code modules that relate user input, any search query(ies) and/or crawl query(ies) to applicable entries in your geographical database(s) and your non-geographical database(s) that contain content specific to the accused instrumentality.  All source code modules should be provided in native format.

4.      For each accused instrumentality, provide all source code modules that provide a response and/or serve query(ies) based on entries in your geographical database(s) and your non-geographical database(s) that contain content specific to the accused instrumentality to user input and/or any search query. All source code modules should be provided in native format.

5.      For each accused instrumentality, provide all source code modules that associate a response to user input, search query(ies), and/or crawl query(ies) by one accused instrumentality to a response provided by other accused instrumentality(ies), where such response(s) are based on entries in your geographical database(s) and your non-geographical database(s) that contain content specific to the accused instrumentality.  All source code modules should be provided in native format.

Other Technical Documents:

1.      For each accused instrumentality, provide all requirements specification documents used or relied on to design or develop each software module and database described above.

2.      For each accused instrumentality, provide all data modeling documents used or relied on to design or develop each database described above.

3.      For each accused instrumentality, provide all diagram documents (e.g., Unified Modeling Language (UML) diagrams), including, but not limited to, structure, class, component, object, profile, composite structure, deployment, package, behavior, activity, use case, interaction, state machine, sequence, communication, interactive overview and timing diagrams, used to design and develop each software module identified above.

4.      For each accused instrumentality, provide sample database records for each of the databases identified above in the format they are stored and/or utilized by you in your regular course of business (i.e., native format).
Best,
Ken


Morris James LLP

Kenneth L. Dorsney

Attorney at Law

<mailto:kdorsney@morrisjames.com>kdorsney@morrisjames.com<mailto:kdorsney@morrisjames.com>

500 Delaware Ave., Ste. 1500 | Wilmington, DE 19801-1494

Mailing Address P.O. Box 2306 | Wilmington, DE 19899-2306

T 302.888.6855

F 302.571.1750

<http://www.morrisjames.com>www.morrisjames.com<http://www.morrisjames.com>

_____

This communication may be subject to the attorney-client privilege or the attorney work product privilege or may be otherwise confidential.  Any dissemination, copying or use of this communication by or to anyone other than the designated and intended recipient(s) is unauthorized.  If you are not the intended recipient, please delete or destroy this communication immediately.

_____

To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein.

_____

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department and IRS regulations, we inform you that, unless expressly indicated otherwise, any federal tax advice contained in this communication (including any attachments) is not intended or written by Perkins Coie LLP to be used, and cannot be used by the taxpayer, for the purpose of (i) avoiding penalties that may be imposed on the taxpayer under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or any attachments).

* * * * * * * * * *

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.