# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICROSOFT CORPORATION and GOOGLE INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 11-175-RGA |
| GEOTAG, INC., | ) ) ) | |
| Defendant and Counterplaintiff | ) ) | |

## DEFENDANT'S RESPONSE TO THE
## MOTION TO INTERVENE OF TALEO CORPORATION

        Kenneth L. Dorsney (#3726)
        MORRIS JAMES LLP
        500 Delaware Avenue, Suite 1500
        Wilmington, DE 19801
        (302) 888-6800
        kdorsney@morrisjames.com

        Christopher M. Joe
        Eric W. Buether
        Brian A. Carpenter
        Niky Bukovcan
        Mark D. Perantie
        BUETHER JOE & CARPENTER, LLC
        1700 Pacific Avenue
        Suite 2390
        Dallas, Texas 75201
        (214) 466-1272
        Niky.Bukovcan@BJCIPLaw.com

        **ATTORNEYS FOR DEFENDANT**
        **GEOTAG, INC.**

Dated: April 17, 2012

# **TABLE OF CONTENTS**

I.  SUMMARY OF ARGUMENT......................................................................................................1

II.  FACTUAL BACKGROUND ......................................................................................................2

III. ARGUMENT................................................................................................................................3

IV. CONCLUSION............................................................................................................................8

# TABLE OF AUTHORITIES

**Cases**                                                                                                          **Page**

*Codex Corp. v. Milgo Elec. Corp.*,
    553 F.2d 735 (1st Cir. 1977). ..............................................................................................7

*Privasys, Inc. v. Visa Int'l*,
    2007 U.S. Dist. LEXIS 86838, 10(N.D. Cal. Nov. 14, 2007)....................................................7

*Reedsburg Bank v. Apollo,*
    508 F.2d 995 (7th Cir. 1975) ...................................................................................................8

Defendant GeoTag, Inc. ("GeoTag") files this response to the Motion to Intervene filed by Taleo Corporation ("Taleo").

## I. SUMMARY OF ARGUMENT

Taleo's motion to intervene should be denied for essentially the same reasons this Court denied the motion to intervene filed by The Nielsen Company (US), LLC and Wilke Thornton, Inc., in *Where 2 Get It, Inc. v. GeoTag Inc.*, 1:11-cv-00223 (filed March 14, 2011) (the "*W2GI* case"). As with the proposed intervenors in the *W2GI* case, Taleo claims that it has received indemnity demands from a handful of customers who are already parties in the Texas litigation involving GeoTag. Microsoft and Google, on the other hand, assert that GeoTag's claims are directed at a hundred or more of their customers.

All of the identified Taleo customers were sued by GeoTag in Texas in December 2010. Apparently, Taleo has been representing the interests of these customers in the Texas litigation for several months. Taleo could have and should have intervened in the Texas litigation long ago if its desire to intervene were motivated by a genuine desire to "take GeoTag's claims against its products head on," as it now proclaims. Taleo could do so now conveniently and efficiently without interfering with litigation unrelated to its interests, such as this litigation involving Microsoft and Google. GeoTag would not oppose such a request for intervention.

In this regard, the Texas litigation is now pending before a single judge who has entered an order requiring all of the parties in that litigation to meet and confer and report to the Court about "the parties' detailed case management plan." Thus, if Taleo intervenes in the Texas litigation, it can participate in the formulation of a case management plan there that assures that GeoTag's claims against its customers are managed in the most efficient and fair manner possible. GeoTag already has proposed a case management plan where defendants whose

accused web sites use the same or similar technology to perform the infringing methods be tried together to increase the efficiencies in handling that litigation. GeoTag commits to working with Taleo to accomplish this shared objective. There is no reason why the efficiencies Taleo professes it seeks to achieve through intervention in this case cannot be better accomplished in the Texas litigation, where its customers are already parties.

Allowing Taleo to intervene in this litigation, however, will only interfere with and complicate this already complicated litigation involving different technology and accused products. The technology apparently provided by Taleo – location-based job search technology – is different from the technology at issue in this case provided by Microsoft and Google. The infringement issues relevant to the claims involving Taleo's technology will have little or nothing to do with such issues relating to Microsoft's and Google's accused products.

Also, as pointed out by GeoTag in its opposition to the motion to intervene in the *W2GI* case, Taleo must establish the existence of a jurisdictional basis for their claims independent of the jurisdiction that the Court has over the claims in the principal action – both subject matter and personal jurisdiction. Taleo has certainly not established any independent basis for personal jurisdiction over GeoTag with respect to its independent claims against it. Thus, there is no reason for this Court to allow Taleo to intervene here under at least questionable jurisdictional grounds when it can intervene without any jurisdictional doubts in the Texas litigation.

## II.  FACTUAL BACKGROUND

Plaintiffs Microsoft Corporation and Google, Inc. filed this action on March 1, 2011. On March 26, 2012, Taleo filed its motion to intervene. Taleo alleges that it "manufactures and supplies job search database software that allows job seekers to visit a Taleo customer's website and search for jobs by geographic area." Taleo Memorandum at 3. Taleo alleges that, in the

2

litigation initiated by GeoTag in Texas, GeoTag has sued nine of its customers for infringement of the `474 patent. *Id*. Taleo seeks to intervene in this lawsuit to assert their own claims against GeoTag seeking a declaration of noninfringement and invalidity of the `474 patent with respect to its own customers.

The nine Taleo customers were sued by GeoTag in December 2010. Taleo acknowledges that it became aware of the GeoTag litigation involving its customers by at least October 2011. In November 2011, GeoTag served detailed infringement contentions which Taleo asserts identify its location-based job search technology as an infringing product.[1]

All of the Texas litigation involving GeoTag has been assigned to Judge Michael H. Schneider of the United States District Court for the Eastern District of Texas, Tyler Division. On April 12, 2012, Judge Tyler issued an order requiring the parties in all of the Texas litigation to meet and confer regarding the issues set forth in Rule 26(f) of the Federal Rules of Civil Procedure, and submit a joint report to the Court "that reflects the parties' detailed case management plan" and appear for a scheduling conference on July 11, 2012. *See* Exhibit A. Judge Schneider also entered a protective order and an e-discovery order covering all of the Texas litigation.

### III. ARGUMENT

The Court should exercise its discretion under Rule 24(b) and deny Taleo's motion to intervene for essentially the same reasons it recently denied a virtually similar motion to intervene made by The Nielsen Company (US), LLC and Wilke Thornton, Inc., in the *W2GI* case. (see Exhibit B).

---

[1] Taleo's memorandum of law contains a number of factual assertions about GeoTag and the Texas litigation which are inaccurate. These assertions, however, are not germane to the

3

In *W2GI,* the proposed intervenors asserted that they "developed and offer a system that provides store locator functionality to a customer's website" and "WTI's customers have also been accused by defendant, GeoTag, Inc. [] of infringing U.S. Patent No. 5,930,474 ("the '474 Patent") based on their use of the locator system." *W2GI* Dkt. No. 22 at 1. They also asserted that "Nielsen and WTI are indemnifying their customers in the Texas Actions and must now take action to protect their interests before additional suits are filed by GeoTag implicating Nielsen and WTI's customers." *Id*. Nielsen and WTI sought to intervene in the *W2GI* case to assert their own claims against GeoTag seeking a declaration of noninfringement and invalidity of the `474 patent with respect to their own customers.

This Court denied the motion to intervene in *W2GI*. At the conclusion of the hearing on the motion, this Court announced its ruling as follows:

> I also didn't really see any reason why I should permit it. You know, there's two parties that are sued in Texas who are claiming indemnification, so I'm told, from Nielsen and the other company. And it just seems to me much more reasonable that if they want to be involved in the lawsuits, that they should intervene in the case where they're already -- they've already got their customer involved.
>
> And it just seems, you know, if they had a hundred customers, maybe that would be different because then you're adding one lawsuit here to the hundred that are already there.
>
> Here you've got a total essentially of two lawsuits in Texas, and now we want to create two more in Delaware. And so I'm going to assume that Nielsen and the other company could intervene, but I'm going to deny that as a matter of discretion.

3/6/12 Tr. in *W2GI* at 23-24: see also Exhibit B.

Taleo does not provide any good reason for the Court not to do the same thing in this case. As with the proposed intervenors in *W2GI*, Taleo asserts claims that it has received

---

intervention issue before the Court and, therefore, GeoTag will not occupy the Court's time with

indemnity demands from a handful of customers who are already parties in the Texas litigation involving GeoTag. Unlike Microsoft and Google, Taleo does not claim that it has a hundred or more customers who are the target of GeoTag's infringement claims. Nor has Taleo provided the Court with any credible evidence that there is a reasonable likelihood that it might be faced with an appreciable number of additional indemnity demands from customers in the foreseeable future. All nine of the Taleo customers identified in its motion were sued in December 2010. None have been sued by GeoTag since then. Taleo's speculation that additional customers will be sued by GeoTag is just that – speculation.

Furthermore, Taleo acknowledges that it has been aware of GeoTag's claims against its customers since October 2011, and that it has been indemnifying and controlling the representation of its customers sued in the Texas litigation since then. Taleo, therefore, has ample time to intervene in the Texas litigation and appear directly on its own behalf as well as its customers. As this Court observed in the *W2GI* case, "it just seems to me much more reasonable that if they [the proposed intervenors] want to be involved in the lawsuits, that they should intervene in the case where they're already – they've already got their customer involved." 3/6/12 Tr. in *W2GI* at 23. Similarly, Taleo should intervene in the Texas litigation – where its customers are already parties -- if it has a genuine desire to "take GeoTag's claims against its products head on."

Taleo's attempt to distinguish itself from the proposed intervenors in *W2GI* is to no avail. The fact that Taleo has nine customers sued in the Texas litigation as compared to the proposed intervenors in *W2GI* having two is a distinction without a meaningful difference. Allowing Taleo to intervene in this case will result in a material increase in duplicative litigation resulting

---

an item-by-item refutation of these assertions.

5

in an appreciable increase in the amount of judicial and party resources required to deal with such unnecessary and duplicative litigation.

In addition, allowing Taleo to intervene in this lawsuit will not result in a more efficient handling of the GeoTag's claims against its customers. Significantly, Judge Schneider in Texas has entered an order requiring all of the parties in that litigation to meet and confer and report to the Court about "the parties' detailed case management plan." Thus, Taleo can participate in the formulation of a case management plan in the Texas litigation that can assure that GeoTag's claims against its customers are managed in the most efficient and fair manner possible. GeoTag commits to working with Taleo to accomplish this shared objective. Pretrial proceedings in the five lawsuits involving Taleo customers are being coordinated with the other Texas litigation. If Taleo is correct that the accused systems of its customers are all similar if not the same in design and function, the Texas court could schedule a single trial of all of these customers. There is no reason why the efficiencies Taleo professes it seeks to achieve through intervention in this litigation cannot be better accomplished in the Texas litigation, where its customers are already parties.

Indeed, the customers of Taleo sued by GeoTag in Texas are **not** "merely 'peripheral,'" and unable "to meaningfully contribute to resolving the real dispute between GeoTag and Taleo," as Taleo contends. Taleo's customers are the primary beneficiaries of their use of their infringing location-based job search systems. The value of the location-based job search technology to Taleo's customers who use that technology to improve the effectiveness of their recruiting efforts and to lower the cost of such efforts is substantially larger than the value of that technology to any vendor of that technology – who does not derive such significant benefits from providing the technology to others.

6

As the courts have recognized, "[t]here may be situations, due to the prospects of recovery of damages or other reasons, in which the patentee has a special interest in proceeding against a customer himself, rather than solely as a shadow of the manufacturer." *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 738 n.6 (1st Cir. 1977). *See also Privasys, Inc. v. Visa Int'l*, 2007 U.S. Dist. LEXIS 86838, 10-13 (N.D. Cal. Nov. 14, 2007) (Plaintiff also argues that it has special reasons to pursue claims against Visa's customer banks because it has significant damages claims against them. Thus, even if the "customer suit" exception to the forum rule applied here, the Court would not be inclined to stay the proceedings against Chase and Wells Fargo.") This is one of those cases where GeoTag has a special interest in proceeding against the users of location-based search technology who are the principal beneficiaries of the technology covered by the `474 patent.

Consequently, having Taleo and its customers involved in the same litigation – in Texas – will be the most efficient way to manage GeoTag's claims against those customers while affording Taleo the opportunity to oppose those claims "head on." Allowing Taleo to intervene in this case will result in unnecessary duplication of litigation and waste this Court's valuable resources.

Even worse, allowing Taleo to intervene in this lawsuit will unnecessarily add to the complexity of this already complex litigation. The technology apparently provided by Taleo – location-based job search technology – is different from the technology at issue in this case provided by Microsoft and Google. The infringement issues relevant to the claims involving Taleo's technology will have little or nothing to do with such issues relating to Microsoft's and Google's accused products. Undoubtedly, the Court will have to formulate special deadlines for the litigation involving Taleo because the existing parties are already proceeding with the

production and review of source code and other discovery. There is no good reason to allow Taleo to inflict additional burdens and complications on the Court and the parties in this case when Taleo can accomplish its objectives by intervening in the Texas litigation.

Finally, in the *W2GI* case, GeoTag pointed out other reasons for denying the proposed intervention that apply equally here. The most significant reason is that Taleo has failed to establish an independent basis for personal jurisdiction over GeoTag with respect to its independent claims against GeoTag. Taleo attempts to sidestep this issue by falsely asserting that this Court "rejected that argument." Taleo Memorandum at 10-11. The Court did not reach this issue in its ruling in *W2GI*.

GeoTag submits that the case law it cited in the *W2GI* case establishes that a proposed intervenor must establish independent personal as well as subject matter jurisdiction to be entitled to intervene. As the court in *Reedsburg Bank* cited by GeoTag in that case declared, "there is no compelling reason to permit the litigation of a claim or defense that could not have been asserted had the intervenor been an original plaintiff or defendant." 508 F.2d at 1000. Thus, there is no reason for this Court to allow Taleo to intervene here under at least questionable jurisdictional grounds when it can intervene without any jurisdictional doubts in the Texas litigation.[2]

## IV. CONCLUSION

For all of the reasons discussed above, the Court should deny Taleo's motion to intervene.

Dated: April 17, 2012

---

[2] Pursuant to Fed.R.Civ. P. 10(c), GeoTag adopts by reference its arguments in its opposition to the Motion to Intervene in the *W2GI* case.

8

By: */s/ Kenneth L. Dorsney*
Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801
(302) 888-6800
kdorsney@morrisjames.com

Christopher M. Joe
Eric W. Buether
Brian A. Carpenter
Niky Bukovcan
Mark D. Perantie
BUETHER JOE & CARPENTER, LLC
1700 Pacific Avenue
Suite 2390
Dallas, Texas 75201
(214) 466-1272
Niky.Bukovcan@BJCIPLaw.com

**ATTORNEYS FOR DEFENDANT GEOTAG, INC.**