**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

Arthur G. Connolly, III
Partner

DIRECT DIAL:   (302) 888 6318
DIRECT FAX:    (302) 658 0380
EMAIL:         AConnollyIII@cblh.com
REPLY TO:      Wilmington Office

WILMINGTON, DE

The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

May 4, 2012

**BY E-FILING**

The Honorable Richard G. Andrews
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801-3570

    Re:    *Google Inc. and Microsoft Corp. v. GeoTag*, No. 1:11-cv-175-RGA

Dear Judge Andrews:

    Microsoft respectfully requests the Court's assistance in resolving a discovery-related dispute with Defendant GeoTag.

    On February 23, 2012, Microsoft served its *First Set of Common Interrogatories* to defendant GeoTag, which contains eight straightforward interrogatories (attached herein as Exhibit A). GeoTag, however, refused to answer most of the interrogatories. *2012-03-27 GeoTag's Responses to Plaintiffs' First Set of Interrogatories* (attached herein as Exhibit B). Specifically for Interrogatories #4, 5, and 8, instead of answering them straightforwardly, GeoTag has "referred" Microsoft to the entirety of its production, which is over 100,000 pages. Exhibit B at 9-12, 14-16. Only for Interrogatory #4 has GeoTag provided any further specificity, but even that is still over 8,000 pages of documents. Exhibit B at 10. Microsoft informed GeoTag on Friday, April 27, that its responses were deficient and gave GeoTag until yesterday, May 3, to decide whether it would agree to supplement with substantive responses. GeoTag refused. Accordingly, Microsoft has been left with no choice but to seek the Court's assistance in resolving this dispute.

    The interrogatories in dispute are straightforward and GeoTag is certainly capable of providing a more straightforward answer than directing Microsoft to the entirety of its production. Interrogatory #4 asks GeoTag to simply provide the "facts and circumstances of the alleged conception and reduction to practice of the purported invention in the claim"; interrogatory #5 asks GeoTag to provide the "facts and circumstances surrounding the ownership and assignment history of the '474 Patent"; and interrogatory #8 asks GeoTag to provide its evidence of nonobviousness of the '474 patent. Exhibit A at 7-9. Instead of answering, GeoTag has referred Microsoft to an almost indecipherable collection of productions from previous cases and ZIP files:

> Without waiving any of its general and specific objections and based on GeoTag's current understanding of this Interrogatory, GeoTag refers Plaintiffs to documents Bates numbered as follows:

The Honorable Richard G. Andrews
May 4, 2012
Page 2

> **GeoTag Productions by BJC**
> 2011 11 21 GEOTAG00000001 - GEOTAG00001302 3-2 Production.zip
> 2012 01 23 GEOBJC00000001 - GEOBJC00012361 Revised (Depositions.zip, Productions.zip)
> 2012 01 23 GEOBJC00000001 - GEOBJC00012361 Metadata.zip
> 2012 02 24 GEOBJC00012362 - GEOBJC00016893.zip
>
> **Geomas Productions**
> 2009 02 02 GEO001579 - GEO102921.zip
> M2.RENNICK0001 - M2.RENNICK0754 (AEO).zip
>
> **GeoTag Productions by Collins Edmonds**
> GEO000001 – GEO015941 & GEO100000 – GEO101978 (IMG# 1-17859).zip
> (These documents are being re-bates numbered with a GEOCEP prefix due to bates numbering issues encountered with the Collins Edmonds production)

*See* Exhibit B at 10, 11-12, 16. These responses are facially deficient because they do not even confirm that the answer to the interrogatory can be found within these ranges or that GeoTag is in fact relying on Federal Rule of Civil Procedure 33(d) in lieu of answering. *See Al Barnett & Son, Inc. v. Outboard Marine Corp.*, 611 F.2d 32, 33 n.2 (3d Cir. 1979) ("the party served with the interrogatory must specify that the supplied records contain the desired information and cannot simply supply documents with an indication that they may or may not contain the information sought when [the Rule 33(d)] method to answer is used.").

Even assuming that GeoTag attempts to rely on Rule 33(d) in lieu of answering, such attempt fails because the Rule 33(d)'s prerequisite is not met. Rule 33(d) states:

> **Option to Produce Business Records**. If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and **if the burden of deriving or ascertaining the answer will be substantially the same for either party**, the responding party may answer by:
>
> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
>
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed. R. Civ. P. 33(d) (emphasis added). Due to the extensive knowledge of its own records and the alleged invention, the burden for GeoTag to derive or ascertain the answer for Interrogatories # 4, 5, and 8, that is, the alleged conception and reduction to practice, the patent ownership and assignment, and any evidence of nonobviousness, is substantially less than for Microsoft. *See Bigband Networks, Inc. v. Imagine Commc'ns., Inc.*, Civil Action No. 07-351-JJF, 2010 WL 2898288, at *2 (D. Del. July 20, 2010) (finding defendant's Rule 33(d)-type interrogatory

The Honorable Richard G. Andrews
May 4, 2012
Page 3

response as deficient because "the burden of providing greater specificity is not substantially the same between the parties [due to defendant's] extensive knowledge of its own source code means.").

Even further assuming that Rule 33(d) is applicable here, GeoTag's broad reference to its entire production set is a deficient answer under Rule 33(d). The Advisory Committee Notes to Rule 33 explicitly state that "directing the interrogating party to a mass of business records or by offering to make all of their records available… [is an] abuse of this option." *Id.* "A party who is permitted by the terms of this subdivision to offer records for inspection in lieu of answering an interrogatory should offer them in a manner that permits the same direct and economical access that is available to the party. If the information sought exists in the form of compilations, abstracts or summaries then available to the responding party, those should be made available to the interrogating party. The final sentence is added to make it clear that a responding party has the duty to specify, by category and location, the records from which answers to interrogatories can be derived." *Id.*

In *Scripps*, this Court held that reference to 6,700 documents in response to several interrogatories did not constitute specifying the records as required by Rule 33. *Scripps Clinic & Research Foundation v. Baxter Travenol Labs., Inc.*, CIV. A. No. 87–140–CMW, 1988 WL 70013 (D. Del. 1988); *see also Willemijn Houdstermaatschaapij BV v. Apollo Computer Inc.*, 707 F. Supp. 1429, 1440 (D. Del. 1989) (finding response improper under Rule 33 as it failed to "to specify the category and location of those records which contain the responses to the interrogatory"); *R.W. Thomas Const. Management Co., Inc. v. Corrugated Services, Inc.*, 95-cv-2131, 1995 WL 592539, at *1 (E.D. Pa. Oct. 2, 1995) (finding plaintiff's identifying 95 documents in response to 13 interrogatories insufficient).

Similarly, GeoTag cannot argue that it has specified the records that must be reviewed in sufficient detail to enable Microsoft to locate and identify them as readily as GeoTag could. In fact, for Interrogatories #5 and 8, GeoTag simply referred Microsoft to the entire production set and failed to specify in *any* detail at all. Forcing Microsoft to sort through all of GeoTag's 100,000-page-plus production in order to find the answers completely undermines the purpose of interrogatories and is an abuse of Rule 33(d).

For the reasons stated above, Microsoft respectfully requests the Court compel GeoTag to, within 10 days of this hearing:
(1) answer Interrogatories # 4, 5, and 8 in outright narratives with specific details, with reference to documents that support those specific details;
(2) identify specific documents by individual bates numbers if Rule 33(d) is used in answering any interrogatory; and
(3) identify persons knowledgeable about the matters described in Interrogatories # 4, 5, and 8.

The Honorable Richard G. Andrews
May 4, 2012
Page 4

                                        Respectfully,

                                        */s/Arthur G. Connolly III*

                                        Arthur G. Connolly, III (#2667)

cc: All Counsel of Record (*by CM/ECF*)

47533019