# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICROSOFT CORPORATION and GOOGLE INC., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| - vs. - | ) Case No. 1:11-cv-00175-RGA<br>) |
| GEOTAG, INC., | )<br>) |
| Defendant. | )<br>) |

**PLAINTIFFS' FIRST SET OF COMMON INTERROGATORIES
TO DEFENDANT GEOTAG, INC. (NOS. 1-8)**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiffs and Counterclaim-Defendants Microsoft Corporation ("Microsoft") and Google Inc. ("Google") hereby request that Defendant and Counterclaim-Plaintiff Geotag Inc. ("Geotag") respond to the following First Set of Common Interrogatories in writing within thirty (30) days from the date of service hereof. These Requests are continuing. As such, Geotag must supplement its responses in a timely manner in accordance with Federal Rule of Civil Procedure 26(e) as additional or corrective information comes to its or its counsel's attention.

## DEFINITIONS

1. "Geotag," "Defendant," "you," and "your" mean Geotag Inc., the entity named as Defendant in the Complaint; any predecessor or successor of Geotag; and any past or present parent, division, department, subsidiary, affiliate, joint venture, associated organization, director, officer, agent, manager, employee, consultant, accountant, staff, member or other representative of Geotag, including counsel and patent agents.

2. "Plaintiffs" means Microsoft Corporation and Google Inc.

3. "'474 patent" and "Patent-in-Suit" mean United States Patent No. 5,930,474.

4. "Related patents/applications" means (a) all divisional, continuation, and continuation-in-part applications of any of the applications from which the '474 patent issued, and any application that shares the same or substantially similar specification, or a portion thereof, as the '474 patent; (b) all patents issuing from the applications described in (a); (c) all reissues and reexaminations of the '474 patent or any of the patents described in (b); and (d) all foreign counterpart patent applications and foreign counterpart patents to any of the patents or applications described in (a) or (b) above.

5. "Claimed subject matter" means any instrumentality and/or other subject matter allegedly covered by one or more claims of the '474 patent.

6. "Asserted claim(s)" means any claim(s) you contend are infringed by either of the Plaintiffs.

7. "Texas Actions" means any and all of the lawsuits that Geotag has filed in the Eastern District of Texas accusing defendants of infringing the '474 Patent.

8. "Instrumentality" means any machine, manufacture, apparatus, device, system, software, process, or method which is designed to function together electrically, mechanically,

chemically, or otherwise, to achieve a particular function or purpose, including those offered for sale, sold, imported, or under development.

9. "Prior art" means all publications, patents, specimens, uses, sales, offers for sale or other activities relating to the subject matter of a patent and having or occurring at a date such as to be material to the patentability of a patent and/or potentially relevant under any subsection of 35 U.S.C. § 102 or 35 U.S.C. § 103.

10. "PTO" means the United States Patent and Trademark Office.

11. "Document" shall have the meaning accorded by Rule 34(a) of the Federal Rules of Civil Procedure including, but not limited to all of the matters defined in Rule 1001 of the Federal Rules of Evidence and any written, printed, typed, recorded, magnetic, punched, copied, graphic, or other tangible thing in which information may be embodied, translated, conveyed, or stored. If a draft document has been prepared in several copies that are not identical, or if the original identical copies are no longer identical due to subsequent notation, each non-identical document is a separate document.

12. "Thing" shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure.

13. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), and encompasses every medium of information transmittal, including but not limited to oral, written, graphic, and electronic communication.

14. "Person" means an individual, proprietorship, partnership, firm, corporation, association, governmental agency, or other organization or entity.

15. "Employee" means any director, trustee, officer, employee, partner, corporate parent, subsidiary, affiliate or servant of the designated entity, whether active or retired, full-time or part-time, current or former, and compensated or not.

16. "Accused Products" means all of Plaintiffs' instrumentalities that Geotag contends infringe any of the asserted claims of the '474 patent, including but not limited to the products identified by Geotag in Paragraphs 6, 7, 8, 17, 18 and 19 of its Counterclaim.

17. "Include" or "including" are to be read as followed by the phrase "without limitation," so as to acquire the broadest meaning possible.

18. "Concern," "concerning," "evidence," "evidencing," "relating to," "relate to," "relates to," "related to," "referring or relating to," "referring to," "regarding," and "refer or relate to" shall be construed broadly to mean in whole or in part alluding to, responding to, concerning, relating to, connected with, involving, commenting on, in respect of, about, associated with, discussing, evidencing, showing, describing, reflecting, analyzing, summarizing, memorializing, consisting of, constituting, identifying, stating, tending to support, tending to discredit, referring to, or in any way touching upon.

19. "And" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

20. "Any" and "each" should be understood to include and encompass "all."

21. Where appropriate, the singular form of a word should be interpreted in the plural and vice versa, to acquire the broadest possible meaning.

22. Plaintiffs' use of terms, phrases, and definitions is for convenience and no term, phrase, or definition shall be construed as an admission by Plaintiffs.

## INSTRUCTIONS

1. The specificity of any later request should not be construed to limit the generality or reach of these requests. Nor should the specificity of these requests be construed to limit the generality or reach of any later requests.

2. "Identify" when used with respect to a person means to state the person's: (1) full name, (2) present or last known home and business addresses, (3) present or last known telephone number, (4) present or last known business affiliation, and (5) present or former affiliation with Defendant, if any. "Identify" when used with respect to a document means to state (1) the author of the document, (2) each person to whom the document was addressed and to whom a copy of the document was given or sent, (3) the date appearing on the face of the document, (4) the general nature or a description of the document (i.e., whether it is a letter, memorandum, drawing, *etc.*), and (5) the present or last known custodian of the document. "Identify" when used with respect to a corporation means to state (1) its name, (2) its place of incorporation or organization, (3) its principal place of business, and (4) the identity of all persons affiliated with the corporation who have knowledge of the matter with respect to which it is named in an interrogatory answer.

3. These Requests are ongoing within the meaning of Federal Rule of Civil Procedure 26(e) so as to require you to provide supplemental responses and document production as new information is discovered or becomes available.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Separately for each Plaintiff and Accused Product, on a claim limitation by claim limitation basis and in a claim chart format, identify how each of the Accused Products embodies or practices each asserted claim of the '474 Patent, including without limitation whether Geotag contends that the alleged infringement is direct, induced, and/or contributory (and the specific elements of inducement and/or contributory infringement, including the identity of the direct infringer) and whether the alleged infringement is literal, under the doctrine of equivalents, or both, and identify all documents or other evidence that support your contention that the claim limitations are met by each Accused Product.

**INTERROGATORY NO. 2:**

Separately for each Plaintiff and each asserted claim of the '474 Patent, describe all investigations made by or on behalf of Geotag prior to the filing of its Counterclaim in this action regarding whether any claims of the '474 Patent are infringed by any of the Accused Products, including without limitation identifying: the person(s) involved in the investigation(s); the person(s) to whom reports were made; the person(s) involved in the approval of the filing of the Counterclaim; the date of the investigation; the names of the Products that were the subject of the investigation; the public information considered in the investigation; any other items or information considered in the investigation; when and where such information and items were obtained; the conclusions reached in the investigations; all documents considered in, referring to or describing such investigations, including any claim charts prepared during the investigation; and the date on which you first became aware of your contention that each of Plaintiffs' Accused Products infringe the '474 Patent.

**INTERROGATORY NO. 3:**

Separately for each Plaintiff and each asserted claim of the '474 Patent, describe all investigations made by or on behalf of Geotag prior to the filing of the Complaints in the Texas Actions regarding whether any claims of the '474 Patent are infringed by any use of any of the Accused Products by any defendant in the Texas Actions, including without limitation identifying: the person(s) involved in the investigation(s); the person(s) to whom reports were made; the person(s) involved in the approval of the filing of the Complaints; the date of the investigation; the names of the Products that were the subject of the investigation; the public information considered in the investigation; any other items or information considered in the investigation; when and where such information and items were obtained; the conclusions reached in the investigations; all documents considered in, referring to or describing such investigations, including any claim charts prepared during the investigation; and the date on which you first became aware of your contention that the use by any defendant in the Texas Actions of any of Plaintiffs' Accused Products infringes the '474 Patent.

**INTERROGATORY NO. 4:**

Separately for each asserted claim of the '474 Patent, describe all of the facts and circumstances of the alleged conception and reduction to practice of the purported invention in the claim, including without limitation: a description of the facts and circumstances of the alleged conception and reduction to practice; a description of all alleged diligence between conception and reduction to practice; identifications of alleged dates of conception and reduction to practice; identification of all persons involved in, and persons most knowledgeable about, the conception, reduction to practice, and diligence between conception and reduction to practice; and identification of any documents or other evidence that support your allegations concerning conception, reduction to practice, and diligence between conception and reduction to practice.

**INTERROGATORY NO. 5:**

Describe all the facts and circumstances surrounding the ownership and assignment history of the '474 Patent, including without limitation: a description of the circumstances surrounding Geotag's acquisition of the '474 Patent; identification of all individuals and entities involved in the transfer of ownership of the '474 Patent; and identification of all documents or other evidence concerning the ownership and assignment history of the '474 Patent.

**INTERROGATORY NO. 6:**

Separately for each Plaintiff, state all facts that support your contentions in Paragraphs 10 and 21 of your Counterclaim that Plaintiffs acted despite an objectively high likelihood that their actions constitute an infringement of your valid patent rights, and identify all documents or other evidence that support your contentions.

**INTERROGATORY NO. 7:**

Separately for each Plaintiff, state all facts that support your contentions in Paragraphs 11 and 22 of your Counterclaim that you have and will continue to suffer irreparable harm as a result of Plaintiffs' alleged infringement, and identify all documents or other evidence that support your contentions.

**INTERROGATORY NO. 8:**

Separately for each asserted claim of the '474 Patent, state all facts that support any contention by you that the alleged inventions of the '474 Patent are not obvious, including but not limited to whether the subject matter of any claim allegedly satisfied a long felt need in the art to which it pertains, whether the industry failed to solve problems that allegedly are solved by the subject matter of any claim, whether experts in the industry allegedly expressed skepticism relating to the subject matter of any claim, whether the subject matter of any claim allegedly has been a commercial success (including through licensing); whether the industry allegedly has

recognized the significance of the subject matter of any claim, whether the subject matter of any claim allegedly has been copied by others in the industry, and whether the subject matter of any claim allegedly achieved unexpected results.

| | |
|---|---|
| Dated: February 23, 2012 | By: /s/Arthur G. Connolly, III<br>Arthur G. Connolly III (#2667)<br>AConnollyIII@cblh.com<br>CONNOLLY BOVE LODGE & HUTZ LLP<br>1007 North Orange Street<br>Post Office Box 2207<br>Wilmington, DE 19899<br>Tel: (302) 888-6318 / Fax: (302) 658-5614<br><br>Ramsey M. Al-Salam (*Pro Hac Vice*)<br>ralsalam@perkinscoie.com<br>PERKINS COIE LLP<br>1201 Third Avenue, Suite 4800<br>Seattle, WA 98101-3099<br>Tel: (206) 359-8000 / Fax: (206) 359-9000<br><br>Attorneys for Plaintiffs |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on counsel for GeoTag, Inc., by email pursuant to the agreement of the parties, this 23rd day of February, 2012.

| | |
|---|---|
| Kenneth L. Dorsney<br>Morris James LLP<br>kdorsney@morrisjames.com | Christopher M. Joe<br>Buether Joe & Carpenter, LLC<br>Chris.Joe@BJCIPLaw.com |
| Mary Matterer<br>Morris James LLP<br>mmatterer@morrisjames.com | Eric W. Buether<br>Buether Joe & Carpenter, LLC<br>Eric.Buether@BJCIPLaw.com |
| | Brian A. Carpenter<br>Buether Joe & Carpenter, LLC<br>Brian.Carpenter@BJCIPLaw.com |
| | Mark D. Perantie<br>Buether Joe & Carpenter, LLC<br>Mark.Perantie@BJCIPLaw.com |
| | Niky Bukovcan<br>Buether Joe & Carpenter, LLC<br>Niky.Bukovcan@BJCIPLaw.com |

/s/Arthur G. Connolly, III
    Arthur G. Connolly, III (#2667)