Exhibit B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MICROSOFT CORPORATION and GOOGLE INC.,
   Plaintiffs,

     - vs. -

GEOTAG, INC.,

   Defendant.

Case No. 1:11-cv-00175-RGA

## DEFENDANT GEOTAG, INC.'S RESPONSES TO PLAINTIFFS' FIRST SET OF COMMON INTERROGATORIES TO DEFENDANT GEOTAG, INC. (NOS. 1-8)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant and Counter-Plaintiff GeoTag, Inc. ("GeoTag"), hereby serves its objections and responses to Plaintiffs and Counter-Defendants Microsoft Corporation's and Google Inc.'s (collectively, "Plaintiffs") First Set of Common Interrogatories (Nos. 1-8) as follows:

## PRELIMINARY STATEMENT

GeoTag's response is subject to the following qualifications and explanations, which applies to the Interrogatories and which is incorporated in full by this reference into the responses below as if fully set forth therein:

1.  GeoTag has not completed its investigation of the facts relating to this case, has not completed formal discovery, has not received all pertinent discovery from Plaintiffs, and has not completed preparation for trial.  Therefore, GeoTag responds without prejudice to its right to produce evidence of any subsequently discovered fact or facts or otherwise to assert factual and legal contentions as additional facts are ascertained, documents are located, and analyses are made.  GeoTag's responses are based on GeoTag's reasonable inquiries and investigations

1

concerning the information currently within its possession, custody, and control.   Because discovery is continuing and the Court has not yet issued a claim construction order, GeoTag provides these responses without prejudice to its right to amend or supplement its responses.

2.      Any records specified pursuant to Rule 33(d) are merely exemplary and are not intended to be exhaustive.   Additional records containing relevant information may exist, and GeoTag reserves the right to rely on any such records in this litigation.   The records that must be reviewed in their entirety pursuant to Rule 33(d) are specified by a beginning production number for each record or by a range of production numbers for a group of records.

3.      Each of the following responses is made solely for the purpose of this action. Each response is subject to all objections as to privilege, relevance, materiality, admissibility, authenticity, competency and hearsay, and to any and all objections on any ground that would require exclusion of any response therein if it were introduced in court.   All objections and grounds are expressly reserved and may be interposed at the time of trial.

## RESERVATION OF RIGHTS

With respect to any information that GeoTag may produce to Plaintiffs in response to their Interrogatories, GeoTag reserves and shall retain:

a.      the right to challenge the use of the information by Plaintiffs on evidentiary grounds including, but not limited to, questions of authenticity, relevancy, materiality, and admissibility;

b.      the right to object to the use of such information;

c.      the right to object on any grounds, at any time, to other discovery seeking similar information;

d.      the right to supplement its response and to make further objections as may

become apparent throughout the discovery process; and

e.      the right to redact information not relevant to any claim or defense from documents produced in response to these requests

## GENERAL OBJECTIONS

The following general objections are incorporated by reference and apply to Plaintiffs' Interrogatories, whether or not one or more general objections are expressly referred to in the specific response.  The specific response may repeat a general objection for emphasis or any other reason and/or may also include one or more specific objections.  The failure to include any general objection in any specific response shall not be interpreted as a waiver of any general objection with respect to that or any other response.

1.      GeoTag objects to the Interrogatories to the extent they seek information that is neither relevant to any material issue, claim, or defense in this action, nor reasonably calculated to lead to the discovery of admissible evidence and therefore subjects GeoTag to harassment, oppression, unwarranted annoyance, and undue burden and expense.

2.      GeoTag objects to the Interrogatories to the extent that they seek information protected by the attorney-client, joint-defense, and common-interest privileges, the work-product doctrine, or any other applicable privilege.  Nothing contained in the responses below is intended to be, nor should be considered, a waiver of any attorney-client privilege and/or work-product doctrine, the settlement privilege, right of privacy, common-interest privilege, or any other applicable privilege, doctrine, immunity, or exemption.  An objection based on the attorney-client privilege and/or the work product doctrine shall not be construed as a representation that such information exists or existed.  Such objections indicate only that the requests are of such a scope as to embrace subject matter protected by the attorney-client privilege and/or the work

product doctrine.  Any document or thing that would otherwise be produced, but is withheld on the grounds of an applicable privilege or immunity and dated, prepared, or received before the commencement date of the present action will be identified on a separate withheld document log to the extent required by the Federal Rules of Civil Procedure and the Local Rules.

3.     GeoTag objects to the Instructions to the extent that they impose burdens different from or in addition to those required by the Federal Rules of Civil Procedure, the Local Rules, or the Court's Orders.

4.     GeoTag objects to the Interrogatories to the extent that they mischaracterize GeoTag or any fact alleged by GeoTag.  By responding to the Interrogatories, GeoTag does not admit that Plaintiffs' characterizations are accurate or correct.  GeoTag objects to the phrasing of the Interrogatories to the extent that the terms used therein have legal significance to the allegations of the Complaint.  Nothing in these, or in any other responses to Plaintiffs' discovery, can be taken as an admission that GeoTag agrees with Plaintiffs' use or interpretation of relevant terms.

5.     GeoTag objects to the Interrogatories to the extent they seek information or documents that are not in GeoTag's possession, custody, or control.

6.     GeoTag objects to the Interrogatories to the extent they seek premature disclosure of expert opinions.

7.     GeoTag objects to the Interrogatories to the extent they attempt to require Defendant to provide a premature *Markman*-type claim construction analysis.

7.     Section 3(e) of the Court's Scheduling Order (D.I. 42) permits Plaintiffs to serve up to 10 common interrogatories to the Defendant, and permits Plaintiffs to serve up to 15 individual interrogatories to the Defendant.  As set forth below, Plaintiffs' Interrogatories (Nos.

4

1-8) contain multiple discrete subparts within the meaning of Fed. R. Civ. P. 33, and as such constitute more than eight interrogatories as designated by Plaintiffs, and will be treated as such for the purposes of the interrogatory limit set forth in the Court's Scheduling Order.

      8.     Any objection or lack of objection to the Interrogatories or any offer to produce information is not to be deemed by Plaintiffs as an admission by GeoTag that such information exists or that GeoTag possesses information called for in the request.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

      1.     GeoTag objects to Instruction No. 2 to "identify" as it seeks to impose obligations beyond those set forth in the Federal Rules of Civil Procedure.  GeoTag also objects to "identify" as it pertains to documents as overly broad and unduly burdensome.

      2.     GeoTag objects to the definition of "Geotag," "Defendant," "you," and "your" as overly broad and unduly burdensome to the extent it extends beyond GeoTag, Inc., the named defendant.

      3.     GeoTag objects to the definition of "Instrumentality" as overly broad, vague and ambiguous.

      4.     GeoTag objects to the definition of "Prior art" as overly broad, vague, and ambiguous and further undefined when used in conjunction with the phrase "material to the patentability of a patent and/or potentially relevant under any subjection of 35 U.S.C. § 102 or 35 U.S.C. § 103."

      5.     GeoTag objects to the definition of "document" to the extent it is broader than the word "document" as used in Rule 34.

6.     GeoTag objects to the definitions set forth in Paragraphs 13 – 22 as vague, ambiguous, and overly broad to the extent they seek to impose obligations beyond those set forth in the Federal Rules of Civil Procedure.

## INTERROGATORIES AND RESPONSES

**INTERROGATORY NO. 1:**

Separately for each Plaintiff and Accused Product, on a claim limitation by claim limitation basis and in a claim chart format, identify how each of the Accused Products embodies or practices each asserted claim of the '474 Patent, including without limitation whether Geotag contends that the alleged infringement is direct, induced, and/or contributory (and the specific elements of inducement and/or contributory infringement, including the identity of the direct infringer) and whether the alleged infringement is literal, under the doctrine of equivalents, or both, and identify all documents or other evidence that support your contention that the claim limitations are met by each Accused Product.

**RESPONSE:**

GeoTag incorporates by reference its Preliminary Statement, Reservation of Rights, and each of its General Objections and Objections to Instructions and Definitions set forth above. GeoTag further objects to this Interrogatory on the grounds that (1) it is overbroad, unduly burdensome, and oppressive; (2) it is vague, ambiguous, and undefined as to the terms "identify," "Accused Products," "embodies," "practices," "alleged infringement," "direct," "induced," "contributory," "elements," "direct infringer," "literal," "doctrine of equivalents," "documents," "evidence," and "contention;" and (3) it seeks to impose obligations upon GeoTag beyond those set forth in the Federal Rules of Civil Procedure particularly to the extent it purports to require production of irrelevant information.

GeoTag objects that this Interrogatory contains at least five discrete subparts within the meaning of Rule 33 and will be treated as such for the purposes of the interrogatory limit set

forth in the Court's Scheduling Order. *See* D.I. 42.  GeoTag objects that this interrogatory is in

excess of the maximum number of interrogatories permitted by the Court's Scheduling Order.

GeoTag further objects to this Interrogatory as it is an untimely request for Defendants'

Infringement Contentions in violation of the Court's Scheduling Order.  GeoTag will provide its

Infringement Contentions at such time as set forth in the Court's Scheduling Order.

**INTERROGATORY NO. 2:**

Separately for each Plaintiff and each asserted claim of the '474 Patent, describe all
investigations made by or on behalf of Geotag prior to the filing of its Counterclaim in this
action regarding whether any claims of the '474 Patent are infringed by any of the Accused
Products, including without limitation identifying:  the person(s) involved in the investigation(s);
the person(s) to whom reports were made; the person(s) involved in the approval of the filing of
the Counterclaim; the date of the investigation; the names of the Products that were the subject of
the investigation; the public information considered in the investigation; any other items or
information considered in the investigation; when and where such information and items were
obtained; the conclusions reached in the investigations; all documents considered in, referring to
or describing such investigations, including any claim charts prepared during the investigation;
and the date on which you first became aware of your contention that each of Plaintiffs' Accused
Products infringe the '474 Patent.

**RESPONSE:**

GeoTag incorporates by reference its Preliminary Statement, Reservation of Rights, and

each of its General Objections and Objections to Instructions and Definitions set forth above.

GeoTag further objects to this Interrogatory on the grounds that (1) it is overbroad, unduly

burdensome, and oppressive; (2) it is vague, ambiguous, and undefined as to the terms

"investigations," "Accused Products," "identifying," "person(s)" "reports," "approval,"

"names," "Products," "subject," "public," "information," "items," "obtained," "conclusions,"

"documents," and "charts;" (3) it seeks to impose obligations upon GeoTag beyond those set

forth in the Federal Rules of Civil Procedure particularly to the extent it purports to require

production of irrelevant information; and (4) it seeks information neither relevant to any

7

material issue, claim, or defense in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

GeoTag objects that this Interrogatory contains at least seven discrete subparts within the meaning of Rule 33 and will be treated as such for the purposes of the interrogatory limit set forth in the Court's Scheduling Order. *See* D.I. 42. GeoTag objects that this interrogatory is in excess of the maximum number of interrogatories permitted by the Court's Scheduling Order.

GeoTag further objects to this Interrogatory as it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege(s). GeoTag will separately provide a privilege-log of responsive documents, if any.

**INTERROGATORY NO. 3:**

Separately for each Plaintiff and each asserted claim of the '474 Patent, describe all investigations made by or on behalf of Geotag prior to the filing of the Complaints in the Texas Actions regarding whether any claims of the '474 Patent are infringed by any use of any of the Accused Products by any defendant in the Texas Actions, including without limitation identifying: the person(s) involved in the investigation(s); the person(s) to whom reports were made; the person(s) involved in the approval of the filing of the Complaints; the date of the investigation; the names of the Products that were the subject of the investigation; the public information considered in the investigation; any other items or information considered in the investigation; when and where such information and items were obtained; the conclusions reached in the investigations; all documents considered in, referring to or describing such investigations, including any claim charts prepared during the investigation; and the date on which you first became aware of your contention that the use by any defendant in the Texas Actions of any of Plaintiffs' Accused Products infringes the '474 Patent.

**RESPONSE:**

GeoTag incorporates by reference its Preliminary Statement, Reservation of Rights, and each of its General Objections and Objections to Instructions and Definitions set forth above. GeoTag further objects to this Interrogatory on the grounds that (1) it is overbroad, unduly burdensome, and oppressive; (2) it is vague, ambiguous, and undefined as to the terms "investigations," "Accused Products," "identifying," "person(s)" "reports," "approval,"

8

"names," "Products," "subject," "public," "information," "items," "obtained," "conclusions," "documents," and "charts;" (3) it seeks to impose obligations upon GeoTag beyond those set forth in the Federal Rules of Civil Procedure particularly to the extent it purports to require production of irrelevant information; (4) it contains at least seven discrete subparts within the meaning of Rule 33 and will be treated as such for the purposes of the interrogatory limit set forth in the Court's Scheduling Order. *See* D.I. 42; (5) it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege(s).

GeoTag further objects to this Interrogatory as it seeks information neither relevant to any material issue, claim, or defense in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 4:**

Separately for each asserted claim of the '474 Patent, describe all of the facts and circumstances of the alleged conception and reduction to practice of the purported invention in the claim, including without limitation: a description of the facts and circumstances of the alleged conception and reduction to practice; a description of all alleged diligence between conception and reduction to practice; identifications of alleged dates of conception and reduction to practice; identification of all persons involved in, and persons most knowledgeable about, the conception, reduction to practice, and diligence between conception and reduction to practice; and identification of any documents or other evidence that support your allegations concerning conception, reduction to practice, and diligence between conception and reduction to practice.

**RESPONSE:**

GeoTag incorporates by reference its Preliminary Statement, Reservation of Rights, and each of its General Objections and Objections to Instructions and Definitions set forth above. GeoTag further objects to this Interrogatory on the grounds that (1) it is overbroad, unduly burdensome, and oppressive; (2) it is vague, ambiguous, and undefined as to the terms "describe," "facts," "circumstances," "alleged," "conception," "reduction," "practice," "purported," "invention," "the claim," "description," "diligence," "identifications," "persons,"

"most," and "knowledgeable;" (3) it seeks to impose obligations upon GeoTag beyond those set forth in the Federal Rules of Civil Procedure particularly to the extent it purports to require production of irrelevant information; (4) it contains at least four discrete subparts within the meaning of Rule 33 and will be treated as such for the purposes of the interrogatory limit set forth in the Court's Scheduling Order. *See* D.I. 42; and (5) it seeks information protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege(s).

Without waiving any of its general and specific objections and based on GeoTag's current understanding of this Interrogatory, GeoTag refers Plaintiffs to documents Bates numbered as follows:

**GeoTag Productions by BJC**
2011 11 21 GEOTAG00000001 - GEOTAG00001302 3-2 Production.zip
2012 01 23 GEOBJC00000001 - GEOBJC00012361 Revised (Depositions.zip, Productions.zip)
2012 01 23 GEOBJC00000001 - GEOBJC00012361 Metadata.zip
2012 02 24 GEOBJC00012362 - GEOBJC00016893.zip

**Geomas Productions**
2009 02 02 GEO001579 - GEO102921.zip
M2.RENNICK0001 - M2.RENNICK0754 (AEO).zip

**GeoTag Productions by Collins Edmonds**
GEO000001 – GEO015941 & GEO100000 – GEO101978 (IMG# 1-17859).zip
(These documents are being re-bates numbered with a GEOCEP prefix due to bates numbering issues encountered with the Collins Edmonds production)

More specifically, GeoTag refers Plaintiff to the following Bates numbered documents:

GEOBJC00000109 - GEOBJC00001294
GEOBJC00002083 - GEOBJC00002150
GEOBJC00004141 - GEOBJC00006952
GEOBJC00009658 - GEOBJC00012281
GEOBJC00015282 - GEOBJC00016587

**INTERROGATORY NO. 5:**

Describe all the facts and circumstances surrounding the ownership and assignment history of the '474 Patent, including without limitation: a description of the circumstances surrounding GeoTag's acquisition of the '474 Patent; identification of all individuals and entities involved in the transfer of ownership of the '474 Patent; and identification of all documents or other evidence concerning the ownership and assignment history of the '474 Patent.

**RESPONSE:**

GeoTag incorporates by reference its Preliminary Statement, Reservation of Rights, and

each of its General Objections and Objections to Instructions and Definitions set forth above.

GeoTag further objects to this Interrogatory on the grounds that (1) it is overbroad, unduly

burdensome, and oppressive; (2) it is vague, ambiguous, and undefined as to the terms

"describe," "facts," "circumstances," "surrounding," "ownership," "assignment," "history,"

"acquisition," "identification," "individuals," "entities," "transfer," "ownership," "documents,"

and "other evidence;" (3) it seeks to impose obligations upon GeoTag beyond those set forth in

the Federal Rules of Civil Procedure particularly to the extent it purports to require production

of irrelevant information; (4) it contains at least three discrete subparts within the meaning of

Rule 33 and will be treated as such for the purposes of the interrogatory limit set forth in the

Court's Scheduling Order. *See* D.I. 42; (5) it seeks information protected by the attorney-client

privilege, the work-product doctrine, and/or any other applicable privilege(s).

Without waiving any of its general and specific objections and based on GeoTag's

current understanding of this Interrogatory, GeoTag refers Plaintiffs to documents Bates

numbered as follows:

**GeoTag Productions by BJC**
2011 11 21 GEOTAG00000001 - GEOTAG00001302 3-2 Production.zip
2012 01 23 GEOBJC00000001 - GEOBJC00012361 Revised (Depositions.zip, Productions.zip)
2012 01 23 GEOBJC00000001 - GEOBJC00012361 Metadata.zip

2012 02 24 GEOBJC00012362 - GEOBJC00016893.zip

**Geomas Productions**
2009 02 02 GEO001579 - GEO102921.zip
M2.RENNICK0001 - M2.RENNICK0754 (AEO).zip

**GeoTag Productions by Collins Edmonds**
GEO000001 – GEO015941 & GEO100000 – GEO101978 (IMG# 1-17859).zip
(These documents are being re-bates numbered with a GEOCEP prefix due to bates
numbering issues encountered with the Collins Edmonds production)

**INTERROGATORY NO. 6:**

Separately for each Plaintiff, state all facts that support your contentions in Paragraphs 10
and 21 of your Counterclaim that Plaintiffs acted despite an objectively high likelihood that their
actions constitute an infringement of your valid patent rights, and identify all documents or other
evidence that support your contentions.

**RESPONSE:**

GeoTag incorporates by reference its Preliminary Statement, Reservation of Rights, and

each of its General Objections and Objections to Instructions and Definitions set forth above.

GeoTag further objects to this Interrogatory on the grounds that (1) it is overbroad, unduly

burdensome, and oppressive; (2) it is vague, ambiguous, and undefined as to the terms "state,"

"facts," "actions," "identify," "contention," "documents," and "other evidence;" (3) it seeks to

impose obligations upon GeoTag beyond those set forth in the Federal Rules of Civil Procedure

particularly to the extent it purports to require production of irrelevant information; and (4)

it contains at least two discrete subparts within the meaning of Rule 33 and will be treated as

such for the purposes of the interrogatory limit set forth in the Court's Scheduling Order. *See*

D.I. 42.

Without waiving any of its general and specific objections and based on GeoTag's

current understanding of this Interrogatory and without having conducted or completed

discovery, GeoTag provides the following response:  Plaintiffs had notice of the '474 Patent at

least as early as their receipt of a first request for indemnification from a named defendant in another suit involving the '474 Patent. *See* Plaintiffs' Complaint, D.I. 1 at ¶ 30. Despite such notice, Plaintiffs have continued to design, make, and use their Accused Products despite an objectively high likelihood that their actions constitute infringement.

**INTERROGATORY NO. 7:**

Separately for each Plaintiff, state all facts that support your contentions in Paragraphs 11 and 22 of your Counterclaim that you have and will continue to suffer irreparable harm as a result of Plaintiffs' alleged infringement, and identify all documents or other evidence that support your contentions.

**RESPONSE:**

GeoTag incorporates by reference its Preliminary Statement, Reservation of Rights, and each of its General Objections and Objections to Instructions and Definitions set forth above. GeoTag further objects to this Interrogatory on the grounds that (1) it is overbroad, unduly burdensome, and oppressive; (2) it is vague, ambiguous, and undefined as to the terms "state," "facts," "you," "suffer," "irreparable," "harm," and "identify," "documents," and "other evidence;" (3) it seeks to impose obligations upon GeoTag beyond those set forth in the Federal Rules of Civil Procedure particularly to the extent it purports to require production of irrelevant information; and (4) it contains at least two discrete subparts within the meaning of Rule 33 and will be treated as such for the purposes of the interrogatory limit set forth in the Court's Scheduling Order. *See* D.I. 42.

Without waiving any of its general and specific objections and based on GeoTag's current understanding of this Interrogatory and without having conducted or completed discovery, GeoTag provides the following response: GeoTag withdraws its claim for injunctive relief in this case and, therefore, this interrogatory no longer seeks information that is relevant to

13

any issue in this case.  Therefore, GeoTag objects to this interrogatory on the ground that it does

not seek information that is discoverable under Rule 26(b)(1).

**INTERROGATORY NO. 8:**

Separately for each asserted claim of the '474 Patent, state all facts that support any contention by you that the alleged inventions of the '474 Patent are not obvious, including but not limited to whether the subject matter of any claim allegedly satisfied a long felt need in the art to which it pertains, whether the industry failed to solve problems that allegedly are solved by the subject matter of any claim, whether experts in the industry allegedly expressed skepticism relating to the subject matter of any claim, whether the subject matter of any claim allegedly has been a commercial success (including through licensing); whether the industry allegedly has recognized the significance of the subject matter of any claim, whether the subject matter of any claim allegedly has been copied by others in the industry, and whether the subject matter of any claim allegedly achieved unexpected results.

**RESPONSE:**

GeoTag incorporates by reference its Preliminary Statement, Reservation of Rights, and

each of its General Objections and Objections to Instructions and Definitions set forth above.

GeoTag further objects to this Interrogatory on the grounds that (1) it is overbroad, unduly

burdensome, and oppressive; (2) it is vague, ambiguous, and undefined as to the terms "state,"

"facts," "inventions," "obvious," "long felt need," "art," "industry," "problems," "solved,"

"experts," "skepticism," "commercial success," "licensing," "copied," and "unexpected results;"

(3) it seeks to impose obligations upon GeoTag beyond those set forth in the Federal Rules of

Civil Procedure particularly to the extent it purports to require production of irrelevant

information; and (4) it contains at least two discrete subparts within the meaning of Rule 33 and

will be treated as such for the purposes of the interrogatory limit set forth in the Court's

Scheduling Order. *See* D.I. 42.

Information responsive to this Interrogatory is properly the subject of expert report and

testimony.  Defendant will make expert disclosures in accordance with the Federal Rules of

Civil Procedure, the Local Rules, and the Court's Scheduling Order.   In addition, under controlling law, the '474 Patent is presumed valid and GeoTag bears no burden to prove that the asserted claims of the '474 Patent are valid and non-obvious.   Moreover, under the Court's Scheduling Order (D.I. 42), each Plaintiff must produce its initial invalidity contentions for each asserted claim as well as the related invalidating references that allegedly demonstrate how the '474 Patent is rendered obvious.   Prior to such production, GeoTag is under no obligation or requirement to address the validity or the non-obviousness of the '474 Patent.   Once Plaintiffs serve their invalidity contentions, GeoTag will response to Plaintiffs' claims in proper accordance with the Court's Scheduling Order.

Subject to the above and without waiving any of its general and specific objections and based on GeoTag's current understanding of this Interrogatory, GeoTag     provides        the following response:  Prior to invention, Internet browsers and other interfaces had suffered from a number of shortcomings.   For example, the organization of information accessible through then-current Internet browsers and organizers, such as NetScape or Mosaic, were not suitable for a number of desirable applications.   In certain instances, a user would desire to access information predicated upon geographic areas as opposed to by subject matter or keyword searches, which was not possible prior to the invention.   In addition, prior Internet organizers did not effectively integrate the topical and geographically based information in a consistent manner.   Due to the large volume of information available on the Internet, prior systems did not provide for organization and display of each of the kinds of information available over the Internet in a manner which was appropriate for the amount and kind of data to be displayed. *See* '474 Patent, Col. 2:20-40.  The present invention resolves these and other issues and addresses long-felt need in the industry.   It has been copied and infringed by the

Plaintiffs as well as at least the named defendants in other suites involving the '474 Patent.  In addition, the commercial success of the invention of the '474 patent is reflected by the licenses of the '474 patent parties have agreed to.  GeoTag further refers Plaintiffs to documents Bates numbered as follows:

**GeoTag Productions by BJC**
2011 11 21 GEOTAG00000001 - GEOTAG00001302 3-2 Production.zip
2012 01 23 GEOBJC00000001 - GEOBJC00012361 Revised (Depositions.zip, Productions.zip)
2012 01 23 GEOBJC00000001 - GEOBJC00012361 Metadata.zip
2012 02 24 GEOBJC00012362 - GEOBJC00016893.zip

**Geomas Productions**
2009 02 02 GEO001579 - GEO102921.zip
M2.RENNICK0001 - M2.RENNICK0754 (AEO).zip

**GeoTag Productions by Collins Edmonds**
GEO000001 – GEO015941 & GEO100000 – GEO101978 (IMG# 1-17859).zip
(These documents are being re-bates numbered with a GEOCEP prefix due to bates numbering issues encountered with the Collins Edmonds production)

DATED:  March 27, 2012

By: _____

Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801
(302) 888-6800
kdorsney@morrisjames.com


Christopher M. Joe
Eric W. Buether
Brian A. Carpenter
Niky Bukovcan
Mark D. Perantie
BUETHER JOE & CARPENTER, LLC
1700 Pacific Avenue
Suite 2390
Dallas, Texas 75201
(214) 466-1272
Niky.Bukovcan@BJCIPLaw.com

**ATTORNEYS FOR DEFENDANT
GEOTAG, INC.**

17