# CONNOLLY BOVE LODGE & HUTZ LLP

ATTORNEYS AT LAW

Arthur G. Connolly, III
Partner

DIRECT DIAL:     (302) 888 6318
DIRECT FAX:      (302) 658 0380
EMAIL:           AConnollyIII@cblh.com
REPLY TO:        Wilmington Office

**WILMINGTON, DE**

The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

May 7, 2012

**BY E-FILING**

The Honorable Richard G. Andrews
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801-3570

    Re:   *Google Inc. and Microsoft Corp. v. GeoTag*, No. 1:11-cv-175-RGA

Dear Judge Andrews:

    This is Plaintiff Google's response to GeoTag's May 4, 2012 letter to the Court (D.I. 84). Google respectfully requests that the Court deny GeoTag's request for a modification to the Scheduling Order in this case because the issues identified by GeoTag are moot. GeoTag's May 4, 2012 letter to the Court regarding Google's discovery does not identify any outstanding issues between GeoTag and Google. Google began making its source code available for review to GeoTag on April 24, and Google completed its production of core technical documents on May 2. As such, GeoTag's proposal would cause unnecessary delay to the schedule already set by the Court.

    GeoTag's proposed dates relating to the parties' service of initial infringement contentions and initial invalidity contentions would also cause unnecessary delay. Under the Court's Scheduling Order, initial infringement contentions must be served by May 14 and initial invalidity contentions must be served by May 21. Google is willing to agree to a brief extension of these dates to May 21 and May 28, respectively, but GeoTag's proposed dates would unnecessarily delay the exchange of this information by over two and half months. Lastly, Google does not believe that GeoTag's proposal relating to the July 15 status conference date is necessary.

    **A.**    **Google's Source Code Has Been Available for GeoTag's Review Since April 24.**

    On April 24, 2012, counsel for Google notified GeoTag that Google's source code was available for review according to an agreement between the parties and was located in K&L Gates' San Francisco office. Google requested that GeoTag identify the individuals who would be reviewing the code and confirm a date for inspection. GeoTag failed to respond. **Exhibit A.**

    On April 26, 2012, Google and GeoTag met and conferred regarding Google's production of source code and core technical documents. Google confirmed that it would produce its source code in K&L Gates' Palo Alto office in compliance with the Protective Order

The Honorable Richard G. Andrews
May 7, 2012
Page 2

and ESI Order. Google also agreed to allow Monica Tavakoli, an associate at Buether Joe & Carpenter ("Buether"), and Daniel McGee, an employee and in-house technology specialist at Buether to review the source code and requested to know when they would be arriving for the review.

On April 27, 2012, Google again confirmed the availability of its source code. GeoTag failed to respond. **Exhibit B.**

On May 1, 2012, GeoTag finally responded, stating that Google has "prevented" GeoTag from reviewing Google's source code, as a result of Google's objection to GeoTag's identification of Brandon Hudgeons and James Barnett as experts and/or consultants in this action. **Exhibit C.**

On May 1, 2012, Google again confirmed that its source code was available and would be produced in K&L Gates' Palo Alto office in compliance with the Court's Orders. Google also noted that any delay of the source code review was associated with GeoTag's failure to respond as to when Ms. Tavakoli and Mr. McGee wanted to inspect the code. Again, GeoTag did not confirm a date for review. **Exhibit D.**

On May 1, 2012, GeoTag identified Jason Bennett as an expert and/or consultant in this action. Google notified GeoTag that Google did not object to Mr. Bennett. **Exhibit E.**

To date, *nearly two weeks* after Google made its source code available, GeoTag has yet to confirm or request a date for inspection of the code. Any delay relating to the review of Google source code stems from GeoTag's failure to request a date for inspection and does not form a basis for extending or modifying the current schedule.

**B.   Google Has Completed Its Production of Core Technical Documents.**

Google completed its production of core technical documents on May 2. In total, Google has produced 32,355 pages of core technical information to GeoTag. On April 16, 2012, Google produced 15,717 pages of core technical information to GeoTag. On April 27, 2012, Google made a second production of 12,633 pages to GeoTag. Finally, on May 2, 2012, Google completed its production of core technical documents by producing 4,005 pages. GeoTag has not stated that Google's production is inadequate or incomplete. There is likewise no reason to extend or modify the Scheduling Order on this ground.

**C.   There Is No Need to Enter GeoTag's Proposed Mandatory Initial Disclosure Production Schedule and Modification of the Scheduling Order.**

GeoTag's proposed schedule dictating the parties' initial disclosures and modifying the Scheduling Order is unnecessary, as the issues prompting the request for such modification are

The Honorable Richard G. Andrews
May 7, 2012
Page 3

moot. Google has made its source code available to GeoTag for nearly two weeks, and Google has completed its production of core technical documents.

     Under the Court's Scheduling Order, Geotag must serve its initial infringement contentions by May 14 and Google must serve its initial invalidity contentions by May 21. According to GeoTag's proposed schedule, these dates would be extended by two and a half months, resulting in unnecessary delay. Since Google has timely produced source code and core technical documents, Google respectfully submits no adjustment to the schedule is needed. However, Google is willing to agree that the dates for serving initial infringement contentions and initial invalidity contentions be modified by one week to May 21 and May 28, respectively. Otherwise, Google respectfully submits no other modifications to the current schedule should be made. This case is ready to proceed under the Court's Scheduling Order.

                                            Respectfully,

                                            */s/Arthur G. Connolly III*

                                            Arthur G. Connolly, III (#2667)

cc: All Counsel of Record (*by CM/ECF*)

4755217