# Exhibit C

| | |
|---|---|
| **From:** | Niky Bukovcan [Niky.Bukovcan@BJCIPLaw.com] |
| **Sent:** | Tuesday, May 01, 2012 1:13 PM |
| **To:** | La Pierre, Christy V.; Buether, Eric (EXTERNAL); Joe, Chris (EXTERNAL); Carpenter, Brian (EXTERNAL); Perantie, Mark (EXTERNAL); 'kdorsney@morrisjames.com'; Matterer, Mary (EXTERNAL) |
| **Cc:** | Bettinger, Mike; Abernathy, Michael J.; Arnold, Brian; 'Chip Connolly'; Yang, Irene; Monica Tavakoli |
| **Subject:** | RE: Microsoft Corporation and Google Inc. v. GeoTag, Inc., 11-cv-00175 (D. Del.) |

Christy,

Per the protective order and the court's scheduling order, Google was obligated to make its source code available for inspection beginning on April 16th in Palo Alto.  The plaintiffs were adamant about providing the source code in Palo Alto and convinced GeoTag to agree to the location, despite its inconvenience, because of the guarantee that it would be in the same office and provided at the same time.  GeoTag notified Google and Microsoft that it would be sending out individuals to review the source code beginning on April 24th - initially sending out two members of its outside counsel followed by its disclosed consultants/experts.

Initially, Google did not provide any objections or indicate that it would do anything other than what was ordered by the court and agreed to by the parties.  After all arrangements had been made and while our team was en route to Palo Alto, on April 23rd we received notice from your firm that K&L Gates would be representing Google from this point on and that it would be providing source code <u>in San Francisco</u>.  Ms. Yang's April 23rd letter stated: "We understand that there is an agreement in place for Google's source code to be available for review beginning tomorrow.  We are working to make the source code available according to the agreement.  It will be located at the San Francisco offices of K&L Gates…"

At first glance, the letter seemed sincere.  Believing that there must have been a misunderstanding, I contacted Ms. Yang and expressly stated that per the protective order and the agreement with prior counsel, the source code was to be provided at the Perkins Coie offices in Palo Alto.  I informed her that we have two individuals there that morning who would need access to the code.

You responded to me later that day to tell me again that the code is available <u>in San Francisco</u>, completely ignoring not only my email, the agreement between the parties, but the Court's order as well.  I did not respond to you, but our local counsel did raise the issue and requested a court hearing.  Whether due to this threat or an actual read of the Court's order, you requested that we discuss the issues and indicated that you wanted to have "a meaningful and good-faith discussion."  During our call you agreed to finally produce the code in Palo Alto.  I was momentarily encouraged by your cooperation.  I told you about the individuals we intended on sending out and told you that their availability has since changed because of the uncertainty that you had created.   We had already lost a week.  After our discussion, however, I was under the impression that you would be cooperative.  Yet the very next day you sent out your baseless objections.

You are objecting to our experts/consultants because "of the nature and business of their day-to-day employment."  Did you expect a person skilled in this area to be unemployed?  Did you expect someone with <u>no skills</u> perhaps?  You further state, "Because knowledge once acquired is difficult to forget, and because knowledge is difficult to compartmentalize completely, the only way to prevent the anticipated harm is to prevent disclosure…"  By your reasoning, <u>no one</u> outside of Google should ever have access to

review its code.  Such objections are patently unreasonable.

Your objections also prevent us from reviewing your code.  It does us no good for you to state in words that your code is available when you prevent us from actually sending someone to review it.  The two individuals from our firm cannot be expected to review the massive volume of code for both Google and Microsoft.  If such was your objective, you have temporarily succeeded.

I have no reason to believe that your request for a meet and confer is anything but a deceptive ploy.  However, as I do follow the Court's order I will be available to meet and confer tomorrow morning at 11:00 am central.  Please let me know if that time works for you.

NIKY BUKOVCAN

BUETHER JOE & CARPENTER, LLC
1700 PACIFIC · SUITE 4750 · DALLAS, TX 75201
DIRECT 214.466.1278 · FAX 214.635.1831
IP & COMMERCIAL LITIGATION



**From:** La Pierre, Christy V. [mailto:christy.lapierre@klgates.com]
**Sent:** Tuesday, May 01, 2012 12:59 PM
**To:** Eric Buether; Chris Joe; Brian Carpenter; Mark Perantie; Niky Bukovcan; 'kdorsney@morrisjames.com'; Matterer, Mary (EXTERNAL)
**Cc:** Bettinger, Mike; Abernathy, Michael J.; Arnold, Brian; 'Chip Connolly'; Yang, Irene
**Subject:** RE: Microsoft Corporation and Google Inc. v. GeoTag, Inc., 11-cv-00175 (D. Del.)

Niky,

On April 27, 2012, Google sent the attached correspondence to GeoTag concerning Google's objection to GeoTag's identification of Brandon Hudgeons and James Barnett as experts and/or consultants in this action.  To date, GeoTag has not responded to Google's letter and meet and confer request.  Pursuant to Section 6(c) of the Protective Order, the parties must meet and confer no later than this Friday, May 4, 2012.  Please let us know as soon as possible when GeoTag is available to meet and confer.  We are available any time this afternoon or tomorrow.

Thanks and I look forward to your prompt response.

Christy

**From:** La Pierre, Christy V.
**Sent:** Friday, April 27, 2012 11:22 AM
**To:** Yang, Irene; Buether, Eric (EXTERNAL); Joe, Chris (EXTERNAL); Carpenter, Brian (EXTERNAL); Perantie, Mark (EXTERNAL); 'niky.bukovcan@bjciplaw.com'; 'kdorsney@morrisjames.com'; Matterer, Mary (EXTERNAL)
**Cc:** Bettinger, Mike; Abernathy, Michael J.; Arnold, Brian; 'Chip Connolly'
**Subject:** Microsoft Corporation and Google Inc. v. GeoTag, Inc., 11-cv-00175 (D. Del.)

Counsel:

Please see the attached.

Thanks,
Christy

This electronic message contains information from the law firm of K&L Gates LLP.  The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited.  If you have received this e-mail in error, please contact me at christy.lapierre@klgates.com.