

Kenneth L. Dorsney
302.888.6855
kdorsney@morrisjames.com

May 4, 2012

**VIA CM/ECF AND HAND DELIVERY**
The Honorable Richard G. Andrews
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

REDACTED PUBLIC VERSION
FILED MAY 11, 2012
FILED UNDER SEAL

RE: *Microsoft Corporation and Google Inc. v. GeoTag Inc.*, C.A. No. 11-175-RGA

Dear Judge Andrews:

GeoTag respectfully requests a schedule for the production of Microsoft's and Google's respective core technical information for each of the Accused Products, as well as a schedule for the production of the parties' remaining mandatory initial disclosures. The lists of the Accused Products along with the core technical information for Microsoft and Google are attached as **Exhibit A** and **Exhibit B** respectively.

On March 9, 2012, GeoTag provided Microsoft and Google with the list of Accused Products (D.I. 48). Subsequently, according to the Court's schedule, Microsoft and Google were then required to produce core technical information as part of their mandatory initial disclosures, including the source code and related technical documents for each of the Accused Products (D.I. 32 at ¶ 3.a.ii). While the Court partially addressed these discovery issues at the April 4, 2012, hearing, the parties continue to be unable to amicably resolve these discovery issues and require additional scheduling guidance from the Court on this matter.

A schedule for the production of this information is necessary to prevent misunderstandings, avoid the prejudice that would result if the core technical information is not produced in its entirety well before the discovery fact period lapses (as contemplated by the Delaware Default Standard and the Court's Scheduling Order), and alleviate the types of discovery issues prompting this request. Those issues, without casting blame or fault on any party, include, among others:

- Source Code Logistics – the download of the requested software tools required to review source code and the location of the review;

- State of the Source Code – the production of source code for each Accused Product, the completeness of the Source Code produced, the inability to compile or execute the produced Source Code, and the lack of organization of the Source Code by Accused Product;

MorrisJames<sub>LLP</sub>

Hon. Richard G. Andrews
May 4, 2012
Page 2

- <u>Experts</u> – the objections to the designated source code experts because they work as computer consultants and the review of Source Code when no expert has been approved;

- <u>Discovery Material Designation</u> – the designation of computer folder structure printouts as Source Code and the use restrictions caused thereby;

- <u>Document Production</u> – the quality of the technical documents produced.

Attached as **Exhibit C** is a proposed schedule that addresses the production of the **Exhibit A** and **Exhibit B** core technical information as well as the remaining mandatory initial disclosures. We recognize that Microsoft and Google may need more or less time than GeoTag proposed and will not object to alternative dates to accommodate such needs, but respectfully request that the final schedule for the production of mandatory initial disclosures provide:

- a requirement that the production of all core technical information be completed by a specific date;

- a review period that begins after source code experts have been approved to conduct the review;

- a reasonable period for the source code experts to conduct their review after all core technical information has been produced;

- a date that accounts for a reasonable time period after the experts' review period ends to complete each remaining mandatory initial disclosure; and

- a status conference after the completion of all mandatory initial disclosures to address the schedule for the remainder of the case.

GeoTag maintains that by finalizing a schedule that addresses the deadline for the production of the **Exhibit A** and **Exhibit B** core technical information and for the remaining initial disclosures, the parties will avoid prejudice and be able to complete their respective mandatory initial disclosures with minimal further disruption.

Respectfully,

Kenneth L. Dorsney

KLD/
cc: All counsel of record (via email)

# EXHIBIT A

# EXHIBIT REDACTED IN ITS ENTIRETY

# EXHIBIT B

# EXHIBIT REDACTED IN ITS ENTIRETY

# EXHIBIT C

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICROSOFT CORPORATION and GOOGLE INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 11-175 (RGA) |
| GEOTAG, INC., | ) ) ) |
| Defendant and Counterplaintiff | ) ) ) |

## [PROPOSED] MANDATORY INITIAL DISCLOSURE PRODUCTION SCHEDULE

| Mandatory Initial Disclosure | Due Date |
|---|---|
| May 4, 2012, Letter - Exhibit A and B Core Technical Source Code: | 6/8/11 |
| May 4, 2012, Letter - Exhibit A and B Core Technical Documents : | 6/22/11 |
| Initial Infringement Contentions: | Forty-five (45) days after reviewing experts approved |
| Initial Invalidity Contentions: | Thirty (30) days after receipt of initial infringement contentions |
| Status Conference: | 7/15/11 (at the Court's convenience) |

**SO ORDERED** this _____ day of _____, 2012.

_____
United States District Court Judge

4703400/