**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MICROSOFT CORPORATION and GOOGLE INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 11-175 RGA ) |
| GEOTAG, INC., | ) ) |
| Defendant. | ) ) |

**EMERGENCY MOTION FOR STAY**

GeoTag, Inc. ("GeoTag") respectfully moves this Court for a reasonable stay of all deadlines in this matter, based on the following particulars:

1. The Court has the inherent power to stay this case in its discretion. *Cost Brothers, Inc. v. Travelers Indemnity Co.*, 760 F.2d 58, 60 (3d Cir. 1985) (citations omitted).

2. As of the evening of August 27, 2012, GeoTag is no longer being represented by its lead trial counsel, the law firm of Buether Joe & Carpenter, LLC (the "BJC law firm"). GeoTag dismissed the BJC law firm for the reasons provided, *inter alia*, in the declaration of John W. Veenstra, CEO of GeoTag, at ¶¶ 2 – 3, which is attached hereto as Exhibit A.

3. On August 28, 2012, GeoTag began the process of finding and interviewing new lead trial counsel by meeting with one prospective new lead trial counsel. Veenstra Decl. at ¶ 6.

4. GeoTag is working diligently to locate and retain new lead trial counsel. *See id.*

5. The process of finding qualified, conflict-free counsel likely will be challenging. GeoTag is adverse to more than four hundred (400) defendants and their respective law firms as a result of the cases pending in the Eastern District of Texas (the "Texas litigation"). *Id.* at ¶¶ 5 and 7.

6. GeoTag requests sixty (60) days to find new lead trial counsel. GeoTag cannot be certain whether it will secure new counsel within this period of time but maintains that this is a reasonable period.

7. The BJC law firm filed a Motion in the Texas litigation that seeks a stay of all deadlines, and for unspecified time to obtain new counsel. The Defendants agreed to a thirty (30) day extension on most deadlines, but no more than thirty (30) days to have new counsel make an appearance. GeoTag had requested that the BJC law firm attempt to get a much longer extension, but the Defendants would not agree. Other than the bare minimum requirement of asking for postponement of deadlines, the BJC law firm's services in Texas have also been terminated, and withdrawal is pending. *Id.* at ¶ 2.

8. In the instant action, GeoTag's initial claim construction brief is due under the current Order Amending Scheduling Order (D.I.108) on Friday, August 31, 2012 – less than one week from now.

9. A Fed. R. Civ. P. 30(b)(6) deposition of GeoTag was noticed for September 6, 2012.

10. Fact discovery in this matter is set to be completed by December 14, 2012, with document production to be substantially complete by October 5, 2012. (D.I. 42). Expert discovery is set to be completed on May 6, 2013. (*Id*).

11. GeoTag is not in a position to meet current deadlines in this case, and will not be in a position to meet those deadlines until it can locate and retain new lead trial counsel.

12. During a meet and confer on August 28, 2012, to discuss the foregoing, counsel for Microsoft and counsel for Google agreed to extend GeoTag's initial claim construction brief

deadline to September 4, 2012. This brief extension was granted to prevent an unwanted violation of GeoTag's obligations under the Court's current Scheduling Order.

13. During the August 28 meet and confer, counsel for Microsoft and counsel for Google proposed that GeoTag dismiss without prejudice all of GeoTag's Texas litigations in exchange for the requested sixty (60) day stay in this Delaware litigation.

14. GeoTag could not agree to the aforementioned condition imposed by Microsoft and Google in the absence of an opportunity to discuss the issue with a lead trial counsel. GeoTag also is of the opinion that events in the Delaware litigation should not be conditioned on substantive decisions in the Texas litigations.

15. On the evening of August 28, 2012, counsel for Microsoft and counsel for Google proposed to maintain the November 20, 2012, claim construction hearing scheduled in the instant action (*see* D.I. 42 pg. 6, ¶ 9) by agreeing to alter the claim construction briefing deadlines. Under this proposal, GeoTag's initial claim construction brief would be due September 26, 2012, with Microsoft and Google compressing their briefing time so that the claim construction briefs would be completed by November 11, 2012, and the hearing could proceed on November 20.

16. Although GeoTag (and the undersigned counsel) appreciate the foregoing proposal, GeoTag is currently without lead trial counsel and not in a position to know whether it will be able to comply with the suggested altered schedule.

17. It appears that Microsoft and Google are concerned in the instant case that entering a stay will disrupt the Delaware claim construction schedule and may result in claim construction proceeding in Texas first. GeoTag concedes that is a possibility.

18. However, without lead trial counsel to consult, GeoTag is unwilling to condition relief in Delaware on action or inaction in the Texas litigation.

19. GeoTag is simply requesting a reasonable period in both litigations in order to obtain proper representation.

20. GeoTag is available for a hearing on this emergency motion, if necessary, at the Court's convenience.

21. For the reasons provided above, GeoTag respectfully requests that the Court grant its motion to stay this case for a period of sixty (60) days to allow GeoTag time to properly locate, vet, and retain new lead trial counsel. A draft order is attached to this motion.

22. GeoTag respectfully asks that the Court set a scheduling conference to discuss the case schedule once new lead counsel has been retained.

Dated: August 29, 2012

By:    */s/ Kenneth L. Dorsney*
Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801-1494
(302) 888-6800
kdorsney@morrisjames.com

*Attorneys for Defendant GeoTag*

## **DEFENDANT'S RULE 7.1.1 STATEMENT**

Counsel for Defendant GeoTag, Inc. hereby states that it has contacted opposing counsel in an effort to resolve the issues raised in its Motion but to no avail.

Dated: August 29, 2012                             */s/ Kenneth L. Dorsney*
                                                                     Kenneth L. Dorsney (#3726)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MICROSOFT CORPORATION and GOOGLE INC., | ) ) ) |
| Plaintiffs, | ) |
| v. | )     C.A. No. 11-175 RGA ) |
| GEOTAG, INC., | ) ) |
| Defendant. | ) |

**ORDER**

At Wilmington, this ___ day of _____, 2012, having considered Defendant GeoTag, Inc.'s Emergency Motion for Sixty Day Stay, all related briefing and the relevant law;

IT IS HEREBY ORDERED that Defendant's Emergency Motion for Stay is GRANTED such that:

1. This case will be stayed for a period of sixty (60) days from the date of entry of this Order.

2. A status conference to discuss revisions to the schedule in this matter is set for November _____, 2012 at _____ a.m./p.m.

 

_____
HON. RICHARD G. ANDREWS,
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MICROSOFT CORPORATION and GOOGLE INC., ) ) ) | |
| Plaintiffs, ) | |
| v.  ) | C.A. No. 11-175 RGA |
| ) | |
| GEOTAG, INC., ) | |
| ) | |
| Defendant. ) | |

**DECLARATION OF JOHN W. VEENSTRA IN SUPPORT OF DEFENDANT
GEOTAG, INC.'S EMERGENCY MOTION FOR STAY**

I, John W. Veenstra, declare:

1. I am the CEO of GeoTag, Inc. ("GeoTag"), a Texas corporation with a place of business in Frisco, Texas. I have personal knowledge of the facts stated herein.

2. On the evening of August 27, 2012, GeoTag dismissed the law firm of Buether Joe & Carpenter, LLC (the "BJC law firm") as lead trial counsel in the instant action. Other than the bare minimum requirement of asking for postponement of deadlines, the BJC law firm's services in all the cases pending in Texas (the "Texas litigation") have also been terminated, and withdrawal is pending.

3. GeoTag maintains that the dismissal of the BJC law firm in this case and in the Texas litigation was for good cause pursuant to the terms of the agreement between the parties.

4. Although GeoTag would prefer not to discuss its reasons in this forum, GeoTag will provide additional detail should this Court deem it required.

5692897/

5. There are approximately seventy one (71) active cases with four hundred and nine (409) defendants in the Texas litigation.

6. On August 28, 2012, I met with a new prospective lead trial counsel. I do not know whether this counsel will accept the representation. I will, however, continue to diligently work to locate new lead trial counsel.

7. It took GeoTag approximately fifty (50) days to retain the BJC law firm.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and information.

Executed on August 29, 2012, at Frisco, Texas.

_____
John W. Veenstra, CEO
GeoTag, Inc.