

**CONNOLLY BOVE LODGE & HUTZ LLP**

ATTORNEYS AT LAW

Arthur G. Connolly, III
Partner

DIRECT DIAL:   (302) 888 6318
DIRECT FAX:    (302) 658 0380
EMAIL:         AConnollyIII@cblh.com
REPLY TO:      Wilmington Office

WILMINGTON, DE

The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

August 30, 2012

**BY E-FILING**

The Honorable Richard G. Andrews
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801-3570

    Re:   Google Inc. and Microsoft Corp. v. GeoTag, No. 1:11-cv-175-RGA

Dear Judge Andrews:

    On behalf of Microsoft Corporation and Google Inc. ("Plaintiffs"), we are writing in response to GeoTag, Inc.'s Emergency Motion for a Stay. As discussed below, we oppose GeoTag's motion and offer an alternative schedule that will provide time for GeoTag to find new counsel and still keep the current *Markman* schedule in place. GeoTag seeks "emergency" relief even though it (i) fired its counsel without hiring new counsel first and (ii) its Delaware counsel has been actively involved in the case and could continue to do so. As it has tried throughout, GeoTag simply wants to delay this action so that the Texas case can move forward first, which is evident by the fact that GeoTag is not seeking a similar stay in Texas. Such gamesmanship should not be rewarded.

    The facts underlying GeoTag's motion are straightforward. On Monday morning (August 27), we agreed to give GeoTag a five day extension to serve its opening claim construction brief. In exchange, GeoTag agreed *not* to seek postponement of the November 20, 2012 *Markman* hearing. By the end of the day, however, GeoTag had repudiated that agreement, said one (but not both) of its law firms was withdrawing, and claimed it needed at least a sixty day stay of the entire case and a postponement of the *Markman* hearing.

    In an attempt to work with GeoTag, we first suggested that GeoTag simply dismiss without prejudice the Texas actions until it could find new counsel. Within minutes of making this proposal to solve GeoTag's problem, GeoTag's counsel declined the offer. During a follow-on call, we asked GeoTag's counsel why GeoTag did not want to dismiss without prejudice the Texas actions, but still insisted on a 60-day delay of all dates in the Delaware action. We also asked how long it would take to finish up the *Markman* brief that was then due on August 31 and pointed out that GeoTag has consistently argued this Court should simply follow the

The Honorable Richard G. Andrews
August 30, 2012
Page 2

constructions from the old *Geomas* case in the Eastern District of Texas.[1] In addition, we noted it was inappropriate for GeoTag to summarily fire counsel, have no substitute counsel lined up, and then request a 60-day extension. Finally, we asked directly whether GeoTag was trying to delay the Delaware action so that it would trail the Texas actions. *GeoTag's counsel offered no substantive response to any of these inquiries.*

Nonetheless, we subsequently offered to give GeoTag an extra month to file its opening claim construction brief, a proposal that keeps the November 20th hearing date by reducing *Plaintiffs'* own time for filing their briefs. Specifically, we offered the following proposal:

|  | *Agreed Schedule (D.I. 108)* | *Plaintiffs' Proposal* |
| --- | --- | --- |
| GeoTag serves opening brief | August 31, 2012 | September 26, 2012 |
| Plaintiffs serve answering brief | September 28, 2012 | October 10, 2012 |
| GeoTag serves reply brief | October 12, 2012 | October 24, 2012 |
| Plaintiffs serve sur-reply brief | October 26, 2012 | October 31, 2012 |
| Parties file joint brief | November 2, 2012 | November 2, 2012 |
| Markman hearing | November 20, 2012 | November 20, 2012 |

This proposal allows the parties to maintain the currently-set November 2 date of filing a Joint Claim Construction statement and the currently-set November 20 hearing date. This proposal gives GeoTag ample time to find new counsel and prepare its *Markman* briefs, especially since GeoTag has argued claim construction is unnecessary in light of the *Geomas* claim constructions. Even so, GeoTag again rejected our offer.

Based on our meet-and-confer discussion, it became evident that GeoTag is attempting to replace one of its law firms here (but not both) for improper purposes. GeoTag hopes to nullify this Court's schedule, particularly the *Markman* hearing date that occurs two months before the one in Texas. By firing of one of its law firms (without first retaining a substitute firm) and then requesting a sixty-day stay, GeoTag is attempting to have the Eastern District of Texas construe the claim terms first.

GeoTag is still represented by counsel (Morris James) and relied on the fact when it sought to have the Buether firm withdraw. This D. Del. LR 83.7 provides that ordinarily an appearance of an attorney may be withdrawn only by order on a motion noticed at least 14 days

---

[1] Indeed, at the April 8, 12 status conference in this case, counsel for GeoTag help up a copy of the *Geomas* claim construction order and said, "We have one, a Markman ruling. It's not by your Honor. We have a Markman ruling." (4/8/12 hearing Tr. At 56:11-15.)

The Honorable Richard G. Andrews
August 30, 2012
Page 3

before presentment. When substitute counsel has not entered an appearance on the party's behalf, the decision whether to allow counsel to withdraw is within the court's discretion. *See, e.g. Worldspan, L.P. v. Ultimate Living Group, LLC,* No. 03-1081-JJF, 2006 WL 1046492 (D. Del. April 20, 2006); *see also Brown v. Hyster Co. et al.,* No. 93-2942, 1994 WL 102008 at *1 (E.D. Pa. March 25, 1994) (denying counsel's motion to withdraw when motion for summary judgment was "ripe for decision" and withdrawal would "delay resolution of the case and hinder the administration of justice); *Worldspan,* 2006 WL 1046492 at *1-2 (denying counsel's motion to withdraw due to likely prejudice to opposing party).

Rather than filing a motion to withdraw, GeoTag had the Buether firm withdraw using the notice procedure of D. Del. LR 83.7, which only allows an attorney of record to withdraw without the Court's permission "when such withdrawal will leave a member of the Bar of this Court appearing as counsel of record for the party." The purpose for the difference between the two portions of the rule is clear- the prejudice to opposing parties and risk of delay in the case are presumptively not present when a party continues to be represented by counsel who can continue the litigation.

GeoTag, however, seeks to have it both ways by relying on its continued representation by Morris James when seeking to have the Buether firm withdraw without Court permission; yet proceeding as if it is not represented when seeking a stay. GeoTag's current effort to seek an open-ended stay based on the Buether firm's withdrawal should be denied because it will substantially delay resolution of this case and hinder the administration of justice.

In its motion, GeoTag states that it filed a "Motion in the Texas litigation that seeks a stay of all deadlines, and for unspecified time to obtain new counsel." GeoTag Motion at ¶ 7. GeoTag, however, filed no such motion. GeoTag never offered to stay the Texas actions - not for 30 or 60 days. Instead, the Texas defendants have simply agreed to extend by 30 days GeoTag's obligation to identify proposed terms for construction (due August 29) and provide a privilege log (due September 10). No stay has been requested in Texas, and no stay is in place in Texas.

There are additional reasons why GeoTag's motion should be denied, including:

- Between the *GeoTag* and *Geomas* cases, Mr. Veenstra has replaced counsel more than ten times.

- Since the start of this case, GeoTag has repeatedly attempted to delay Your Honor from getting to the merits so that the Texas Court could do so first.

At bottom, Plaintiffs' proposal to give GeoTag nearly 30 extra days to file its *Markman* brief is a reasonable compromise that addresses the interests of the parties and the Court. Accordingly, Plaintiffs request that the Court (i) deny GeoTag's Emergency Motion for a Stay;

The Honorable Richard G. Andrews
August 30, 2012
Page 4

(ii) adopt Plaintiffs' alternative schedule for exchanging *Markman* briefs; and (iii) maintain the current schedule in place.

Respectfully,

*/s/Arthur G. Connolly III*

Arthur G. Connolly, III (#2667)

cc: All Counsel of Record (*by CM/ECF*)

4755217