1000 West Street
Suite 1400
Wilmington, DE 19801
www.connollygallagher.com

Arthur G. Connolly, III
Partner

DIRECT DIAL:   (302) 888 6318
DIRECT FAX:    (302) 658 0380
EMAIL:         AConnollyIII@cblh.com
REPLY TO:      Wilmington Office

CONNOLLY GALLAGHER LLP

October 1, 2012

**BY E-FILING**

The Honorable Richard G. Andrews
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801-3570

    Re:    **Google Inc. and Microsoft Corp. v. GeoTag, No. 1:11-cv-175-RGA**

Dear Judge Andrews:

    On behalf of Google Inc. ("Google"), we write in response to the motion (D.I. 150) and letter (D.I. 151) filed by GeoTag on Friday, September 28.

    On September 27, counsel for GeoTag contacted Google and Microsoft and requested a four-month extension of deadlines in this case. Before Google was able to respond, in the midst of negotiations, and contrary to the Court's September 25 order stating that the October 2 conference is "intended for new counsel to introduce themselves to the Court and all counsel," GeoTag filed its motion and letter requesting that the conference become yet another discussion over the schedule in this case.

    GeoTag offers two main reasons why it believes deadlines in this case should be extended. Neither reason compels an extension.

    GeoTag's assertion that it "requires additional time in order to complete [its] source code review" is factually unsupportable. In May, at a hearing before this Court, Google invited GeoTag to take a Fed. R. Civ. P. 30(b)(6) deposition to understand the source code in Google's accused products. May 8, 2012 Tr. at 34:22-35:3, 54:18-23, attached as Ex. A. GeoTag failed to do so. Google also has made its source code available to GeoTag for review since April 24, 2012. In fact, Google has continued to make its source code available for GeoTag's review for over five months now, and it is still available today. By the close of discovery on December 14, 2012, Google's source code will have been available for GeoTag's review for almost eight months.

    GeoTag's motion ignores the time and resources the parties have already invested on code review. GeoTag's attorneys and experts began reviewing Google's code on May 14, 2012. Since then, GeoTag's attorneys and experts have logged well over 650 hours reviewing Google's code. Seven professionals representing GeoTag, including four experts, have reviewed Google's



The Honorable Richard G. Andrews
October 1, 2012
Page 2

code. Google (along with Microsoft) even agreed to allow GeoTag an additional five experts beyond what the protective order allowed, for a total of five GeoTag experts for each of Microsoft and Google instead of five experts for both. At GeoTag's request, Google has loaded six different software review tools on Google's source code review computers on three different occasions. Each installation of new software tools and each day GeoTag professionals have reviewed source code has required Google to invest more attorney, paralegal and staff resources into the review process. There is no need for an extension of deadlines in this case simply to allow GeoTag an additional four months to review Google's code.

GeoTag's other rationale for requiring an extension of deadlines is that its current counsel wishes to have more time between the *Markman* hearing and the close of fact discovery. However, the Court set this schedule well before GeoTag's current counsel became involved in this case, while GeoTag was represented by two law firms. These deadlines are unconnected to the substitution of counsel.[1]

GeoTag has failed to justify a four-month extension. No further extensions of the deadlines are necessary or warranted. GeoTag's motion and letter appear to be another attempt to delay the schedule so that the 120+ actions in the Eastern District of Texas proceed first.

Google is prepared to complete fact discovery by the December 14. In addition to making its source code available, Google has produced the bulk of its documents responsive to GeoTag's discovery requests. It also has served a limited Fed. R. Civ. P. 30(b)(6) deposition notice, originally noticed for September 6, 2012, and has served deposition notices and subpoenas of GeoTag witnesses, noticed for October 9-16, 2012. Google is prepared to start taking depositions immediately. Finally, as it has done in the past, Google is committed to working with GeoTag to complete any remaining Google-related discovery by December 14.

We will be prepared to discuss GeoTag's motion and answer any questions Your Honor may have at the hearing on October 2.

Respectfully,

/s/Arthur G. Connolly III

Arthur G. Connolly, III (#2667)

cc: All Counsel of Record (*by CM/ECF*)

---

[1] In fact, in order to accommodate GeoTag's current counsel, Google and Microsoft agreed to extend the claim construction briefing schedule, compressing the time for Google and Microsoft to respond, in order to allow GeoTag's counsel additional time to familiarize themselves with the case. *See* D.I. 142.