```
 1                UNITED STATES DISTRICT COURT
 2                FOR THE DISTRICT OF DELAWARE
 3
 4    MICROSOFT CORPORATION, ET AL :   CA NO. 11-175-RGA
 5                                 :   October 25, 2012
 6              Plaintiffs,        :
 7                                 :   8:30 O'clock a.m.
 8    v.                           :
 9                                 :
10    GEOTAG, INC.                 :
11                                 :
12              Defendant,         :
13    ...........................:
14
15
16              TRANSCRIPT OF TELECONFERENCE
17         BEFORE THE HONORABLE RICHARD G. ANDREWS
18              UNITED STATES DISTRICT JUDGE
19
20
21    APPEARANCES:
22
23    For PlaintiffS:    CONNOLLY GALLAGHER
24                       BY:  ARTHUR G. CONNOLLY, III, ESQ
25                            -and-
```

```
 1                         PERKINS COIE
 2                         BY:  GRANT E. KINSEL, ESQ
 3                         For Defendant Microsoft
 4                             -and-
 5                         KL GATES
 6                         BY:  MICHAEL J. BETTINGER, ESQ
 7                         BY:  MICHAEL J. ABERNATHY, ESQ
 8                         For Defendant Google
 9
10
11   For Defendant:        O'KELLY ERNST BIELLI & WALLEN
12                         BY:  SEAN T. O'KELLY, ESQ
13                             -and-
14                         HAYES BOSTOCK & CRONIN
15                         BY:  PAUL J. HAYES, ESQ
16                         BY:  DEAN G. BOSTOCK, ESQ
17
18
19
20
21   Court Reporter:       LEONARD A. DIBBS
22                         Official Court Reporter
23
24
25
```

```
 1
 2                    P R O C E E D I N G S
 3            THE COURT:  Good morning.  This is Richard Andrews.
 4   Who's on the line?
 5            MR. CONNOLLY:  This is Art Connolly for Microsoft and
 6   Google.
 7            With me are my co-counsel for Microsoft, Grant Kinsel
 8   from Perkins Coie and for Google, Michael Abernathy and Michael
 9   Bettinger from KL Gates.
10            MR. O'KELLY:  Good morning, your Honor.  Sean O'Kelly
11   on behalf of GeoTag.  I'm joined by Paul Hayes and Dean Bostock
12   from the firm of Hayes Bostock & Cronin in Boston.
13            THE COURT:  All right.  Thank you, everyone.
14            So I've got, I guess, three letters, which on the
15   docket are items 162, 163, 164.  And I gathered generally from
16   them that Microsoft is agreeable more or less to whatever GeoTag
17   and Google work out.  And, unfortunately, Google and GeoTag
18   weren't exactly able to work everything out.
19            I guess the letters are dated October 18th and the
20   19th.  I'm just wondering, I take it there have been no
21   subsequent developments.
22            MR. HAYES:  This is Hayes, your Honor, for GeoTag.
23            In resolving this matter, that's correct.
24            THE COURT:  One of the things is Google says that
25   GeoTag's Texas counsel has not provided a draft of the request
```

1   for the four month sentencing of dates in Texas.
2           MR. HAYES:  Right.
3           Your Honor, my first understanding of that request was
4   at the time of the letter.  But, in any event, that was not
5   requested obviously by Microsoft until I got the letter.
6           But, in any event, Texas counsel, all of them have got
7   together and they have submitted to the Court, my understanding
8   is, I think it's the same with Microsoft's understanding, is
9   proposed schedule that would move the cases out four months,
10  thus providing to GeoTag and Microsoft what they wanted; namely,
11  the Texas trial to go subsequent to the Delaware trial.
12          So that's already in the works, per se.
13          MR. KINSEL:  To my knowledge, that is not exactly
14  right.
15          I have not heard of anything being submitted to the
16  Court.  Number one.
17          I've seen a letter offer that counsel for GeoTag made
18  to a number of the defendants to stay the case, rather to
19  continue the case out four months.  And I don't know that the
20  defendants are willing to agree to that particular letter.
21          So, that's number one.
22          Number 2, the agreement on the table was to stay the
23  case against Microsoft customers as opposed to continuing the
24  case for four months.
25          I haven't seen any action whatsoever with respect to

1   that particular agreement.

2   MR. HAYES: My understanding from Texas, Judge, is both
3   of those positions are being done in Texas by the people who
4   represent GeoTag in Texas; namely, they have been in discussions
5   with the other side. I thought it was submitted to the Court.
6   But they are submitting a plan. And the plan is to extend it
7   out. So that's going to be done.

8   Two, with respect to staying the 25 individuals as
9   against Microsoft that are indemnified. We have agreed to that.
10  That will be in the works.

11  Obviously, when we agreed to all of this, I presumed we
12  wouldn't be having this conversation and I would have the four
13  months and off we go.

14  But irrespective of what you decide, my deal with
15  Microsoft stands. I made the deal with them. They agreed to
16  the four months of extending the discovery for me. And I agreed
17  to extend the case with respect to 25 of their indemnities and
18  push it out four months. And that will be done. That's not an
19  issue, per se.

20  THE COURT: And I take it to some extent, the sticking
21  point in Texas, which is obviously beyond my reach, is that
22  while Google has some number of indemnified customers, it has a
23  lot more non-indemnified customers. And that's kind of where
24  there was -- what sort of block resolution in Texas.

25  MR. HAYES: Right, Judge.

1  What happened was that at the time I saw all this
2  occurring, they had identified in Texas somewhere, there was my
3  Texas people told me there were 40 people that Google wanted to
4  indemnify.
5  As I said to Google and Microsoft, I agree. I'll
6  agree. I'll stay it as to them. They came back with a 125
7  people.
8  Michael Bettinger told me that they are not
9  non-indemnified. And we did some research and some of them are
10  either in bankruptcy or some of them we're settled with.
11  And the bottom line on that is that, I think, what
12  Google wants to do with respect to those is just dry up any
13  income stream we might have from Texas for that big number of
14  non-indemnified people. We can't agree to that.
15  And the principal concern at the meeting was to put the
16  trial off until December. And we've agreed to that.
17  Obviously, I need the four months. I think most of my
18  end of the bargain has been held up.
19  MR. BETTINGER: Just to set the record clear there.
20  There was an interrogatory response. Google identified
21  customers that had requested indemnity. There were
22  approximately 40 such customers. Google has 125 customers in
23  the Texas case.
24  And there was apparently some misunderstanding by
25  GeoTag as to that. The 40 customers who had requested

1  indemnity, Google has not provided any indemnity to any of those
2  customers. But there is some ongoing negotiations.
3  As I understand following up on Mr. Kinsel's remarks,
4  there was a letter sent to the various defendants' counsel in
5  Texas with a proposal.
6  With respect to that proposal, I understand there's a
7  meeting in Texas with the defendants, a meet-and-confer on
8  Monday. My initial reaction of some of the defendants is to
9  reject this particular proposal because of the conditions that
10 has been placed on it.
11 I don't know all of the details. But I think it's fair
12 to say that despite good faith efforts by counsel in Delaware,
13 it's virtually impossible to dictate what can happen in Texas.
14 THE COURT: I'm sure that's the case. So, that's all
15 interesting background.
16 I guess the nub of the thing that needs to be decided
17 this morning is sort of a schedule here. And so, I guess the
18 question is, Google, I guess that's probably you, Mr. Bettinger.
19 The schedule that has been proposed by GeoTag, what's
20 wrong with that from your point of view?
21 MR. BETTINGER: There are two points, your Honor.
22 One is the close of fact discovery being all the way
23 set into April, four months for that.
24 The only thing that's left for discovery that GeoTag
25 needs to take is of Google is depositions. All the document

1   discovery has been done.  They need to do more source code
2   review, apparently.
3           That source code has been produced.  We propose with
4   respect to Google, we understand they need more time.  We
5   proposed a seven week extension on fact discovery to allow them
6   to take their four depositions that they noticed.
7           The fact discovery for us in the second -- the impact
8   on dispositive motions.  Currently, your Honor, has that date
9   set for June 3rd?
10          THE COURT:  Right.
11          MR. BETTINGER:  We're willing to grant additional time,
12  another month to get to July five.  But August 24 just seems to
13  us very late it in this process for a case that is currently set
14  for trial currently in the fall.
15          THE COURT:  Remind me, what is the actual date that's
16  set for trial?  Is it in October?
17          MR. BETTINGER:  I believe it's December is your trial
18  date, your Honor.  The first week in December.  I think it's the
19  7th, but I'm not sure of that.
20          THE COURT:  Mr. Hayes, go ahead.
21          MR. HAYES:  On that, your Honor, we obviously need the
22  four months.
23          At the hearing, I told the Court and everybody, what we
24  intended to do is notice the deposition, a technical person to
25  tell how this works.

1	Then we're going to get a code reader to go in and do
2	such, to take a look at it and then proceed in an expeditious
3	and logical manner.
4	I noticed the deposition on the 10th of October for the
5	30(b)(6). In a good fashion, Google has refused to produce this
6	deposition, and, in fact, we've been haggling over this. They
7	don't want to give me this deposition, if you can believe it,
8	until late November or early December.
9	I noticed the individual they identified who knows the
10	most about the device. They don't want to give me him until
11	late December, three months after notice. Thus, what am I going
12	to do? I take the deposition in December according to Google
13	and they shut down. I would have two minutes, in fact, to do
14	the code. What they are trying to do is squeeze us.
15	First of all, Microsoft did not disagree with who we
16	designated as a, you know, a preliminary investigator. But
17	Google in typical fashion, objected. So I've got to go have a
18	meet-and-confer.
19	Now, there has to be a motion that they have to file
20	against whoever we notified despite the fact that this guy is a
21	real pro and has been doing it everywhere.
22	As it stands right now, I have set down four
23	depositions in October, and I'm giving dates in December. And
24	Google is saying, okay, shut it down in February, giving me
25	twelve minutes for depositions, two days to look at the code.

1   This is just the game Google is playing.  They have not provided
2   a shred of discovery since our last hearing.
3            So I think in view of this, I just simply ask the Court
4   to adopt the schedule that we proposed and that Microsoft
5   specifically agrees to.  That was part of the deal with
6   Microsoft and move on.
7            MR. BETTINGER:  With respect to the characterization of
8   that response from Google for discovery, I understand your
9   Honor's in trial and busy.  But that's just not an accurate
10  representation.
11           If your Honor wants, I'll give you the facts as to
12  what's happened.
13           They are suggesting that we're somehow stalling.  We
14  can't even get the inventor's deposition that were noticed
15  almost two months ago.
16           THE COURT:  All right.  Stop.  Stop.
17           I'm not going to resolve over the telephone back and
18  forth about who shot whom.
19           So, based on what I heard before when you were all
20  sitting around the table, you know, I thought generally speaking
21  that what GeoTag was asking for sounded reasonable.
22           I also do appreciate, however, that right now the
23  schedule that's proposed, I guess cuts off two months on the
24  post-case dispositive motion time, which might be important time
25  for me.

1            And so I guess what I'm wondering is, I would be --

2   what I'd like you all to do is -- and I guess all I really want

3   to know now, am I asking you to do the impossible?

4            What I'd like to do is, I would like to have the

5   dispositive motion date that Google suggests, which is July 5th.

6   But I'd like to give GeoTag as much time, maybe not the full

7   four months but pretty close to the full four months to extend

8   the fact discovery and then scrunch in the expert reports and

9   discovery in between that time, which essentially, I think,

10   means that, you know, perhaps cutting down on the amount of time

11   for some of the expert back and forth.

12            MR. HAYES: Myself and Mike Bettinger basically worked

13   out a deal where I can see it to push all the dates which you

14   just said back exactly as you just said except he wouldn't agree

15   to the four months. But you make the decision on the fact

16   discovery, then I think myself and Mike can work it out.

17            MR. BETTINGER: Your Honor, I agree with Mr. Hayes. We

18   can work out a schedule that will keep the dispositive motion at

19   July 5 and work our way backwards and get pretty close to, I

20   think, the schedule that Mr. Hayes is looking for.

21            THE COURT: All right. If you could do that, that

22   would seem to me to be relatively speaking as best as I can

23   determine sitting here the fair thing and the thing that would

24   give the best chance of promoting a just outcome to these

25   proceedings.

1           And I believe that, in fact, you could do as you just
2  said, work it out.  That's what I'd like to do.
3           Presumably, if you could just submit something when you
4  have worked it out, I'll be happy to sign it, okay?
5           (All counsel responded, Thank you very much, your
6  Honor}
7           THE COURT:  All right.  Thank you all.
8           (At this time, the teleconference concluded)
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25