1000 West Street
Suite 1400
Wilmington, DE 19801
www.connollygallagher.com

Arthur G. Connolly, III
Partner
TEL (302) 888-6318
EMAIL aconnolly@connollygallagher.com

# CONNOLLY GALLAGHER LLP

April 23, 2013

**BY CM/ECF ELECTRONIC FILING**
**AND HAND DELIVERY**
The Honorable Richard G. Andrews
J. Caleb Boggs Federal Building
844 N. King Street, Unit 9, Room 6325
Wilmington, DE 19801-3555

    Re:    *Microsoft Corporation, et al. v. GeoTag, Inc.*, D. Del. C.A. No. 11-00175-RGA

Dear Judge Andrews:

This letter is intended to update the Court on the status of the issues Microsoft raised in its March 11, 2013 letter (D.I. 239), which the parties discussed at the discovery conference on March 12, 2013.

**Summary**

Since the March 12 conference, the parties have made little progress on the case due to GeoTag's counsels' unavailability. While all of the parties — including GeoTag — scheduled numerous depositions between March and April, GeoTag's counsel cancelled them all, unilaterally stating that no depositions (including GeoTag's own depositions) would go forward until GeoTag's counsel completed a trial in Texas. GeoTag's proclamation cancelling the depositions prejudiced Microsoft, as GeoTag has prevented Microsoft from completing discovery before the close of discovery.

Apparently, GeoTag's counsel completed their Texas matter on about April 17 when they informed Microsoft's counsel that they were "getting up to speed" on outstanding issues. Yet, since then, GeoTag has not reengaged on the issues raised in the previous hearing relating to Microsoft's declaratory-judgment claims, and with the exception of a single third-party deposition scheduled in Chicago this week, no other depositions have been rescheduled.

**Store Locator**

Microsoft filed this declaratory-judgment action to remove the cloud over its store-locator service that GeoTag created by filing numerous lawsuits in Texas against Microsoft's customers. But since the beginning of this case, GeoTag has taken conflicting positions about Microsoft's store-locator services, alternatively contending that Microsoft's provision of store-locator services does and does not directly or indirectly infringe the '474 patent.

Microsoft continues to seek resolution of the scope of this case, which is what originally prompted the March conference before the Court. At that conference, GeoTag's counsel stated unequivocally that Microsoft's store-locator services do not infringe. He stated: "everything that they provide to a third party, like this mapping stuff for store locator . . . doesn't infringe . . . .



LEGAL26466963.1

The Honorable Richard G. Andrews
Page 2

[N]either Microsoft nor Google infringed by providing these pieces. . . ."[1] He also stated, "there's no liability for any of them with respect to what they provided to the Texas people, period."[2] Still, GeoTag is unwilling to stipulate to a judgment that Microsoft doesn't infringe — thereby narrowing the case consistent with GeoTag's lawyers' position — because GeoTag's other lawyers in Texas want to press their claims against Microsoft's customers.

On March 7, Microsoft proposed the stipulated judgment attached as Exhibit "1." That judgment required GeoTag to agree as follows: "GeoTag and Microsoft stipulate and agree that Microsoft's making, using, selling, offering to sell or importing of the Store Locator Technology and the Non-Ads Counterclaim Products do not directly or indirectly, by inducement or contribution, infringe any claim of the '474 patent." This stipulated judgment would have resolved the store-locator-services issues, and is consistent with GeoTag's counsel's on-the-record statements.

GeoTag refuses to stipulate to this judgment, while at the same time, refusing to engage on these claims. GeoTag has not supplemented its interrogatory responses or its infringement contentions (beyond the superficial supplementation GeoTag made the day before the last conference on this subject), both of which remain deficient, just as they were at the last hearing on this issue. So, at this point, Microsoft is stymied. Either GeoTag needs to engage on this issue, or GeoTag should stipulate to judgment.

**Discovery**

Microsoft and Google have noticed or subpoenaed several party and non-party witnesses for deposition, none of which went forward because GeoTag's counsel refused to attend any depositions during April. Microsoft joins Google's request that the Court order GeoTag to provide dates certain for depositions for GeoTag and all non-party witnesses represented by GeoTag's counsel.

Microsoft anticipates GeoTag requesting another discovery extension. Microsoft does not agree to a further extension of time for GeoTag to complete discovery. GeoTag has made two separate extension requests. The first was for two months, and the second was for an additional thirty days. The Court granted both requests, and GeoTag squandered them. Thus, any prejudice GeoTag has suffered is of its own making; Microsoft should not be prejudiced because of GeoTag's counsel's trial schedule.

Microsoft and Google should, however, be permitted additional time to complete the depositions they were unable to take because of GeoTag's unilateral cancellation of all depositions in March and April. Other than that change, Microsoft does not believe that the discovery schedule should be modified.

Respectfully submitted,

*/s/ Arthur G. Connolly, III*

Arthur G. Connolly, III (#2667)

AGC, III/tde

---

[1] Tr. 03/13/2013 4:24–5:3.
[2] *Id.* at 5:6–7.