1000 West Street
Suite 1400
Wilmington, DE 19801
www.connollygallagher.com

Arthur G. Connolly, III
Partner
TEL (302) 888-6318
EMAIL aconnolly@connollygallagher.com

# CONNOLLY GALLAGHER LLP

April 23, 2013

**BY CM/ECF ELECTRONIC FILING
AND HAND DELIVERY**

The Honorable Richard G. Andrews
J. Caleb Boggs Federal Building
844 N. King Street, Unit 9, Room 6325
Wilmington, DE 19801-3555

    Re:    *Microsoft Corporation, et al. v. GeoTag, Inc.*, D. Del. C.A. No. 11-00175-RGA

Dear Judge Andrews:

    Google respectfully submits this letter to apprise the Court of issues in advance of the April 25, 2013 conference.

### Discussions to Narrow the Case

    Google filed a complaint seeking a declaratory judgment that neither Google nor its customers directly or indirectly infringe U.S. Patent No. 5,930,474 based on Google's "mapping services" technology that can be used in a store locator, including products and services such as Google Maps API, functionality provided under Google Maps API, Google Fusion Tables, Google Maps Engine, and Google's geocoding services including the Google Geocoding API (collectively, "Store Locator Technology"). GeoTag filed counterclaims alleging infringement by Google's AdWords, AdWords Express, Maps, Places, Public Alerts, Latitude, Analytics, Offers, TV, Google+, Search, News, and Panoramio products. D.I. 36 at ¶¶ 17-19.

    At the March 12, 2013 hearing before the Court, GeoTag's counsel represented that they "want[] to try this case just on AdWor[d]s. That's it. We don't want to get involved, for example, obviously, we're not going to go try 150 patent infringement cases of customers that are unindemnified, et cetera, in Texas." Ex. A (March 12, 2013 Transcript) at 4:16-20.

### GeoTag Agreed to a Dismissal with Prejudice of Maps, Places, Offers, News, Public Alerts, Latitude, Analytics, TV, Panoramio, Search, Google+, and Earth

    On April 11, after an extended period of non-responsiveness, GeoTag, agreed to dismiss with prejudice GeoTag's infringement claims as to Google Maps, Places, Offers, News, Public Alerts, Latitude, Analytics, TV, Panoramio, Search, Google+, and Earth products—all of the accused products other than AdWords, AdWords Express, and Store Locator Technology. Google drafted and provided to GeoTag a stipulated dismissal per the parties' agreement, see Ex. B, but even after multiple follow-up phone calls, GeoTag has only confirmed its agreement in



principle to dismiss these products.[1] Google now requests that the Court enter the stipulated dismissal with prejudice attached as Exhibit B, to which GeoTag has orally agreed.

<u>Claims Relating to Google's Store Locator Technology</u>

Because it brought this action to clear the cloud over its Store Locator Technology, Google is entitled to a judgment if GeoTag chooses not to contest Google's claims that its Store Locator Technology does not infringe. Google attempted to reach agreement with GeoTag on a stipulated judgment on the Store Locator Technology. *See* Ex. C. However, GeoTag was first amenable only to a joint dismissal, and then offered only a stipulation that did not provide a judgment of non-infringement. Ex. D. GeoTag's offer extended only to the "provision or sale" of the Store Locator Technology, not the full scope of infringement set forth in 35 U.S.C. § 271, which includes making, using, offering for sale, selling, or importing into the U.S. GeoTag also wanted to limit the stipulation to Google's own "provision or sale" of the Store Locator Technology to third parties. Ex. D. This is not sufficient, nor why Google brought this action.

GeoTag has consistently told this Court and the public that Google Maps and Google mapping services are not accused of infringing the '474 patent. In April 2011, GeoTag asserted in its Motion to Dismiss (D.I. 11) that "GeoTag has never accused any defendant in the Texas Actions of infringing the '474 patent on the basis, in whole or part, of Bing Maps or Google Maps. None of the complaints in the Texas actions accuse any defendant of infringement, in whole or part, based upon Bing Maps or Google Maps. To the extent any defendants in the Texas Actions display Bing Maps or Google Maps on their websites, those maps or mapping services are not, and have never been, accused of infringing the '474 patent by GeoTag." D.I. 11 at 2 (citations omitted). Elizabeth Morgan, a GeoTag principal, signed a declaration that stated:

> 15. ... GeoTag has never explicitly or directly, or to my knowledge implicitly or indirectly, accused any defendant in the Texas Actions of infringing the '474 patent on the basis, in whole or part, of Bing Maps or Google Maps.
>
> 16. None of the complaints in the Texas actions accuse Google Maps or Bing Maps as infringing methods, systems or apparatuses. None of the complaints in the Texas actions explicitly or directly, or to my knowledge implicitly or indirectly, accuse any defendant of infringement, in whole or part, based upon Bing Maps or Google Maps.
>
> 17. To the extent any defendants in the Texas Actions display Bing Maps or Google Maps on their websites, those maps or mapping services are not, and have never been, accused of infringing the '474 patent by GeoTag.

Declaration of Elizabeth Morgan (D.I. 11), ¶¶ 15-17.

In GeoTag's reply brief in support of its Motion to Dismiss, GeoTag represented that it was willing to sign a covenant not to sue, and submitted a proposed joint stipulation for a

---

[1] Google understands that GeoTag's counsel at Hayes Bostock & Cronin LLC was preparing for a 1-week trial in another case that was set to begin on April 15, but that the case settled on April 15. Google received no response until April 22.

covenant not to sue and a dismissal of the Store Locator Technology portion of the case. *See* D.I. 18 at 9; Ex. A to D.I. 18. It was willing to enter into a stipulation and covenant not to sue Google "for directly infringing, inducing the infringement of, or contributing to the infringement of the '474 patent, based upon the past or current maps for store locators" of any Texas defendants. Ex. A to D.I. 18. GeoTag was also willing to stipulate and covenant not to sue "any defendants in the Texas Cases for infringing the '474 patent based upon their use of past or current maps for store locators made or sold (or otherwise provided) by Microsoft or Google. *Id.*

Thus, Google requests that the Court enter the proposed judgment attached as Exhibit C.

### GeoTag's Second Supplemental Infringement Contentions Are Still Deficient

GeoTag's initial infringement contentions did not contain allegations or claim charts for the Google Public Alerts, Latitude, Analytics, TV, or Panoramio products. GeoTag's second supplemental infringement contentions, served last month, still do not contain allegations or claim charts for those products. Thus, if the Court declines to enter judgment on these products based on GeoTag's representations, as explained above, Google requests that the Court preclude GeoTag from offering evidence relating to alleged direct or indirect infringement by any of these products or technology.

GeoTag's initial and supplemental infringement contentions also do not include allegations or claim charts for the Store Locator Technology. In response to Google's contention interrogatory on this product, GeoTag stated that it "will not be providing further discovery on Google's Maps API." Ex. E. Google requests that the Court either order GeoTag to produce infringement contentions for the Store Locator Technology or preclude GeoTag from offering evidence relating to alleged direct or indirect infringement by the Store Locator Technology.

Further, all of the infringement contentions GeoTag has provided are deficient and consist entirely of screenshots. John Veenstra, GeoTag's principal and a co-inventor, admitted that infringement of the '474 patent can only be determined from source code, not screenshots. Ex. F (Veenstra Tr. 199:19-205:21) Although GeoTag has had access to Google's source code for over a year, and its counsel and technical experts have inspected Google's code multiple times, it has not identified any Google code that allegedly infringes any claim limitations. Google specifically requested this information in an interrogatory, but GeoTag responded by referring back to its screen shots. If the Court declines to enter judgment on these products based on GeoTag's representations, Google requests that the Court order GeoTag to produce immediately infringement contentions identifying the Google code that allegedly infringes each limitation. Alternatively, Google requests that the Court preclude GeoTag from identifying Google code at trial.

### Depositions

GeoTag has engaged in a pattern of delay in making its witnesses available for deposition, all the while refusing to accept the dates Google has offered for its witnesses. This pattern cannot continue.

GeoTag has failed to make its witnesses available for deposition. For example, the deposition of Lawrence Howorth, noticed in September 2012, has been rescheduled three times.

The first time, Google's attorneys travelled to Dallas on the agreed to and confirmed date, but Mr. Howorth and GeoTag's counsel did not appear. GeoTag confirmed the next deposition date for Mr. Howorth, but cancelled one week prior. Despite letters, emails, and phone calls, GeoTag still has not provided a deposition date for Mr. Howorth. Ex. G. GeoTag has also not reimbursed Google for the expenses associated with its failure to appear at the first scheduled deposition, though it initially agreed to do so. Google requests that it be awarded fees and costs for GeoTag's failure to appear at Mr. Howorth's deposition.[2]

GeoTag also rescheduled the deposition of Joan Nagelkirk, noticed in September 2012, multiple times. Ultimately, after canceling a scheduled March 13 deposition the day before, GeoTag's counsel admitted they do not represent Ms. Nagelkirk. Exs. H, I. Google and Microsoft then scheduled Ms. Nagelkirk's deposition through her counsel, but GeoTag objected on the grounds that Google and Microsoft had not coordinated with GeoTag. Finally, Google has sought GeoTag's 30(b)(6) deposition since November. GeoTag identified John Veenstra at its 30(b)(6) witness but refused to allow him to testify as such during his personal deposition. GeoTag has represented that it will provide dates for its 30(b)(6) witness but has not done so. Ex. J. Google requests that the Court order GeoTag to provide available deposition dates before May 10 and appear.

Meanwhile, GeoTag insisted on taking the deposition of Google engineer Daniel Egnor, who Google informed GeoTag lacks knowledge relevant to AdWords or AdWords Express. GeoTag insisted that he did in fact have such knowledge, but would not provide the basis of its belief. Ex. K. After rejecting the first two dates offered by Google, GeoTag agreed to take Mr. Egnor's deposition on Monday, April 22. *See* Ex. L. During the three hour deposition, GeoTag asked Mr. Egnor only two questions regarding AdWords or AdWords Express and spent the remainder of the time questioning Mr. Egnor on source code he had written prior to joining Google (which has not been implemented by Google) and on patents that are not at issue in this litigation. Google requests that it be awarded fees and costs for Mr. Egnor's deposition.

### Google Opposes A Further Extension To The Close Of Fact Discovery

Google is willing to allow the depositions already noticed to be completed in May but is not willing to extend the fact discovery deadline yet again. GeoTag should not be rewarded for its failure to provide witnesses for deposition and diligently pursue appropriate discovery.

### Expert Discovery Schedule

The parties have agreed to the expert discovery schedule attached hereto as Appendix A.

Respectfully,

*[signature]*

Arthur G. Connolly, III (#2667)

---

[2] Another GeoTag deponent, Elizabeth Morgan, was also scheduled to be deposed during that trip to Dallas, and also did not appear. *See* Ex. M (Certificate of Non-Appearance). Thus, the costs and fees requested also include Ms. Morgan's failed deposition.

# APPENDIX A

| Date | Expert report |
|---|---|
| May 10, 2013 | Google Opening Report on Invalidity of '474 Patent |
| | GeoTag Opening Report on Infringement of Store Locator Technology and AdWords/AdWords Express |
| | GeoTag Opening Report on Damages |
| May 31, 2013 | GeoTag Response Report on Validity |
| | Google Response Report on Non-Infringement of Store Locator Technology and AdWords/AdWords Express |
| | Google Response Report on Damages |
| June 7, 2013 | Google Reply Report on Invalidity |
| | GeoTag Reply Report on Infringement of Store Locator Technology and AdWords/AdWords Express |
| | GeoTag Reply Report on Damages |
| June 26, 2013 | Close of expert discovery |