**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| _____ ) | |
| MICROSOFT CORPORATION and ) | |
| GOOGLE INC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 11-cv-175 (RGA) |
| ) | |
| GEOTAG, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## RULE 30(b)(6) NOTICE OF DEPOSITION OF GOOGLE, INC.

TO: PLAINTIFF GOOGLE, INC. AND ITS COUNSEL OF RECORD

PLEASE TAKE NOTICE that defendant, GeoTag, Inc., will take the deposition of

plaintiff, Google, Inc., pursuant to Fed. R. Civ. P. 26 and Fed. R. Civ. P. 30(b)(6) by the person

or persons most knowledgeable regarding the matters specified below. The deposition will be

taken on May 16, 2013, commencing at 9:00 a.m. at the office of Arnold & Porter, 1801 Page

Mill Road, Suite 110, Palo Alto, California, or at such other time and place as may be agreed

upon by the parties. The deposition will be taken under oath by a Notary Public or other person

qualified to administer oaths in the State of California, and may be recorded by any means that

the Federal Rules of Civil Procedure permit, including videotaping, audiotaping, stenographic

recording, and means permitting electronic transmission of the transcript, including Livenote.

The deposition will continue from day-to-day, Saturdays, Sunday, and holidays excepted,

until complete. Prior to the deposition, plaintiff, Google, Inc., shall designate in

writing to defendant the name(s) of the person(s) who will testify on its behalf in response to this Notice of Deposition. Plaintiffs are hereby invited to attend and cross-examine.

<u>DEFINITIONS</u>

1.      "Google," "you" and "your" mean Google, Inc., the entity named as a plaintiff in the Complaint; any predecessor(s) or successor(s) of Google, and any past or present parent, division, department, subsidiary, affiliate, joint venture, associated organization, director, officer, agent, manager, employee, consultant, accountant, staff, member or other representative of Google, including counsel and patent agents.

2.      "Defendant" means GeoTag, Inc.

3.      "Plaintiffs" means Microsoft Corporation and Google Inc.

4.      "The '474 Patent" and "patent-in-suit" mean United States Patent No. 5,930,474.

5.      "Document" shall have the meaning accorded by rule 34(a) of the Federal Rules of Civil Procedure including, but not limited to all of the matters defined in Rule 1001 of the Federal Rules of Evidence and any written, printed, typed, recorded, magnetic, punched, copied, graphics, or other tangible thing in which information may be embodied, translated, conveyed, or stored.

6.      "Thing" shall have the full meaning ascribed to it by the Federal Rules of Civil Procedure.

7.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), and encompasses every medium of information transmittal, including but not limited to oral, written, graphic, and electronic communication.

8.      "Person" means an individual, proprietorship, partnership, firm corporation, association, governmental agency, or other organization or entity.

9.      "Employee" means any director, trustee, officer, employee, partner, corporate parent, subsidiary, affiliate or servant of the designated entity, whether active or retired, full-time or part-time, current or former, and compensated or not.

10.     "Include" and "including" are to be read as followed by the phrase "without limitation," so as to acquire the broadest meaning possible.

11.     "Concern," "concerning," "evidence," "evidencing,," "relating to," "relate to," "relates to," "related to," "referring or relating to," "referring to," "regarding," and "refer or relate to" shall be construed broadly to mean in whole or in part alluding to, responding to, concerning, relating to, connected with, involving, commenting on, in respect of, about, associated with, discussing, evidencing, showing, describing, reflecting, analyzing, summarizing, memorializing, consisting of, constituting, identifying, stating, tending to support, tending to discredit, referring to, or in any way touching upon.

12.     "And" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

13.     "Any" and "each" should be understood to include and encompass "all."

14.     Where appropriate, the singular form of a word should be interpreted in the plural and vice versa, to acquire the broadest possible meaning.

## DEPOSITION TOPICS

The topics on which the designated witness(es) should be prepared to testify to are as follows:

**Topic No. 1:**

Quarterly financial statements and reports identifying revenues (advertising and other) from each accused Google instrumentality, including but not limited to AdWords, AdWords Express and/or AdSense, for the time periods before and after the functionality involving use of the geographical location of a search to target ads or modify search results was included therein.

**Topic No. 2:**

Quarterly financial statements and reports identifying the profits Google has earned from each accused Google instrumentality, including but not limited to AdWords, AdWords Express and/or AdSense, for the time periods before and after the functionality involving use of the geographical location of a search to target ads or modify search results was included therein.

**Topic No. 3:**

Quarterly financial statements and reports evidencing revenues and profits from each accused Google instrumentality, including but not limited to AdWords, AdWords Express and/or AdSense, for the time periods before and after the functionality involving use of the geographical location of a search to target ads or modify search results was included therein.

**Topic No. 4:**

Forecasts, projections and budgets prepared by Google for any revenues and profits earned from each accused Google instrumentality, including but not limited to AdWords, AdWords Express and/or AdSense, for the time periods before and after the functionality involving use of the geographical location of a search to target ads or modify search results was included therein.

**Topic No. 5:**

Capital budgets or plans relating to Google's development of each accused Google instrumentality, including but not limited to AdWords, AdWords Express and/or AdSense, and/or any other functionality involving use of the geographical location of a search to target ads or modify search results.

**Topic No. 6:**

Google's licenses to patents or technology related to search technology, advertising technology, geo-targeting and/or each accused Google instrumentality, including but not limited to AdWords, AdWords Express and/or AdSense, and/or any other functionality involving use of the geographical location of a search to target ads or modify search results.

**Topic No. 7:**

Financial analyses, forecasts, purchase price allocations, and technical evaluations prepared by or on behalf of Google related to companies or patents acquired by Google that possess technologies the same as and/or similar to the technologies utilized in each

06037902

accused Google instrumentality, including but not limited to AdWords, AdWords Express and/or AdSense, for the time periods before and after the functionality involving use of the geographical location of a search to target ads or modify search results was included therein.

**Topic No. 8:**

Presentations, research and development requests, project summaries or reports that quantify, evaluate and/or estimate the value to Google of the benefits of each accused Google instrumentality, including but not limited to AdWords, AdWords Express and/or AdSense, including improved search results, advertising placement, increases in volume of search and advertising, increased revenues, profits, advertising rates, and click-through rates.

**Topic No. 9:**

Documents relating to the decision to implement each accused Google instrumentality, including but not limited to AdWords, AdWords Express and/or AdSense, including any details of internal tests performed by Google (A\B tests, "Dogfood" tests, "__%
Experiments," etc.)  measuring the benefits of implementing such instrumentality, either performed prior to or after launch of same.

**Topic No. 10:**

Studies of any incremental revenues\profits earned by Google from each accused Google instrumentality, including but not limited to AdWords, AdWords Express and/or AdSense,

for the time periods before and after the functionality involving use of the geographical

location of a search to target ads or modify search results was included therein.

**Topic No. 11:**

All Google products and/or services that use each accused Google instrumentality,

including but not limited to AdWords, AdWords Express and/or AdSense, and identifying

when such instrumentality was first implemented in each Google product and/or service.

**Topic No. 12:**

Surveys, cross-platform statistics and/or user data on what percentage of search results

(both paid and organic) utilize geo-targeting and/or geo-searching functionality, including

but not limited, to AdWords, AdWords Express and/or AdSense, and/or any other

functionality involving use of the geographical location of a search to target ads or modify

search results.

**Topic No. 13:**

Surveys, cross-platform statistics and/or user data on what percentage of users are using

geo-targeting and/or geo-searching functionality, such as each accused Google

instrumentality, including but not limited, to AdWords, AdWords Express and/or

AdSense, and/or any other functionality involving use of the geographical location of a

search to target ads or modify search results.

**Topic No. 14:**

Surveys, cross-platform statistics and/or user data on what percentage of users prefer using

geo-targeting and/or geo-searching functionality, such as each accused Google

instrumentality, including but not limited, to AdWords, AdWords Express and/or

AdSense, and/or any other functionality involving use of the geographical location of a

search to target ads or modify search results, to traditional non-geo-targeted offerings.

**Topic No. 15:**

Any and all documents relating to Google's knowledge of the Geotag patent.

Dated: April 25, 2013                    **O'KELLY ERNST & BIELLI, LLC**

_/s/ Sean T. O'Kelly_____
Sean T. O'Kelly (No. 4349)
901 N. Market St., Suite 1000
Wilmington, Delaware  19801
(302) 778-4000
(302) 295-2873 facsimile
sokelly@oeblegal.com

*Of Counsel:*

Paul J. Hayes, Admitted *pro hac vice*
James C. Hall, Admitted pro *hac vice*
Samiyah Diaz, Admitted *pro hac vice*
**HAYES BOSTOCK CRONIN LLC**
300 Brickstone Square, Suite 901 Andover, MA 01810
(978) 809-3850
(978) 809-3869 facsimile
phayes@hbcllc.com
jhall@hbcllc.com
sdiaz@hbcllc.com
***Counsel for Defendant GeoTag, Inc.***