1000 West Street
Suite 1400
Wilmington, DE 19801
www.connollygallagher.com

Arthur G. Connolly, III
Partner
**DIRECT DIAL:** (302) 888 6318
**EMAIL:** aconnolly@connollygallagher.com

CONNOLLY GALLAGHER LLP

July 12, 2013

**BY CM/ECF ELECTRONIC FILING**
**AND HAND DELIVERY**
The Honorable Richard G. Andrews
U.S. District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801-3570

Re:   Google Inc. and Microsoft Corp. v. GeoTag, C.A. No. 11-175-RGA

Dear Judge Andrews:

Pursuant to the Court's July 11 Order, I write on behalf of Counterclaim Defendants Microsoft and Google in response to GeoTag's July 10 letter to the Court. Microsoft and Google respectfully submit that a trial date of approximately June 2014 is necessary to allow the parties to conduct expert discovery, brief dispositive motions, and allow the Court adequate time to consider those motions before trial. As it stands, Microsoft and Google do not even have GeoTag's new infringement contentions, which have been the subject of multiple prior conferences with the Court. In light of both the Court's claim construction order and the recent covenants and stipulations, which largely dispose of the former infringement allegations, Microsoft and Google anticipate seeing altogether new infringement theories from GeoTag. Thus, a December trial date is simply infeasible. Indeed, until the July 10 letter, GeoTag's counsel had repeatedly confirmed that a December 2013 trial was not feasible owing to the time required for expert discovery and dispositive motions, as well as GeoTag's counsel's schedule.

**Current Case Status**

The Court entered its claim construction order on May 3, 2013, yet GeoTag has not served updated infringement contentions. To the contrary, GeoTag has delayed, citing personnel changes at their national counsel's law firm, a new round of cases for Acacia taken on by their national counsel's law firm in the Eastern District of Texas, and an inability to engage in work on this matter due to their national counsel's trial preparation for another case in the Eastern District of Texas, as well as depositions outside the U.S. in another case.

After discussions, GeoTag's counsel ultimately asked to serve infringement contentions on July 15. Microsoft and Google acceded to this request, which would not have allowed adequate time for expert discovery and dispositive motions before a December 2013 trial, because GeoTag confirmed that it was no longer pursuing that trial date. In fact, GeoTag's counsel coupled the extension request with an acknowledgement that a December 2013 trial would be infeasible given (a) the necessity of and time required for expert discovery, (b) the Court's indication at the


{05063138.DOC.}

The Honorable Richard G. Andrews
July 12, 2013
Page 2

last status conference that it would need a sufficient amount of time to consider dispositive motions to ensure that they are not a "pointless exercise," and (c) counsel's commitments in other cases. Having already benefitted from the extension of time to serve its contentions, GeoTag cannot now repudiate the intertwined representation about trial timing.

Following GeoTag's confirmation that they would serve contentions on July 15, Microsoft and Google sent a proposed schedule on June 11, consistent with the ongoing discussions and the fact that the infringement contentions would be altogether new, and requested a meet and confer on the specifics of the schedule. GeoTag's counsel indicated they couldn't meet and confer on the proposed schedule until July. But come early July, rather than meeting and conferring, GeoTag simply sent a request to the Court for a December trial date.

The time for seeking fact discovery is passed, but several outstanding issues remain due to GeoTag's ongoing failure to produce a key witness whose deposition was first noticed last September and its production of 11,431 pages of new documents—many of which were responsive to Requests for Production served as early as February of 2012—after June 1, 2013. In addition, GeoTag's 30(b)(6) designee, originally noticed in February, was not produced for deposition until early June, after the discovery cut-off. He was unprepared and unable to answer basic questions on the noticed topics. In addition, counsel for GeoTag ended the deposition early, so Microsoft has not been able to complete its examination. Microsoft and Google's proposed schedule below provides enough time for this "clean-up" fact discovery.

**Microsoft and Google's Proposed Schedule**

Microsoft and Google have proposed to GeoTag a schedule that allows sufficient time for expert discovery and for the Court's consideration of summary judgment motions. To accommodate GeoTag's request for nearly two and a half months to update their infringement contentions after claim construction, the schedule begins July 15, 2013. From that point on, it has updated invalidity contentions in mid-August, expert discovery through December, dispositive motion briefing (and laches briefing, if necessary)[1] running from late-January through mid-March, and a final pretrial conference in early June, subject to the Court's schedule. GeoTag has yet to respond, though we assume they will meet and confer following the Court's order of today.

**Microsoft and Google's Anticipated Summary Judgment Motions**

While any summary judgment issues depend on GeoTag's new infringement theories and expert discovery, Microsoft and Google each anticipate the possibility of summary judgment on the

---

[1] Depending on how substantial the differences are between the infringement contentions directed at Google and Microsoft, Counterclaim Defendants may ask the Court to sever the Google and Microsoft cases for trial after reviewing those contentions.

{05063138.DOC.}

The Honorable Richard G. Andrews
July 12, 2013
Page 3

issues of non-infringement, invalidity due to anticipation and/or obviousness, and invalidity for lack of written description.[2]

By way of example only, Microsoft and Google anticipate moving for summary judgment based on the Court's construction of "dynamic replication," which requires "automatically inheriting at the time of search." Neither Microsoft's nor Google's system performs dynamic replication under that definition. Microsoft and Google have asked GeoTag to stipulate to non-infringement under the Court's construction, but it has thus far declined to do so.

As another example, the Court's claim construction explains that the specification describes automatic inheritance only in the context of a parent-child relationship within the database: "There is no clue within the specification as to how 'automatic inheritance' would possibly function in any other context."[3] Thus, if GeoTag's July 15 infringement contentions apply automatic inheritance more broadly than the context disclosed in the specification, Microsoft and Google may file a motion for invalidity based on lack of written description under § 112.

Until Microsoft and Google have an opportunity to analyze GeoTag's infringement contentions, it is unclear to Microsoft and Google how GeoTag will meet other claim limitations. Depending on what GeoTag contends, other non-infringement arguments may arise. Notably, these issues would likely be separate for Microsoft and Google because each operates a different system.

Given the number of meritorious summary judgment grounds, Microsoft and Google have proposed a schedule that allows the Court sufficient time to consider motions on these issues. In contrast, GeoTag's request for a December trial date—and failure to provide any roadmap for getting to trial—simply fails to take into account the time necessary for expert discovery, summary judgment briefing, and the Court's evaluation of those motions.

**Status Conference**

Microsoft and Google appreciate the Court's setting of the August 30 status conference, which will allow the Parties time to review each other's updated contentions. Google also expects that GeoTag will indicate before then whether it will seek pre-suit damages. Thus, the Parties and the Court can have an informed discussion at the conference regarding anticipated motions and the schedule, including the timing and means of determining laches, if necessary.

---

[2] Although it is not case dispositive, Google may also seek a determination regarding laches, if GeoTag seeks damages for any time prior to suit. This is an issue for the Court to decide, so Google may seek a determination on written papers, or if necessary, a bench trial. GeoTag has not responded substantively to a letter from Google asking whether GeoTag intends to seek pre-suit damages, so Google does not know at this time whether a determination on laches will even be necessary; this issue can be discussed at the next status conference.

[3] Memorandum Opinion on Claim Construction, at 8 [D.I. 284].

{05063138.DOC.}

The Honorable Richard G. Andrews
July 12, 2013
Page 4

Thank you for the Court's attention to this matter.

                                  Respectfully Submitted,

                                  Arthur G. Connolly, III (#2667)

cc: All Counsel of Record (*by CM/ECF*)

{05063138.DOC.}