## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICROSOFT CORPORATION and GOOGLE INC., | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 11-175-RGA |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| GEOTAG, INC., | ) ) ) | |
| Defendant. | ) | |

## GOOGLE INC.'S OPPOSITION TO GEOTAG'S
## MOTION FOR EXTENSION OF TIME TO FILE RESPONSES

## I.     INTRODUCTION

Google opposes GeoTag's most recent request for extension of the schedule, which
would delay the close of briefing on Google's summary judgment and *Daubert* motions beyond
the several extensions in the motion schedule to which Google previously assented.  Indeed, the
delays, all made to accommodate GeoTag's requests to adjust the schedule for its experts or its
counsel, have already pushed the close of briefing back more than one month from what GeoTag
agreed to prior to the August 30, 2013 case management conference.  GeoTag has not shown any
cause, much less good cause, for adjusting the schedule any further.  Moreover, Google is
concerned that any further delay may not leave the Court sufficient time to give due
consideration to Google's motions and thus Google opposes GeoTag's latest request for an
extension.[1]

---

[1] Google received potential summary judgment and *Daubert* hearing dates from the Court today
and has forwarded those dates to GeoTag's counsel.  To the extent the Court believes the
extension sought by GeoTag would still allow for one of the proposed hearing dates, Google is
willing to proceed as the Court deems appropriate.

## II.      STATEMENT OF FACTS

Last summer, immediately prior to the August 30 scheduling conference, the parties

agreed to a briefing schedule that allowed for the completion of summary judgment briefing

before Christmas 2013.  *See* D.I. 340-1 at 2.  This agreed-upon schedule allowed for over three

months between the completion of briefing and the final pretrial conference and called for

summary judgment and *Daubert* briefing to close on December 23, 2013.  *Id.*

GeoTag's first extension request.  Immediately after the scheduling conference, counsel

for GeoTag requested an extension from Google because he would be in "trial in the ITC Nov 4

ending Nov 10."  Declaration of Asim Bhansali in Opposition to GeoTag's Motion for Extension

("Bhansali Decl.") (filed concurrently hereto), Ex. A.  Google did not oppose, and the Court

granted that extension request; the summary judgment briefing was moved by three weeks, such

that, accounting for the holidays, it would close on January 13, 2014.  D.I. 352 at 2.

GeoTag's second extension request.  In October 2013, counsel for GeoTag claimed that

he "need[ed] another week re the damages expert who is tied up in a trial."  Bhansali Decl.,

Ex. B.  Google again did not oppose a one-week extension.  *Id.*  GeoTag's damages report, when

eventually served, sought very substantial damages.  The amount of damages is under seal, and

thus not included here, but is set forth in Google's *Daubert* motion, for which GeoTag seeks to

extend the briefing schedule.  D.I. 372.

GeoTag's third and fourth extension requests.  In November 2013, GeoTag sought yet

another extension from Google because its technical expert could "no longer serve as an expert

witness" and separately, because of GeoTag's counsel's schedule.  D.I. 358 at 2-3.  Google again

did not oppose.  Google indicated that it was "willing to accommodate counsel's schedule, in

addition to accommodating the change of expert, so long as doing so [did] not affect the Court's

ability to timely consider dispositive and Daubert motions." *Id.* at 4.  To accommodate the additional time GeoTag requested, the unopposed stipulation proposed to move the close of summary judgment and *Daubert* briefing back another week, to January 20, 2014.  *Id.*

GeoTag's fifth extension request.  On December 2013, GeoTag asked for an extension for its *Daubert* motion regarding Google's expert, Professor Wesley Chu.  Although acceding to such an extension reduced the time that Google would have to respond, Google did not oppose the extension request.  D.I. 368 at 2.

Despite Google's acceding to, and the Court's granting, five separate extensions in just over three months, counsel for GeoTag requested yet another extension on December 17, 2013. In that request, counsel stated—without any further explanation—that "due to unforeseen circumstances, GeoTag will need to move the dates for oppositions and replies to dispositive motions/*Daubert* motions."  Bhansali Decl., Ex. C.  Google explained its view that further delay in the briefing schedule would burden the Court and potentially prejudice Google by not leaving sufficient time to consider dispositive motions.  *Id.*  Although GeoTag could have sought relief from the Court then, a month ahead of the deadline, it opted to stay with the existing deadlines.

Then, three weeks later, on January 8, 2014, GeoTag sought a similar extension, asking for an additional week to oppose Google's summary judgment and *Daubert* motions.  Bhansali Decl., Ex. D.  Google again explained its view that further extensions "would not leave sufficient time for the Court to consider the motions."  *Id.*  This motion followed.

## III.    ARGUMENT

GeoTag does not provide good cause for the extension it seeks, which would constitute the sixth extension of a schedule originally agreed to just a few months ago.  GeoTag claims, without explanation, that it did "not anticipate" Google's motions.  D.I. 399 at 2.  Where, as here,

GeoTag seeks substantial damages in a patent infringement action, a *Daubert* motion and summary judgment motions pertaining to non-infringement and invalidity are hardly unexpected. Indeed, not only did every extension received by GeoTag set forth a deadline for exactly such motions, but both parties provided expert reports and deposed opposing experts regarding each of these topics.  *See, e.g.*, D.I. 358.  Similarly, GeoTag had notice of Google's laches motion for many months, so its claim of surprise on that motion is particularly confounding.[2]

GeoTag further claims that Google's motions are "overwhelming," citing the page count associated with the pleadings.  D.I. 399 at 2.  Yet all of Google's motions are within the page limits set by the Court's rules.  And, again, GeoTag would have known that Google would move on these topics at the time it agreed to the prior schedule (and sought an April trial date).  Indeed, the timing of dispositive motions was extensively discussed at last April's status conference. *See, e.g.*, 4/25/2013 Tr. at 26:5-6 ("I take it the expert reports have probably triggered some Dispositive Motions . . . .).

Aside from the lack of any good cause for yet another extension, Google has concerns about leaving the Court sufficient time to consider Google's summary judgment and *Daubert* motions.  The extensions and schedule changes sought by GeoTag have already trimmed the time between the close of briefing and the final pretrial conference from over three months to a little more than 2.5 months, and the extension GeoTag now seeks would trim another week.  This extension risks burdening the Court with limited time to review motions and/or prejudicing Google by denying it a fair opportunity to have the motions reviewed and heard.  *See* 4/25/2013

---

[2] Google asked GeoTag back in June 2013 "whether GeoTag intends to seek damages from Google for any time period prior to the date on which GeoTag asserted its counterclaim against Google."  Bhansali Dec., Ex. E.  GeoTag did not respond, and now claims to be surprised by the laches motion—a motion necessitated by its own failure to respond.

Tr. at 26:7-9 ("And, so, if there's not enough time built in, then that's going to be a fairly pointless exercise, and I guess an expensive one to everybody involved.").

Thus, if GeoTag wants to maintain its trial date, it should be required to keep to the existing schedule.  *Cf.* http://www.ded.uscourts.gov/judge/judge-sue-l-robinson (should parties "request to have their dispositive motion deadline extended, and a trial date is currently set on the court's calendar in the case, the parties will lose their trial date upon the court's granting the extension.  No new trial date will be given until the dispositive motion(s) have been decided."). Alternatively, the Court could take the current trial date off calendar until it decides the dispositive motions.  In that scenario, it could grant GeoTag's motion and a corresponding one-week extension to Google.  The Court could then address trial scheduling, if necessary, at a pretrial conference following the decision on dispositive and *Daubert* motions.

## IV.    CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court deny GeoTag's motion for an extension of time to file responses.  Alternatively, if the Court is inclined to grant GeoTag's request, Google requests that the current trial date be taken off calendar until the dispositive and *Daubert* motions are decided.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Robert A. Van Nest
Asim M. Bhansali
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA  94111-1809
Tel:  (415) 391-5400

Michael A. Berta
Maulik G. Shah
ARNOLD & PORTER LLP
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111
Tel: (415) 471-3100

Dated:  January 10, 2014
1135781 / 40718

By:   /s/ Richard L. Horwitz
        Richard L. Horwitz (#2246)
        David E. Moore (#3983)
        Bindu A. Palapura (#5370)
        Hercules Plaza, 6th Floor
        1313 N. Market Street
        Wilmington, DE  19801
        Tel:  (302) 984-6000
        rhorwitz@potteranderson.com
        dmoore@potteranderson.com
        bpalapura@potteranderson.com

*Attorneys for Plaintiff and Counterclaim-
Defendant Google Inc.*

6

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on January 10, 2014, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on January 10, 2014, the attached document was electronically mailed to the following person(s)

Arthur G. Connolly, III
Connolly Gallagher LLP
The Brandywine Building
1000 West Street, 14th Floor
Wilmington, DE 19801
302-757-7300
302-757-7299 (fax)
aconnolly@connollygallagher.com
*Attorneys for Plaintiff Microsoft*
*Corporation*

Matthew C. Bernstein
Ryan Hawkins
Patrick J. McKeever
Evan Day
Di Zhang
Perkins Coie LLP
11988 El Camino Real, Suite 200
San Diego, CA  92130-3334
mbernstein@perkinscoie.com
rhawkins@perkinscoie.com
pmckeever@perkinscoie.com
eday@perkinscoie.com
dzhang@perkinscoie.com
*Attorneys for Plaintiff Microsoft*
*Corporation*

Grant E. Kinsel
Perkins Coie LLP
1888 Century Park E., Suite 1700
Los Angeles, CA  90067-1721
gkinsel@perkinscoie.com
*Attorneys for Plaintiff Microsoft*
*Corporation*

Judith B. Jennison
Kaustuv M. Das
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
jjennison@perkinscoie.com
kmdas@perkinscoie.com
*Attorneys for Plaintiff Microsoft*
*Corporation*

Sean T. O'Kelly
O'Kelly Ernst & Bielli, LLC
901 North Market Street, Suite 1000
Wilmington, DE  19801
sokelly@oeblegal.com
*Attorneys for Defendant GeoTag, Inc.*

Joseph P. Messina
Anthony Miele
Hayes Messina Gilman & Hayes, LLC
200 State Street, 6th Floor
Boston, MA  02109
jmessina@hayesmessina.com
amiele@hayesmessina.com
*Attorneys for Defendant GeoTag, Inc.*

Paul J. Hayes
Samiyah Diaz
Hayes Messina Gilman & Hayes, LLC
300 Brickstone Square, 9th Floor
Andover, MA  01810
phayes@hayesmessina.com
sdiaz@hayesmessina.com
*Attorneys for Defendant GeoTag, Inc.*

By:  */s/ Richard L. Horwitz*
     Richard L. Horwitz
     David E. Moore
     Bindu A. Palapura
     Hercules Plaza, 6th Floor
     1313 N. Market Street
     Wilmington, Delaware 19801
     (302) 984-6000
     rhorwitz@potteranderson.com
     dmoore@potteranderson.com
     bpalapura@potteranderson.com

1117764 / 40718