## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICROSOFT CORPORATION and GOOGLE INC., | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 11-175-RGA |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| GEOTAG, INC., | ) ) | |
| Defendant. | ) | |

## FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

## BACKGROUND

Plaintiffs Microsoft Corporation ("Microsoft") and Google Inc. ("Google") submit this Amended Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 1653, as directed by the Court in its Memorandum Order dated June 30, 2014. D.I. 494. The facts alleged herein were true and extant at the time that Plaintiffs filed their original Complaint for Declaratory Judgment on March 1, 2011. Plaintiffs have made amendments only to address subject matter jurisdiction, including jurisdictional facts that existed as of the time they filed their original Complaint.

After Plaintiffs filed their original Complaint, Defendant GeoTag, Inc. ("GeoTag") asserted counterclaims for patent infringement against Plaintiffs. The parties have since resolved all non-ads related claims and counterclaims by stipulated judgment, and the Court has entered an Order granting Google's motion for summary judgment of non-infringement on GeoTag's ads-related counterclaims. The allegations herein relate back to Plaintiffs' original Complaint, and reflect the legal relationship as it existed at that time, before the majority of the claims and counterclaims at issue in this case were resolved. Plaintiffs therefore allege as follows:

## NATURE OF THE CASE

1.        Plaintiffs seek a declaratory judgment that U.S. Patent No. 5,930,474 ("the '474 Patent") is invalid and is not infringed by Plaintiffs' products and services, including but not limited to mapping products and services that Plaintiffs provide or make available for customers to display store locators on websites branded with the customers' names.  There is an actual case or controversy between Plaintiffs and GeoTag regarding whether Plaintiffs' products and services infringe the '474 patent because GeoTag has sued Plaintiffs' customers, including hosted customers, for infringement of the '474 patent based on the customers' use of Plaintiffs' mapping products and services to display store locators on the customer's websites.

2.        GeoTag's allegations against Plaintiffs' customers are implied assertions of patent infringement against Plaintiffs themselves because Plaintiffs' products and services are a material component of the accused store locators that customers display on their websites, and Plaintiffs have published documentation or instructions about how to use their products and services to create store locators.  Moreover, for Plaintiffs' hosted customers, both the customer data and the Microsoft or Google software used to display a store locator on the hosted customers' websites and return responses to queries to those websites reside entirely on Plaintiffs' servers.  Thus, for the hosted customers, the steps related to operation of the store locator websites are performed by Plaintiffs rather than the customers.  Therefore, GeoTag's accusations of infringement by Plaintiffs' customers are implied accusations of infringement (either indirect or direct) by Plaintiffs.

3.        The suits by GeoTag have placed a cloud on Plaintiffs' products and services, including products and services provided for store locators for both hosted and non-hosted customers, and have caused both hosted and non-hosted customers to seek relief from Plaintiffs.

Accordingly, those suits have created a live, justiciable controversy between Plaintiffs and

GeoTag regarding whether Plaintiffs' own conduct, products, and/or services infringe the '474

patent.

## PARTIES

4.      Plaintiff Microsoft Corporation is a Washington corporation, with its principal

place of business located at One Microsoft Way, Redmond, WA 98052.

5.      Plaintiff Google Inc. is a Delaware corporation, with its principal place of

business located at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

6.      On information and belief, Defendant GeoTag, Inc. ("Defendant") is a Delaware

corporation with a place of business located at 555 Republic Drive, Suite 200, Plano, TX 75074.

## JURISDICTION AND VENUE

7.      The Court has subject matter jurisdiction over this action under 28 U.S.C.

§§ 2201, 1331 and 1338(a) because this action arises under the patent laws, and seeks relief

under the Federal Declaratory Judgment Act.

8.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c) because

GeoTag is a Delaware corporation.

## HISTORY OF THE '474 PATENT

9.      GeoTag alleges to own the '474 Patent, entitled "Internet Organizer for Accessing

Geographically and Topically Based Information."  A copy of the '474 Patent is attached hereto

as **Exhibit A**.

10.     The '474 Patent relates generally to systems and methods that allow users to

search a remote database that links varied "topics" to various geographic areas.

11.     The '474 Patent issued to Z Land LLC of Santa Ana, California on July 27, 1999. The '474 Patent identifies the inventors as Peter D. Dunworth, John W. Veenstra, and Joan Nagelkirk, all of California.  On information and belief, John W. Veenstra was Chairman of the Board, Chief Executive Officer, and a director for Z Land LLC.

12.     The '474 Patent has changed ownership at least 5 times.  Assignees of the '474 Patent have included entities based in Liechtenstein, Switzerland, the West Indies, and the British Virgin Islands.

13.     All on information and belief:  An entity called Z Land, Inc. purported to be a successor in interest to the '474 Patent from Z Land LLC.  Z Land, Inc. assigned the '474 Patent to Cityhub.com, Inc. of Aliso Viejo, California on or about August, 24, 1999.  John W. Veenstra was President and Chief Executive Officer of Cityhub.com.

14.     All on information and belief:  Cityhub.com, Inc. assigned the '474 Patent to Labranza Est, a Liechtenstein trust, located in Schann, Liechtenstein on or about January 28, 2003.  John W. Veenstra was associated with Labranza Est.

15.     On information and belief:  John W. Veenstra and Jason Galanis were involved in forming Yellowone Investments, an English Wales Corporation, with an office in Lugano-Agno, Switzerland, at least for the purpose of monetizing the '474 Patent.

16.     On information and belief, Labranza Est assigned the '474 patent to Yellowone Investments on or about June 15, 2006.

17.     All on information and belief:  Yellowone Investments changed its name to Geomas (International) Limited in or about January 2007.  John W. Veenstra was named Managing Director and Chief Innovation Officer for Geomas (International) Limited in or about February 2007.

18.     All on information and belief:  John W. Veenstra was Chief Executive Officer of GeoTag Management Group LLC, which was a licensee of the '474 Patent.  GeoTag Management Group LLC sublicensed the '474 Patent to M2 International, Ltd. on or about July 1, 2008.  M2 International, Ltd. sublicensed the '474 Patent to Zland America, Inc.  Zland America, Inc. was a subsidiary of GeoTag Management Group LLC.

19.     All on information and belief:  Geomas (International) Limited assigned the '474 patent to M2 Global Ltd. of St. John's, Antigua on or about February 29, 2009.  M2 International, Ltd. and M2 Global Ltd. were related entities.  M2 Global Ltd. paid GeoMas an aggregate consideration of nearly $119M for the '474 Patent and some other intellectual property.

20.     On information and belief, M2 Global, Ltd. changed its name to Ubixo Ltd. in or about April, 2010.

21.     All on information and belief:  Ubixo Inc. was formed as a British Virgin Islands subsidiary of Ubixo Ltd. on or about July 1, 2010.  Ubixo Inc. was spun off from Ubixo Ltd. as a standalone, independent operating entity on or about July 12, 2010.

22.     On information and belief, Ubixo Ltd. assigned the '474 patent to Ubixo Inc. on or about July 12, 2010.

23.     On information and belief, Ubixo Inc. reincorporated as a Delaware corporation on or about July 16, 2010 and changed its name to GeoTag Inc.

24.     On information and belief, John W. Veenstra became Chief Executive Officer of GeoTag in December 2010.

**GEOTAG'S BUSINESS**

25.     GeoTag has filed a Form S-1 Registration Statement with the Securities and

Exchange Commission ("SEC") in preparation for offering shares in the company in an initial

public offering.

26.     GeoTag has filed a document entitled "Amendment No. 2 to Form S-1

Registration Statement" ("Amendment No. 2") with the SEC.  In Amendment No. 2, GeoTag

represents that it is "focused on licensing opportunities with companies whose web sites contain

a geography-specific locator function (also known as a product locator, dealer locator or store

locator).  The companies whose websites utilize this function span a variety of industrial sectors.

This function allows visitors of a company's website to conveniently find the closest location at

which they can buy the company's particular products or services.  The locator function may be

found on the websites of manufacturers, wholesalers, retailers and service providers."

27.     Further, in Amendment No. 2, GeoTag describes that "[o]ur primary business

strategy is to license and enforce our patented technology."

**MICROSOFT'S AND GOOGLE'S CUSTOMERS**

28.     Plaintiffs Microsoft and Google each provide web-based mapping products and

services to customers.  Microsoft provides Bing Maps and related products and services, and

Google provides Google Maps and related products and services (collectively "Mapping

Services").

29.     Plaintiffs' customers use these Mapping Services to create customized maps for

display on their websites, including interactive, Google- or Microsoft-generated maps that

display the locations of the customers' retail stores or places of business.  Visitors to the

customers' websites can and do use the interactive maps embedded on the websites to, for

example, find the customers' retail stores or places of business located within a particular

distance from a chosen location (*e.g.*, within 25 miles of a particular zip code). Plaintiffs have

published articles providing instructions on how to use their Mapping Services to create store

locators. *See, e.g.*, **Exhibit B**.

30.     To create a store locator, Plaintiffs' customers access the Mapping Services stored

on Plaintiffs' servers. The Mapping Services include a geocoding service that converts

customer-provided addresses into geographic coordinates (*e.g.*, latitude and longitude). The

Mapping Services return geographic and other information to a customer's website in response

to queries from users of the website. The Mapping Services are a material component of the

store locator displayed on the customers' websites.

31.     Plaintiffs also provide data-hosting services that can be used as part of or in

connection with their Mapping Services. For example, for some customers, Plaintiffs host on

their own servers all of the customer data (*e.g.*, physical addresses of the customer's retail stores)

needed to display a store locator on the customer's website. In other words, the customer data

about where stores are located <u>and</u> the Mapping Services software needed to return results based

on this data, reside entirely on and operate on Google's or Microsoft's servers. The hosted

customers' websites simply access the results that are generated by Plaintiffs' servers and display

those results in a Google- or Microsoft-generated map embedded on the customers' websites.

Other than the embedding of this result into their website, hosted customers do not combine that

data with any non-Google/Microsoft product, data, or business process to display the store

locator.

## GEOTAG'S LAWSUITS AGAINST PLAINTIFFS' CUSTOMERS

32.     Before Plaintiffs filed their original Complaint, GeoTag sued many of Plaintiffs'

customers, including some of whom were hosted customers, in the United States District Court

for the Eastern District of Texas, Marshall Division (hereinafter the "Texas Actions") for

allegedly infringing the '474 patent by using Plaintiffs' Mapping Services to display store

locators on their websites.  *See, e.g.,* Case Nos. 2:10-cv-00265; 2:10-cv-00569; 2:10-cv-00570;

2:10-cv-00571; 2:10-cv-00572; 2:10-cv-00573; 2:10-cv-00574; 2:10-cv-00575; 2:10-cv-00587.

33.     GeoTag alleged, as to all of Plaintiffs' customers accused of infringement, that the

customers "infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising

the making, using, selling and/or offering for sale in the United States systems and methods

which comprise associating on-line information with geographic areas and which are covered by

one or more claims of the '474 patent."  GeoTag further alleged that, for each customer, the

accused "systems and methods comprise the Store Locator at [customer website]."

34.     Some of the customers that GeoTag accused of infringement in the Texas Actions

were hosted customers.  For example, OfficeMax, Inc. ("OfficeMax") has been a Google hosted

customer since at least as early as November 2010.  OfficeMax stores customer data, including

store locations, in Google Fusion Tables, which are part of Google's Mapping Services and are

hosted entirely on Google's servers.  In December 2010, GeoTag accused OfficeMax of

infringing the '474 by displaying a store locator on its website.  *See* Case No. 2:10-cv-00574-

MHS, D.I. 1 (E.D. Tex. Dec. 18, 2010).

35.     GeoTag also accused Microsoft customers including, but not limited to, Best

Buy.com LLC, CVS Pharmacy, Inc., Yum Brands, Inc. (including its brands KFC Corp., Pizza

Hut, Taco Bell Corp., Long John Silver's and A&W Restaurants), Petco Animal Supplies Inc.,

Petco Animal Supplies Stores, and Target Corporation.  Each of these customers were Microsoft-hosted customers.  Each of these customers stored their store-locator related data on Microsoft servers, and Microsoft provided the Mapping Services for these customers.  GeoTag accused each of these customers of infringing the '474 patent by displaying a store locator at their websites.  *See, e.g.,* Case Nos. 2:10-cv-570; 2:10-cv-571; 2:10-cv-574; 2:10-cv-575.

36.     GeoTag's allegations against Plaintiffs' customers are implied assertions of infringement against Plaintiffs themselves, because, as to all customers, Plaintiffs' Mapping Services are a material component of the store locators accused of infringement, and Plaintiffs have published articles providing instructions on how to use their Mapping Services to create such store locators.  Furthermore, as to Plaintiffs' hosted customers, Plaintiffs' Mapping Services are the <u>only</u> component that could possibly be accused of infringing any claim of the '474 patent because the customer data and software needed to display a store locator on the hosted customers' websites reside entirely on Plaintiffs' servers.  Plaintiffs' hosted customers do not use any non-Google/Microsoft technology in connection with the accused store locator service, and Plaintiffs—not their hosted customers—perform all of the steps that GeoTag could accuse of infringing the '474 patent.  Thus, GeoTag's accusations of infringement by Plaintiffs' customers, including the hosted customers, are implied accusations of infringement by Plaintiffs.

37.     Based on GeoTag's assertions that Plaintiffs' customers, including hosted customers, infringed the '474 patent by using Plaintiffs' Mapping Services, Plaintiffs' customers in the Texas Actions sought indemnity and defense from Plaintiffs relating to the Texas Actions.

38.     Plaintiffs also face potential new demands from additional customers, hosted or not, who are currently being sued, or will be sued in the future, by GeoTag.

39.     In light of the foregoing facts, there is a substantial controversy of sufficient immediacy between Plaintiffs and GeoTag regarding Plaintiffs' non-infringement of the '474 patent, and invalidity of the '474 patent, to warrant the issuance of a declaratory judgment.

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment of Patent Invalidity – 35 U.S.C. §§ 101 et seq.)

40.     Plaintiffs re-allege and incorporate paragraphs 1 to 38 as if fully set forth herein.

41.     The '474 Patent is invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, one or more of §§ 101, 102, 103, and 112.

42.     The '474 Patent is invalid because, among other things, there is prior art, not considered by the U.S. Patent and Trademark Office in issuing the patent, that anticipates the claims.

43.     Plaintiffs seek and are entitled to a declaratory judgment that all claims in the '474 Patent are invalid.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement)

44.     Plaintiffs re-allege and incorporate paragraphs 1 to 42 as if fully set forth herein.

45.     Plaintiffs provide Mapping Services to customers.

46.     GeoTag has alleged that Plaintiffs' customers, including hosted customers, infringe the '474 patent by displaying store locators on their websites.  Plaintiffs' systems are a material component of the store locators that GeoTag accuses of infringement, and Plaintiffs have published articles providing instructions on how to use their Mapping Services to create store locators.  Furthermore, as to Plaintiffs' hosted customers, Plaintiffs' Mapping Services are

the only component that could possibly be accused of infringing any claim of the '474 patent because the customer data and Mapping Services software needed to display a store locator on the hosted customers' websites reside entirely on Plaintiffs' servers.  Therefore, GeoTag's allegations against Plaintiffs' customers, including hosted customers, are implied assertions of infringement (indirect or direct) against Plaintiffs themselves.

47.     Neither Plaintiffs nor their customers infringe any valid claim of the '474 Patent.

48.     Plaintiffs seek and are entitled to a declaratory judgment that the Mapping Services they provide or make available to customers do not directly or indirectly infringe any claim of the '474 patent.

### REQUEST FOR RELIEF

49.     WHEREFORE, Plaintiffs respectfully request the Court to enter judgment in their favor and against GeoTag as follows:

i)     For judgment that the '474 Patent, and each of the claims therein, are invalid;

ii)     For judgment that Microsoft's Bing Maps products and services do not infringe any valid claim of the '474 Patent;

iii)     For judgment that Google's Google Maps service does not infringe any valid claim of the '474 Patent;

iv)     For a preliminary and permanent injunction precluding GeoTag, its officers, directors, employees, agents and all other persons acting in concert or participation with them from suing for infringement or otherwise asserting infringement of the '474 Patent against Plaintiffs' Mapping Services or the customers who use them for store locators or other locators on websites;

  v)  For costs and reasonable attorneys' fees incurred in connection with this action; and

  vi)  For such other and further relief as the Court deems just.


          Respectfully submitted,

OF COUNSEL:       POTTER ANDERSON & CORROON LLP

Robert A. Van Nest      By: */s/ Richard L. Horwitz*
Asim M. Bhansali         Richard L. Horwitz (#2246)
KEKER & VAN NEST LLP     David E. Moore (#3983)
633 Battery Street        Erich W. Struble (#5394)
San Francisco, CA 94111-1809    Hercules Plaza, 6th Floor
Tel: (415) 391-5400       1313 N. Market Street
             Wilmington, DE 19801
Michael A. Berta        Tel: (302) 984-6000
Maulik G. Shah         rhorwitz@potteranderson.com
ARNOLD & PORTER LLP     dmoore@potteranderson.com
Three Embarcadero Center, 7th Floor  estruble@potteranderson.com
San Francisco, CA 94111
Tel: (415) 471-3100       *Attorneys for Plaintiff and Counterclaim-*
             *Defendant Google Inc*
OF COUNSEL        CONNOLLY GALLAGHER LLP

Grant Kinsel         By: */s/ Arthur G. Connolly, III*
Judy Jennison          Arthur G. Connolly, III (#2667)
PERKINS COIE LLP       1000 North West Street, 14th Floor
1201 Third Avenue, Suite 4900    Wilmington, DE 19801
Seattle, WA 98101       Tel: (302)757-7300
Tel: (206) 359-8000       aconnolly@connollygallagher.com
gkinsel@perkinscoie.com
jjennison@perkinscoie.com     *Attorneys for Plaintiff and Counterclaim-*
             *Defendant Microsoft Corp.*
Dated: July 17, 2014
1159581 / 40718

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on July 17, 2014, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on July 17, 2014, the attached document was electronically mailed to the following person(s)

Sean T. O'Kelly
O'Kelly Ernst & Bielli, LLC
901 North Market Street, Suite 1000
Wilmington, DE 19801
sokelly@oeblegal.com
*Attorneys for Defendant GeoTag, Inc.*

Paul J. Hayes
Samiyah Diaz
Hayes Messina Gilman & Hayes, LLC
300 Brickstone Square, 9th Floor
Andover, MA 01810
phayes@hayesmessina.com
sdiaz@hayesmessina.com
*Attorneys for Defendant GeoTag, Inc.*

Joseph P. Messina
Anthony Miele
Dean G. Bostock
Hayes Messina Gilman & Hayes, LLC
200 State Street, 6th Floor
Boston, MA 02109
jmessina@hayesmessina.com
amiele@hayesmessina.com
dbostock@hayesmessina.com
*Attorneys for Defendant GeoTag, Inc.*

By:  */s/ Richard L. Horwitz*
    Richard L. Horwitz
    David E. Moore
    Erich W. Struble
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, Delaware 19801
    (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com
    estruble@potteranderson.com

1117764 / 40718