IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**Microsoft Corporation, et. al.,**

Plaintiffs,

v.

Civil Action No. 11-175-RGA

**GeoTag, Inc.,**

Defendant.

MEMORANDUM ORDER

Presently before the Court is Defendant GeoTag, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint For Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1). (D.I. 497). This issue has been fully briefed. (D.I. 498, 501, 505). An earlier motion to dismiss on similar grounds was previously before the Court. (D.I. 478). On June 16, 2014, the Court requested supplemental letter briefing on whether Plaintiffs could amend the complaint to address any deficiencies regarding subject matter jurisdiction. (D.I. 491). After receiving that briefing (D.I. 492, 493), the Court gave Plaintiffs leave to amend their complaint. (D.I. 494). On July 17, 2014, Plaintiffs filed an amended complaint. (D.I. 496). Defendant then filed the instant motion.

This litigation originated from litigation in the Eastern District of Texas, where, in December 2010, GeoTag sued more than 300 entities in ten separate complaints. (D.I. 1 at 5). The suits were based on store locator services used by the entities but, for some of the defendants, provided by Microsoft and Google. In response to GeoTag's suits, Google and Microsoft filed a declaratory judgment action against GeoTag in this Court. *Id.* On April 29, 2011, GeoTag filed a Motion to Dismiss for lack of subject matter jurisdiction under Fed. R. Civ.

1

P. 12(b)(1). (D.I. 10). The Court denied GeoTag's motion, finding that there was subject matter jurisdiction. (D.I. 28).

On February 13, 2012, GeoTag counterclaimed that the Plaintiffs directly infringed the '474 patent. (D.I. 36). These counterclaims enlarged the scope of the suit from the determination of whether the '474 patent as used by Google and Microsoft's customers infringed, to whether or not Google and Microsoft's internal use of various systems, including their ad serving systems, directly infringed the patent. *Id.* GeoTag never conditioned its assertion of any of the counterclaims on an ultimate appeal of the Court's jurisdictional finding.

On May 30, 2013, GeoTag granted Google and Microsoft a covenant not to sue based upon their provision of store locator-related services to customers. (D.I. 467-1 at 2-4; D.I. 482-1 at 102-04). Following these stipulations, GeoTag proceeded with its infringement counterclaims against both Google and Microsoft. (D.I. 296; D.I. 323). The Court granted Google's motion for summary judgment of non-infringement. (D.I. 470).[1]

The parties now disagree whether the First Amended Complaint satisfies the tests for subject matter jurisdiction set forth in *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007), and *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899 (Fed. Cir. 2014). The Defendant maintains that "this Court has at all times lacked subject matter jurisdiction over all matters *sub judice* in this case. The minimal additional allegations included in the Amended Complaint do not create subject matter jurisdiction." (D.I. 498 at 5). Conversely, the Plaintiffs maintain that "GeoTag's Texas lawsuits implied an assertion of both indirect and direct infringement against Google and Microsoft, and a live controversy therefore existed as to the Google and Microsoft products accused by GeoTag's Texas lawsuits against their customers." (D.I. 501 at p. 1).

---

[1] Microsoft's case was severed and trailed Google's in the schedule. Microsoft's case has since been essentially stayed. (D.I. 483).

2

The test for subject matter jurisdiction in a declaratory judgment action is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127. Google and Microsoft contend that GeoTag's lawsuits in the Eastern District of Texas against Google and Microsoft's customers were implied assertions of direct and indirect patent infringement. Google and Microsoft further contend that under *MedImmune*, those implied infringement assertions created a justiciable dispute. GeoTag argues that there is no such theory of an implied assertion of direct infringement, and that there was no implied assertion of indirect infringement.

In the Eastern District of Texas, GeoTag sued customers to which Google and Microsoft provide mappings services that those customers use to display store locator maps on their websites, as well as so-called hosted customers to which Google and Microsoft additionally host the data that feeds into the mapping services. Plaintiffs contend that GeoTag's lawsuits against these customers created an actual controversy under two theories: first, that GeoTag's allegations against Plaintiffs' customers constituted an implied assertion of indirect[2] infringement against Plaintiffs; second, that GeoTag's allegations against Plaintiffs' hosted customers also constituted an implied assertion of direct infringement.

GeoTag disputes Plaintiffs' implied assertion of direct infringement because it "would mean that the patentee made incorrect allegations of direct infringement against a customer that, unbeknownst to the patentee, would constitute implied assertions of direct infringement against the supplier." (D.I. 498 at 13). I disagree. Section 271(a) imposes liability for infringement against one who "makes, uses, offers to sell, or sells," a patented invention. 35 U.S.C. § 271(a).

---

[2] While not expressly stated, this is an induced infringement theory.

It is entirely possible that a customer and vendor can both directly infringe a patent based upon the same conduct.[3] GeoTag argues, "Plaintiffs would have to prove not just that they performed each and every step of the claim, but, as with an implied assertion of indirect infringement, that GeoTag had alleged Plaintiffs' hosting of customers' data or functionality performed each and every element of any claim of the '474 Patent." (D.I. 498 at 13). I do not think GeoTag's allegations and Plaintiffs' proof are determinative of the jurisdictional issue. Rather, in determining whether a case or controversy exists, "we look to the elements of the potential cause of action." *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 904-05 (Fed. Cir. 2014). There only need be "a reasonable potential that such a claim could be brought." *Id.* at 905. GeoTag could just as easily have asserted a claim of direct infringement against Google and Microsoft, based on the same underlying circumstances in the customer suits. An express accusation by GeoTag was unnecessary. *Arris Grp., Inc. v. British Telecommunications PLC*, 639 F.3d 1368, 1379 (Fed. Cir. 2011). There was a "reasonable potential" of such a suit, and therefore I find that there is subject matter jurisdiction.

Additionally, I find that there is subject matter jurisdiction based on an implied assertion of induced infringement. "[T]o establish a substantial controversy regarding inducement, there must be allegations by the patentee or other record evidence that establish at least a reasonable potential that such a claim could be brought." *DataTern*, 755 F.3d at 905. In *DataTern*, the Federal Circuit held that claim charts provided to customers of the declaratory judgment plaintiff were sufficient to establish an implied assertion of indirect infringement. *Id.* The claim charts

---

[3] I also disagree with GeoTag's argument that allowing declaratory judgment actions in such a scenario should be disfavored. The Court does not see any legal impediment to allowing a declaratory judgment action simply because a plaintiff has sued a customer where it could have sued the vendor. *See Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990) (describing customer suit exception to the first-filed rule); *Delphi Corp. v. Automotive Technologies International, Inc.*, 2008 WL 2941116 (E.D. Mich. 2008).

4

showed that the declaratory judgment plaintiff provided its customers with necessary components to infringe and cited to guides and documentation provided by the declaratory judgment plaintiff. The Federal Circuit noted that, "Providing instructions to use a product in an infringing manner is evidence of the required mental state for inducing infringement. Considering these instructions in view of the rest of the evidence on record, we conclude that [the declaratory judgment plaintiff] has established that there existed a substantial controversy regarding whether [the declaratory judgment plaintiff] induces infringement." *Id.* (internal citation omitted).

GeoTag does not dispute that Google and Microsoft were aware of the '474 patent. Nor does GeoTag contest the fact that Google provided articles on how to create store locators.[4] (*See* D.I. 496-1 Ex. B, D.I. 504-1 Ex. 1 & 2). GeoTag states that, "The issue is whether there is an implied assertion of induced infringement *by GeoTag.*" (D.I. 505 at p. 4) (emphasis in original). I do not think this is entirely correct. It is the "objective words and actions of the patentee that are controlling." *Hewlett-Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1363 (Fed. Cir. 2009). Put another way, "it is the reality of the threat... not the [declaratory judgment] plaintiff's subjective apprehensions." *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1338-39 (Fed. Cir. 2008). Yet the inquiry must go both ways. The scope of the inquiry can just as easily be understood as what an objective supplier would infer based upon the underlying customer suit. It does not matter what GeoTag intended to imply. Here, Plaintiffs, aware of the allegations against their customers, and the factual circumstances surrounding those allegations, as well as the existence of documentation supporting the state of mind necessary for induced infringement, established a "reasonable potential" that GeoTag could have brought induced infringement claims.

---

[4] GeoTag contests the dates of one of the articles because it states, "Last updated June 24, 2014." (D.I. 504-1 at 17). Yet the article title makes clear that it was originally published in August 2009. (D.I. 504-1 at 5).

5

I therefore find subject matter jurisdiction under an implied assertion of direct and indirect infringement.

Alternatively, even if there were no subject matter jurisdiction over the original declaratory judgment complaint, there would still be an independent basis for subject matter jurisdiction over the counterclaims.[5] GeoTag contends that the counterclaims were compulsory, and therefore should be dismissed if the declaratory judgment action lacks subject matter jurisdiction. Plaintiffs contend that the counterclaims were permissive, and therefore, under Third Circuit law, form an independent basis for jurisdiction. I agree with Plaintiffs. It is generally true "that when the same patent is at issue in an action for declaration of noninfringement, a counterclaim for patent infringement is compulsory and if not made is deemed waived." *Polymer Indus. Products Co. v. Bridgestone/Firestone, Inc.*, 347 F.3d 935, 938 (Fed. Cir. 2003) (citing *Vivid Technologies, Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 802 (Fed. Cir. 1999)). However, in arriving at this general rule, the Federal Circuit in *Vivid* discussed the four bases for finding a counterclaim compulsory: "(1) whether the legal and factual issues raised by the claim and counterclaim are largely the same; (2) whether, absent the compulsory counterclaim rule, res judicata would bar a subsequent suit on the counterclaim; (3) whether substantially the same evidence supports or refutes both the claim and counterclaim; or (4) whether there is a logical relation between the claim and counterclaim." *Vivid*, 200 F.3d at 801. The Federal Circuit stated that, "A counterclaim for patent infringement, in an action for declaration of non-infringement of the same patent, readily meets all four of these criteria." *Id.*

---

[5] It is not entirely clear that a decision that the Court lacked subject matter jurisdiction over the Plaintiffs' claims in their original declaratory judgment complaint would have any practical effect. The subject of that litigation was resolved by agreement of the parties more than a year ago. What is really disputed is the viability of the counterclaims.

Indeed, when the same product is the subject of the declaratory judgment action and the infringement counterclaim, the counterclaim is clearly compulsory. *See Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1326 (Fed. Cir. 2008) ("Thus, two claims for patent infringement do not arise from the same transactional facts unless the accused devices in each claim are 'essentially the same.'") (internal citation omitted). Here, Google and Microsoft filed the declaratory judgment action seeking a declaration of noninfringement relating to their provision of store locator services. GeoTag's counterclaims accused Google's AdWords and AdWords Express, completely separate products. (D.I. 414 at 6, 7). Had GeoTag not filed its counterclaims against Google's AdWords products, GeoTag would not have been precluded from later bringing suit against those products. I see no reason why a counterclaim should be labeled permissive in a traditional patent suit but the very same counterclaim be labeled compulsory in the context of a declaratory judgment. *See Fujitsu Ltd. v. Tellabs Operations, Inc.*, 2013 WL 361810, at *5 (N.D. Ill. Jan. 30, 2013); *Coca-Cola Co. v. Pepsi-Cola Co.*, 500 F. Supp. 2d 1364, 1376-77 (N.D. Ga. 2007) ("The better approach, and one that is consistent with both *Polymer Industrial Products* and *Vivid Technologies*, is to limit the preclusive effect of Rule 13(a) to infringement claims concerning those products that were explicitly or impliedly placed in issue by a non-infringement claim in the prior case.").

Applying the four factors set forth in *Vivid*, I find that the counterclaims drawn to different products are permissive, not compulsory. First, the legal and factual issues raised by the claim and counterclaim are different because the accused products are different, which presents different factual infringement issues. Second, under *Acumed*, res judicata would not bar a subsequent suit on the counterclaim. Third, the evidence supporting or refuting the claim and counterclaim are different, again because the accused products are different. Fourth, while there

is some logical relation between the claim and counterclaim, since they involve the same patent, it is not a strong relationship. Plaintiffs' claims seek to clarify legal liability for services rendered by Plaintiffs to their customers. Defendant's counterclaims are based on separate, and solely internal, actions by Plaintiffs.

I find that GeoTag's counterclaims were permissive, and not compulsory. I therefore retain subject matter jurisdiction over them. *See Rengo Co. Ltd. v. Molins Mach. Co., Inc.*, 657 F.2d 535, 539 (3d Cir. 1981) ("[A] jurisdictional defect in the complaint will not preclude adjudication of a counterclaim over which the court has an independent basis of jurisdiction."). GeoTag does not dispute that Third Circuit law allows for subject matter jurisdiction over permissive counterclaims, but argues that Federal Circuit law applies because patent law warrants a uniform national rule. I agree that Federal Circuit law applies to whether the counterclaims are permissive or compulsory, and I applied Federal Circuit law in determining that they are permissive. Whether I retain subject matter jurisdiction over a permissive counterclaim is a procedural issue to which Federal Circuit law does not apply. *See Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1279 (Fed. Cir. 2012) ("This court generally reviews application of the Federal Rules of Civil Procedure by applying the law of the regional circuit."). I therefore apply Third Circuit law to find subject matter jurisdiction over GeoTag's permissive counterclaims.

Defendant GeoTag, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint For Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1) (D.I. 497) is **DENIED**.

Entered this 29th day of August, 2014.

*Richard G. Andrews*
United States District Judge

8