

1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
302 984 6000
www.potteranderson.com

**Richard L. Horwitz**
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027  Direct Phone
302 658-1192  Fax

September 30, 2014

**VIA ELECTRONIC FILING**

The Honorable Richard G. Andrews
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE  19801

      Re:    *Microsoft Corporation, et al. v. GeoTag, Inc.*, C.A. No. 11-175-RGA

Dear Judge Andrews:

      Google Inc. ("Google") submits this letter to notify the Court that, as explained in Google's Unopposed Motion to Sever, D.I. 513, Google has concerns about the effect that Microsoft and GeoTag's Stipulation of Dismissal ("the Stipulation"), D.I. 515, would have on the finality of judgment in this action, as well as concerns about the clarity of the Stipulation with respect to its impact on Google's rights.

      Google therefore requests that the Court either (1) direct Microsoft and GeoTag to submit a simple dismissal without prejudice, if they choose to do so, and to leave the remaining issues between them to a private stipulation or covenant; or (2) first sever Google before entering the Stipulation that GeoTag and Microsoft seek, and also add to the Stipulation that it in no way affects Google's rights or any claims asserted by or against Google.

      *First*, Google's concern is that the provision in the Stipulation that would transform an initial dismissal of the Microsoft-related claims *without prejudice* into a dismissal *with prejudice* following potential after-occurring events raises questions about whether the judgment as to Microsoft would truly be final.  In particular, the Stipulation provides that if the Court's summary judgment Order in favor of Google is affirmed on appeal, the dismissal changes from *without prejudice* to *with prejudice*.  This post-entry change in the character of the judgment raises questions as to the finality of the Stipulation.  Moreover, so long as the Google and Microsoft claims are not severed, the questions about finality related to the Microsoft Stipulation would apply to any judgment on the Google-related claims as well.  At present, Google is not aware of any case that has arisen in this posture.  Google is thus concerned that the Federal

September 30, 2014
Page 2

Circuit might dismiss an appeal, even at a late stage, for lack of finality. Thus, severance of the Microsoft action from the Google action under Rule 21 is the most efficient way to address those concerns and create a final, appealable judgment as to the Google-related claims.[1] *See* D.I. 513.

*Second*, Google also has concerns about a lack of clarity in the language of the Stipulation. Google and Microsoft jointly filed an Amended Complaint that includes a single count for a declaration of invalidity and a single count for a declaration of non-infringement. D.I. 496 at 10-11. While Google understands that Microsoft and GeoTag intend the Stipulation to address only the Microsoft-related claims, Google is concerned that the Stipulation fails to make sufficiently clear that it has no effect on any of Google's remaining claims. In particular, Google has not agreed—and would not agree—to dismiss its invalidity claim *with prejudice*, whether by operation of law or otherwise. Rather, as stated at the final pretrial conference and again in Google's Motion to Sever, Google would dismiss its invalidity claim *without prejudice*. *See* D.I. 474 at 4:15-5:1; D.I. 513 at 1, 3-4. Thus, it is imperative from Google's perspective that any judgment that might effect a dismissal of invalidity claims *with prejudice* include a clear provision stating that it does not apply to Google's claims. While severance under Rule 21 would create separate actions and thus mitigate any likely confusion, Google still requests that the Court enter the following clarification if it enters the Stipulation: "Nothing in this stipulation shall be interpreted as affecting any of the Google-related claims in this action."

Finally, Google would note that it has previously raised both these concerns with counsel for GeoTag and Microsoft. Google does not believe there is any substantive dispute between the parties on these issues, but instead understands that Microsoft and GeoTag may not share Google's two concerns described above.

Google's counsel are available for a conference at the Court's convenience, should the Court have any questions.

Respectfully,

*/s/ Richard L. Horwitz*

Richard L. Horwitz

cc: Clerk of the Court (via hand delivery)
    Counsel of Record (via electronic mail)

---

[1] Alternatively, if the Court declines to grant Google's Unopposed Motion for Severance, Google respectfully requests that the Court order Microsoft and GeoTag to revise the Stipulation to erase any doubts as to finality. For example, Microsoft and GeoTag could submit a simple dismissal without prejudice for the Court to enter, while simultaneously executing a private covenant that would transform that dismissal into a dismissal with prejudice if the Court's summary judgment Order in favor of Google is affirmed on appeal. Such an approach would accomplish the same result as the current Stipulation without raising concerns as to the finality of judgment.

867480.01